UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 MAR 10 A 9:33

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

JOHN ASHTON, }

    PLAINTIFF, }

VS. } CIVIL ACTION NO: CV-2006-_____
                                  "Demand for Jury Trial"

FLORALA MEMORIAL HOSPITAL;         2:06CV226-D
BLAIRE HENSON; RUSSELL }
PAGE, M.D.; and SAMUEL
E. POPPELL, M.D. }

    DEFENDANTS. }

## COMPLAINT

1.     This action arises under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd, as hereinafter more fully appears.

2.     The Defendant, Florala Memorial Hospital, is a 'participating hospital' as defined in 42 U.S.C. § 1395dd(e)(2).

3.     The Defendant, Russell Page, M.D. is upon information and belief a resident of Covington County, Alabama. Dr. Page was the attending Emergency Room Doctor on-call at Florala Memorial Hospital when the Plaintiff sought treatment for his emergency medical condition.

4.     The Defendant, Samuel E. Poppell, is a resident of Walton County, Florida. Dr. Poppell is the optometrist to whom the Plaintiff was transferred for treatment by Florala Memorial Hospital and Dr. Page. In personam jurisdiction is proper for Dr. Poppell because he had

Page 1 of 9

'minimum contacts' with Alabama in that he accepted the initial transfer of the Plaintiff. In doing so, Dr. Poppell purposefully availed himself with Alabama by accepting patients from Alabama in an attempt to make money off of Alabama residents. Therefore, it is foreseeable that Dr. Poppell's actions in accepting Alabama patients could make him amenable to suit in Alabama. This Court's exercise of jurisdiction over Dr. Poppell does not offend 'notions of fair play and substantial justice' in that: 1) this claim arises from activity in the state; 2) Dr. Poppell has systematic and continuous activity in this State; 3) this forum would not inconvenience Dr. Poppell in that Walton County borders Alabama; and 4) Alabama has a legitimate interest in providing redress for its citizens.

5. The Defendant, Blaire Henson, is upon information and belief a resident of Covington County, Alabama and is the hospital administrator at Florala Memorial Hospital.

## CLAIM ONE

6. Plaintiff hereby incorporates Paragraphs 1-5 as if set out here in full.

7. On or about March 12, 2004, the Plaintiff, **John Ashton,** sought emergency medical treatment of his left eye from the Defendants. The Defendants failed to provide such further medical examination and such treatment as was required to stabilize the Plaintiff's medical condition in violation of the Emergency Medical Treatment and Active Labor Act.

8. Damages include but are not limited to the following:

    a. past and future medical bills;

    b. past, present and future personal injury;

    c. extreme emotional duress and mental anguish;

    d.    past, present and future pain and suffering;

    e.    lost wages; and

    f.    permanent disability and injury.

Wherefore Plaintiff demands judgment against Defendants in an amount of compensatory and punitive damages to exceed $250,000.00, together with interest, attorney's fees, and costs of court.

## CLAIM TWO

9.    Plaintiff hereby incorporates Paragraphs 1-8 as if set out here in full.

10.    On or about March 12, 2004, the Plaintiff, **John Ashton**, sought emergency medical treatment of his left eye from the Defendants. The Defendants failed to perform an 'appropriate medical screening' in that the Defendants did not offer the same screening that it would have offered to a paying patient in violation of the Emergency Medical Treatment and Active Labor Act.

11.    Damages include but are not limited to the following:

    a.    past and future medical bills;

    b.    past, present and future personal injury;

    c.    extreme emotional duress and mental anguish;

    d.    past, present and future pain and suffering;

    e.    lost wages; and

    f.    permanent disability and injury.

Wherefore Plaintiff demands judgment against the Defendants in an amount of compensatory and punitive damages to exceed $250,000.00., together with interest, attorney's

fees, and costs of court.

## CLAIM THREE

12.     Plaintiff hereby incorporates Paragraphs 1-11 as if set out here in full.

13.     On or about March 12, 2004, the Plaintiff, **John Ashton**, presented to Defendants an emergency medical condition, more specifically, a trauma to his left eye.

14.     The Defendants failed to perform an appropriate transfer in that they failed to minimize the risks to the Plaintiff's health and transferred the Plaintiff to receiving facilities that had not agreed to accept said transfer or to provide appropriate medical treatment to the Plaintiff. The Plaintiff was transferred to four different hospitals before the medical condition to his eye was stabilized some twelve (12) hours later.

15.     Damages include but are not limited to the following:

   a.    past and future medical bills;

   b.    past, present and future personal injury;

   c.    extreme emotional duress and mental anguish;

   d.    past, present and future pain and suffering;

   e.    lost wages; and

   f.    permanent disability and injury.

Wherefore Plaintiff demands judgment against Defendant in an amount of compensatory and punitive damages to exceed $250,000.00., together with interest, attorney's fees, and costs of court.

## CLAIM FOUR

16.     Plaintiff hereby incorporates Paragraphs 1-15 as if set out here in full.

17. On or about March 12, 2004, the Plaintiff, **John Ashton,** presented to Defendants an emergency medical treatment of his left eye. The Defendants failed to stabilize the Plaintiff's medical condition before transferring him to another medical facility in violation of the Emergency Medical Treatment and Active Labor Act.

18. Damages include but are not limited to the following:
    a. past and future medical bills;
    b. past, present and future personal injury;
    c. extreme emotional duress and mental anguish;
    d. past, present and future pain and suffering;
    e. lost wages; and
    f. permanent disability and injury.

Wherefore Plaintiff demands judgment against Defendants in an amount of compensatory and punitive damages to exceed $250,000.00., together with interest, attorney's fees, and costs of court.

## CLAIM FIVE

19. Plaintiff hereby incorporates Paragraphs 1-18 as if set out here in full.

20. Plaintiff brings this action under Alabama law pursuant to 42 U.S.C dd(2)(A) of the Emergency Medical Treatment and Active Labor Act.

21. The Plaintiff relied upon the custom of the Defendants to render him emergency medical care. By receiving the Plaintiff for medical treatment, the Defendants voluntarily assumed the duty of rendering emergency medical treatment to the Plaintiff. The Defendants violated this duty by discontinuing the emergency medical care the Plaintiff

required of the Defendants.

22. Damages include but are not limited to the following:

   a. past and future medical bills;

   b. past, present and future personal injury;

   c. extreme emotional duress and mental anguish;

   d. past, present and future pain and suffering;

   e. lost wages; and

   f. permanent disability and injury.

Wherefore Plaintiff demands judgment against Defendants in an amount of compensatory and punitive damages to exceed $250,000.00., together with interest, attorney's fees, and costs of court.

## CLAIM SIX

23. Plaintiff hereby incorporates Paragraphs 1-22 as if set out here in full.

24. Plaintiff brings this action under Alabama law pursuant to 42 U.S.C dd(2)(A) of the Emergency Medical Treatment and Active Labor Act.

25. The Defendant, Florala Memorial Hospital, was negligent in appointing and/or failing to properly supervise the Defendant, Russell Page, M.D., in that Dr. Page was the emergency room physician on-call at Florala Memorial Hospital and he failed to treat and/or stabilize the Plaintiff's emergency medical condition.

26. Damages include but are not limited to the following:

   a.   past and future medical bills;

   b.   past, present and future personal injury;

   c.   extreme emotional duress and mental anguish;

   d.   past, present and future pain and suffering;

   e.   lost wages; and

   f.   permanent disability and injury.

Wherefore Plaintiff demands judgment against Defendants in an amount of compensatory and punitive damages to exceed $250,000.00, together with interest, attorney's fees, and costs of court.

### CLAIM SEVEN

27. Plaintiff hereby incorporates Paragraphs 1-26 as if set out here in full.

28. Plaintiff brings this action under Alabama law pursuant to 42 U.S.C dd(2)(A) of the Emergency Medical Treatment and Active Labor Act.

29. The Defendants engaged in outrageous conduct in refusing to treat and/or stabilize the Plaintiff's emergency medical condition when he was in dire need of their medical expertise. Said outrageous conduct being that the Defendants did not treat the Plaintiff because he did not have any medical insurance to pay for the treatment.

30. Damages include but are not limited to the following:

   a.   past and future medical bills;

   b.   past, present and future personal injury;

    c.    extreme emotional duress and mental anguish;

    d.    past, present and future pain and suffering;

    e.    lost wages; and

    f.    permanent disability and injury.

Wherefore Plaintiff demands judgment against Defendants in an amount of compensatory and punitive damages to exceed $250,000.00, together with interest, attorney's fees, and costs of court.

## CLAIM EIGHT

31. The Plaintiff hereby incorporates paragraphs 1-30 as if set out here in full.

32. Plaintiff brings this action under Alabama law pursuant to 42 U.S.C dd(2)(A) of the Emergency Medical Treatment and Active Labor Act.

33. The Defendants, Florala Memorial Hospital and Blaire Henson, were negligent or wanton in the administration and operation of their medical facilities in rendering medical services to the Plaintiff for the emergency medical condition to his left eye in that his eye was not treated or properly treated and these Defendants transferred the Plaintiff to a facility that would not or could not treat the Plaintiff's injury. .

34. Damages include but are not limited to the following:

    a.    past and future medical bills;

    b.    past, present and future personal injury;

    c.    extreme emotional duress and mental anguish;

    d.    past, present and future pain and suffering;

    e.    lost wages; and

    f.    permanent disability and injury.

Wherefore Plaintiff demands judgment against Defendants in an amount of compensatory and punitive damages to exceed $250,000.00, together with interest, attorney's fees, and costs of court.

THE POWELL LAW FIRM, P.C.

By: _____
A. Riley Powell, IV (POW029)
Post Office Drawer 969
Andalusia, Alabama 36420
205/222-4103
Attorney for Plaintiff

**\*NOTE:  PLAINTIFF DEMANDS TRIAL OF ALL ISSUES BY STRUCK JURY.**

_____
Of Counsel