UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN ASHTON, | ) |
| PLAINTIFF, | ) ) ) |
| VS. | ) CIVIL ACTION NO. CV2:06cv226-D ) |
| FLORALA MEMORIAL HOSPITAL; BLAIRE HENSON; RUSSELL PAGE, M.D. ; and SAMUEL E. POPPELL, M.D., | ) ) ) ) ) |
| DEFENDANTS. | ) ) |

## ANSWER BY FLORALA MEMORIAL HOSPITAL

COMES NOW the defendant, herein improperly designated as Florala Memorial Hospital, and for answer to the Complaint sets forth as follows:

### FIRST DEFENSE

1. The Complaint and each complaint thereof fails to recite a cognizable claim arising under the Emergency Medical Treatment and Active Labor Act for which relief can be granted as to this defendant.

2. The Complaint and each count thereof fails to state a claim against this defendant upon which relief can be granted.

### SECOND DEFENSE

The defendant herein is improperly designated as Florala Memorial Hospital. Florala Memorial Hospital is not a legal entity, and thus is improperly designated as a defendant herein.

## THIRD DEFENSE

(Admissions and Denials)

1. Paragraph 1 is a legal conclusion and thus, does not require a response by this defendant.

2. This defendant admits that it is subject to the terms and provisions of 42 U.S.C.§ 1395dd, et seq.

3. It admits that Dr. Page provided medical care and services to John A. Ashton at the emergency room of Florala Memorial Hospital on March 12, 2004. It otherwise denies the allegations of paragraph 3 of the Complaint.

4. It admits that Dr. Poppell accepted John A. Ashton as a patient on March 12, 2004 and that Mr. Ashton was transferred from Florala Memorial Hospital to the care of Dr. Poppell, an opthmalologist who practices in Fort Walton Beach, Florida. It is not called upon to admit or deny the allegations of the Complaint relating to jurisdiction of Dr. Poppell. It otherwise denies the allegations of paragraph 4 of the Complaint.

5. Admitted.

6. It is not called upon to admit or deny the allegations of paragraph 6.

7. It admits that the plaintiff, John Ashton, was brought to the emergency room from Florala Memorial Hospital on March 12, 2004 by police personnel with a complaint of trauma to the left eye for which he received appropriate screening, care and transfer. It otherwise denies the allegations of paragraph 7 of the Complaint.

8. It denies the allegations of paragraph 8 of the Complaint.

9. It is not called upon to admit or deny the allegations of paragraph 9 of the Complaint.

10. It admits that the plaintiff, John Ashton, was brought to the emergency room from Florala Memorial Hospital on March 12, 2004 by police personnel with a complaint of trauma to the left eye for which he received appropriate screening, care and transfer. It otherwise denies the allegations of paragraph 10 of the Complaint.

11. It denies the allegations of paragraph 11 of the Complaint.

12. It is not called upon to admit or deny the allegations of paragraph 12.

13. It admits that the plaintiff, John Ashton, was brought to the emergency room from Florala Memorial Hospital on March 12, 2004 by police personnel with a complaint of trauma to the left eye for which he received appropriate screening, care and transfer. It otherwise denies the allegations of paragraph 13 of the Complaint.

14. It denies the allegations of paragraph 14 of the Complaint. Further, the plaintiff has affirmatively asserted in paragraph 4 his Complaint that the patient was transferred from Florala Memorial Hospital to Dr. Samuel E. Poppell of Fort Walton Beach, Florida, who accepted the patient for the purpose of providing additional medical care and services. It otherwise denies the allegations of paragraph 14 of the Complaint.

15. It denies the allegations of paragraph 15 of the Complaint.

16. It is not called upon to admit or deny the allegations of paragraph 16 of the Complaint.

17. It admits that the plaintiff, John Ashton, was brought to the emergency room from Florala Memorial Hospital on March 12, 2004 by police personnel with a complaint of trauma to the left eye for which he received appropriate screening, care and transfer. It otherwise denies the allegations of paragraph 17 of the Complaint.

18. It denies the allegations of paragraph 18 of the Complaint.

19. It is not called upon to admit or deny the allegations of paragraph 19 of the Complaint.

20. The allegations of paragraph 20 of the Complaint are a legal conclusion, requiring no response by this defendant.

21. It admits that the plaintiff, John Ashton, was brought to the emergency room from Florala Memorial Hospital on March 12, 2004 by police personnel with a complaint of trauma to the left eye for which he received appropriate screening, care and transfer. It otherwise denies the allegations of paragraph 21 of the Complaint.

22. It denies the allegations of paragraph 22 of the Complaint.

23. It is not called upon to admit or deny the allegations of paragraph 23 of the Complaint.

24. Paragraph 24 represents a legal conclusion requiring no response by this defendant.

25. It denies the allegations of paragraph 25 of the Complaint and further asserts that the allegations of paragraph 25 do not state a violation of EMTALA.

26. It denies the allegations of paragraph 26 of the Complaint.

27. It is not called upon to admit or deny the allegations of paragraph 27 of the Complaint.

28. The allegations of paragraph 28 represent a legal conclusion, requiring no response by this defendant.

29. It denies the allegations of paragraph 29 of the Complaint.

30. It denies the allegations of paragraph 30 of the Complaint.

31. It is not called upon to admit or deny the allegations of paragraph 31 of the Complaint.

32. The allegations of paragraph 32 of the Complaint constitute a legal conclusion requiring no reply by this defendant.

33. It denies the allegations of paragraph 33 of the Complaint.

34. It denies the allegations of paragraph 34 of the Complaint.

## FOURTH DEFENSE

This defendant violated none of the terms and provisions of 42 U.S.C. §1395dd as the same apply to it.

## FIFTH DEFENSE

This defendant breached no duty which it owed to the plaintiff.

## SIXTH DEFENSE

The plaintiff may neither seek nor recover attorneys fees herein under the terms and provisions of 42 U.S.C.§ 1395dd(2)(A).

## SEVENTH DEFENSE

1. This defendant affirmatively states that it provided an appropriate medical screening in keeping with the provisions of EMTALA to determine whether an emergency medical condition existed; and, thereafter stabilized and transferred the patient in keeping with the terms and provisions of EMTALA as the same apply to it.

2. It pleads the general issue.

3. It is not guilty of the matters set out in the Complaint.

## EIGHTH DEFENSE

1. Defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to plaintiff.

2. Defendant avers that any award of punitive damages to the plaintiff in this case would be violative of the constitutional safeguards provided to defendant under the Constitution of the State of Alabama.

3. Defendant avers that any award of punitive damages to the plaintiff in this case would be violative of the constitutional safeguards provided to defendants under the Constitution of the United States of America.

4. Defendant avers that any award of punitive damages to the plaintiff in this case would be violative of the constitutional safeguards provided to the defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

5. Defendant avers that any award of punitive damages to the plaintiff in this case would be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

6. Defendant avers that any award of punitive damages to the plaintiff in this case would be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are

penal in nature and consequently, defendants are entitled to the same procedural safeguards accorded to criminal defendants.

7. It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this defendant punitive damages, which are penal in nature, yet compel defendant to disclose documents and evidence.

8. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this defendant punitive damages, which are penal in nature, yet compel defendant to disclose documents and evidence.

9. Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

   a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit or, the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection

           Clause of the Fourteenth Amendment of the United States Constitution;

e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

10. Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, on the following grounds:

a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

e) The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

f) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant.

11. An award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

12. The Complaint fails to state a claim for punitive damages under <u>Alabama Code</u> §§ 6-11-20 to 6-11-30 (1975) and is barred.

13. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this defendant punitive damages, which are penal in nature, yet compel defendants to disclose evidence.

BALL, BALL, MATTHEWS & NOVAK, P.A.


/s/Tabor R. Novak, Jr. - NOV001
As Attorneys for the Defendant
Blaire Henson

2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148
Telephone: 334/387-7680
Telecopier: 334/387-3222


CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of March, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:


A. Riley Powell, IV, Esq.
P. O. Drawer 969
Andalusia, Alabama 36420


/s/ Tabor R. Novak, Jr.