UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN ASHTON, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) CIVIL ACTION NO. CV2:06cv226-D |
| | ) |
| FLORALA MEMORIAL HOSPITAL; | ) |
| BLAIRE HENSON; RUSSELL PAGE, | ) |
| M.D. ; and SAMUEL E. POPPELL, | ) |
| M.D., | ) |
| | ) |
| DEFENDANTS. | ) |

## MOTION TO DISMISS
## BY DEFENDANT BLAIRE HENSON

COMES NOW the defendant, Blaire Henson, and moves this Court enter its order dismissing the claims of the plaintiff as to him, and for grounds would show unto the Court as follows:

1. This is an action brought by the plaintiff pursuant to the terms and provisions of the Emergency Medical Treatment and Active Labor Act (EMTALA) as codified in 42 U.S.C.§ 1395dd. (See Complaint)

2. Each Claim in the Complaint is specifically asserted as an EMTALA violation.

3. There is no provisions for civil enforcement of a personal harm claim arising under 42 U.S.C.§ 1395dd(2)(A) except as to civil action against the participating hospital.

4.      The plaintiff may neither seek nor recover damages against Blaire Henson, identified in the Complaint as the "hospital administrator" for the hospital's purported EMTALA violation.

5.      Multiple courts have recognized that the Emergency Medical Treatment and Active Labor Act does not provide the plaintiff with a private cause of action against either an individual physician nor that physician's medical corporation. Urban v. King, 783 F.Supp 560 (D.Kan. 1992); Vickers v. Nash General Hospital, Inc., (875 F.Supp 313 (E.D.N.C. 1995) affirmed 78 F.3d 139 (4th Cir. 1996); Deron v. Wilkins, 879 F.Supp 603 (S.D.Miss.P 1995). There is no legal basis for an EMTALA claim against a hospital administrator.

6.      Claims 1 through 8 of the Complaint fail to state a claim against Blaire Henson for violation of the terms and provisions of 42 U.S.C.§ 1395dd.

7.      The Complaint contains eight claims. Claims 1 through 7 contain no reference to the defendant Henson. The eighth claim which does make reference to Mr. Henson, fails to allege facts which would constitute an EMTALA violation. That claim alleges negligence or wanton conduct in the administration and operation of the medical facility in rendering medical services to the plaintiff and, transfer of the plaintiff to a facility which could not or would not treat the plaintiff's injury. Even if the defendant Henson were subject to an EMTALA claim, claim 8 fails to recite a claim upon which relief can be granted under EMTALA herein.

BALL, BALL, MATTHEWS & NOVAK, P.A.


<u>s/Tabor R. Novak, Jr. - NOV001</u>
As Attorneys for the Defendant
Blaire Henson

2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148
Telephone: 334/387-7680
Telecopier: 334/387-3222


## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of March, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

A. Riley Powell, IV, Esq.
P. O. Drawer 969
Andalusia, Alabama 36420

/s/ Tabor R. Novak, Jr.