UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN ASHTON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:06CV-226-D |
| | ) | |
| | ) | |
| FLORALA MEMORIAL | ) | |
| HOSPITAL; BLAIRE HENSON; | ) | |
| RUSSELL PAGE, M.D., and | ) | |
| SAMUEL E. POPPELL, M.D., | ) | |
| | | |
| Defendants. | | |

## BRIEF OF DR. RUSSELL PAGE IN
## SUPPORT OF MOTION TO DISMISS

Plaintiff brings this action against Defendants under the provisions of the
*Emergency Medical Treatment and Active Labor Act* ("*EMTALA*"). See, 42 U.S.C.
§§1395dd(a)-(b). Plaintiff's Complaint alleges that he presented to the emergency room
at Florala Memorial Hospital on March 12, 2004, for medical treatment involving an
injury to his left eye. Plaintiff alleges that Dr. Russell Page was the emergency room
physician on call at the hospital when the Plaintiff presented for medical treatment.
Plaintiff specifically bases each of his claims on *EMTALA*. Specifically, Plaintiff alleges
that the Defendants failed to provide "appropriate medical screening" and "failed to
stabilize the Plaintiff's medical condition" prior to transfer to the care of an
ophthalmologist in Fort Walton Beach, Florida, Dr. Poppell. (See, Complaint of Plaintiff
¶10, ¶17). In each count of Plaintiff's Complaint it is specifically averred that Plaintiff's

claims are brought under *EMTALA*.  The Court will note that each count of Plaintiff's

Complaint incorporates by reference all of the preceding allegations of each paragraph of

the Complaint so as to compound all of his allegations.

## I. STANDARD OF REVIEW

Dr. Page has filed his Motion to Dismiss pursuant to Rule 12(b)(6), *F.R.Civ.P.*  In

considering a Motion to Dismiss, the court may grant the motion where it appears from

the face of the Plaintiff's Complaint that it is clear that Plaintiff can prove no set of facts

under which relief can be granted.  A Rule 12(b)(6) motion questions the legal

sufficiency of the Plaintiff's Complaint. Therefore, in considering a Motion to Dismiss

under Rule 12(b)(6), the court must assume that the factual allegations of the Complaint

are true.  See, *United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113

L.Ed.2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459 (11th Cir. 1990); *Arrington v.*

*Dickerson*, 915 F.Supp. 1503 (M.D.Ala. 1995).  Additionally, all factual allegations are

to be construed most favorable to the Plaintiff.  *Sofarelli v. Pinellas County*, 931 F.2d

718, 721 (11th Cir. 1991).

Where it is shown that the Plaintiff cannot recover under any set of facts, a Rule

12(b)(6) motion is due to be granted.  As will be hereinafter shown, the Plaintiff in this

case cannot recover against Dr. Page, even if everything alleged in the Complaint were to

be true. Therefore, it is respectfully submitted that the Motion to Dismiss filed on behalf

of Dr. Page is due to be granted.

## II.ARGUMENT

*EMTALA* was adopted by Congress to prevent hospitals from "dumping" uninsured patients. *EMTALA* was not intended by Congress to be used as a federal malpractice statute. Instead, *EMTALA* was enacted to prevent "patient dumping," a practice of refusing to see patients who are unable to pay. See, *Marshall v. East Carroll Parish Hospital Service Dist.*, 134 F.3d 319 (5th Cir. 1998).

*EMTALA* provides a civil remedy for patients improperly discharged or transferred without meeting the requirements of the Act. However, civil liability under EMTALA is limited to hospitals. Under *EMTALA*, hospital emergency rooms are subject to two principal obligations, commonly referred to as the appropriate medical screening requirement and the stabilization requirement. See, 42 U.S.C. §1395dd (1994); *Harry v. Marchant*, 291 F.3d 767 (11th Cir. 2002). However, *EMTALA* does not provide a federal remedy against an individual physician. *Holcomb v. Monahan*, 807 F.Supp. 1526 (M.D.Ala. 1993), *aff'd* 30 F.3d 116 (11th Cir. 1994).

In *Holcomb*, the Plaintiff filed suit against Dr. Monahan and against Humana Hospital-Montgomery. In her Complaint, she alleged that the Defendants were liable to her under EMTALA for failing to adequately screen her condition and for failure to stabilize her condition prior to discharge. In granting Defendant's motion to dismiss the claims asserted by Plaintiff against Dr. Monahan, Judge Albritton wrote:

> Section 1395dd(d)(2)(A) only provides for a private claim for violation of [EMTALA] against a participating hospital. It makes no provision for a suit

against the responsible physician. Congress could as easily have provided a private remedy against a physician as against a hospital; it chose not to do so. (807 F.Supp.at 1531)

The Plaintiff appealed the dismissal of her case to the Eleventh Circuit, where the dismissal was affirmed. Thus, it is clear that no private remedy exists against a physician under *EMTALA*. Likewise, no other court has recognized a private cause of action under *EMTALA* against a physician. In *Baber v. Hospital Corp. of America*, 977 F.2d 872 (4th Cir. 1992) the court held that *EMTALA* does not give a patient a private cause of action against a physician for failure to provide appropriate medical screening examination, failure to stabilize the patient's medical condition or for transferring a patient without first providing stabilization treatment. It has been uniformly held that *EMTALA* provides a cause of action for an injured patient against a participating hospital, but not against an individual physician. *LeBron v. Ashford Presbyterian Community Hospital*, 995 F.Supp. 241 (D. Puerto Rico 1998); *Gerber v. Northwest Hospital Center*, 943 F.Supp. 571 (D.Md. 1996); *Vickers v. Nash General Hospital, Inc.*, 875 F.Supp. 313 (E.D.N.C. 1995), *aff'd,* 78 F.3d 139; *Howe v. Hull*, 874 F.Supp. 779 (N.D.Ohio 1994); *Reynolds v. Mercy Hospital* (861 F.Supp. 214 (W.D.N.Y. 1994); *Kaufman v. Cserny*, 856 F.Supp. 1307 (S.D.Ill. 1994); *Lane v. Calhoun-Liberty Hosp. Ass'n, Inc.,* 846 F.Supp. 1543 (N.D.Fla. 1994); *Helton v. Phelps County Regional Medical Center*, 817 F.Supp. 789 (E.D.Mo. 1993); *Ballachino v. Anders*, 811 F.Supp. 121 (W.D.N.Y. 1993); *Jones v. Wake County Hosp. System, Inc.*, 786 F.Supp. 538 (E.D.N.C. 1991); *Urban v. King*, 783 F.Supp. 560 (D.Kan. 1992).

It is well established that federal courts may only hear cases where the Congress has provided jurisdiction. Since *EMTALA* provides no jurisdiction for claims against physicians such as Dr. Page, the court lacks subject matter jurisdiction over the claims asserted against him. Where the Court lacks subject matter jurisdiction, the claims of Plaintiff are due to be dismissed. *Holcomb v. Monahan*, 807 F.Supp. 1526 (M.D. Ala. 1992).

The Plaintiff's Complaint shows that he presented at the emergency room of Florala Memorial Hospital, where he was seen by Dr. Russell Page for an eye injury. It is undisputed that Florala Memorial Hospital does not have an ophthalmologist on staff. Florala Memorial Hospital did not have the facilities to treat an injury such as that suffered by the Plaintiff. Consequently, Dr. Page made arrangements to have the patient transferred to an ophthalmologist in Fort Walton Beach, Florida, Dr. Poppell.[1] Dr. Page consulted with Dr. Poppell concerning the Plaintiff's eye injury and, in accordance with the instructions of Dr. Poppell, Plaintiff was transferred by ambulance to the care of Dr. Poppell.

Dr. Page is an emergency room physician, not an ophthalmologist. Clearly, an eye injury is an injury which requires the specialized care of an ophthalmologist. Consequently, transfer of this patient to the care of an ophthalmologist could in no way violate the provisions of *EMTALA*. Under *EMTALA*, a hospital which operates an emergency room is not required to provide care and treatment to patients for which it is

---

[1] Plaintiff's Complaint incorrectly alleges that Dr. Poppell was an optometrist. Dr. Poppell is in fact, an ophthalmologist.

not staffed or equipped.  In *Baker v. Adventist Health, Inc.*, 260 F.3d 987 (9th Cir. 2001), the Court held that a hospital was not obligated to offer treatment to a psychiatric patient where the hospital did not offer psychiatric treatment, and had no psychiatrist, psychologist or mental health professionals on staff.  The same logic applies to this case, both to the claims asserted by Plaintiff against Dr. Page and against Florala Memorial Hospital.   Florala Memorial Hospital is a small rural hospital and it has no ophthalmologists on staff.  It is not equipped to perform eye surgery or treat serious eye injuries.  *EMTALA* does not require the hospital or the physician to provide care beyond their capability.   Likewise, *EMTALA* does not require the hospital to staff every conceivable medical specialty.  Ophthalmology is a very specialized area of medicine and is typically available only in larger hospitals.

As this Court observed in *Bowden v. Wal-Mart Stores, Inc.,* 124 F.Supp. 1228 (M.D.Ala. 2000), a patient with a serious eye injury is typically transferred to the care of an ophthalmologist.  The medical records in this case indicate that the Plaintiff presented at the emergency room of Florala Memorial Hospital at 1:15 PM, complaining of trauma to his left eye.  He reported that he had been assaulted by another person and, in the course of that assault, the left eye had been stuck with the assailant's thumb.  Dr. Page examined the eye to the extent possible and ascertained that the iris was detached and that there was major damage to the eye.  The patient was only able to see light out of the eye. Dr. Page consequently contacted Dr. Poppell, an ophthalmologist in Fort Walton Beach, Florida and arrangements were made for transfer of the patient.  There is a notation in the record that this arrangement was made at 2:15 PM.  At 2:20 PM, the medical records

were faxed to Dr. Poppell's office and arrangements were made to have the patient transferred to Dr. Poppell's care by ambulance.

Consequently, even if *EMTALA* did provide a remedy against a private physician, it is abundantly clear that Dr. Page met the requirements of *EMTALA*.  *EMTALA* does not require Dr. Page to treat a patient beyond his training.

It is therefore respectfully submitted that Plaintiff's claims against Dr. Russell Page are due to be dismissed, with prejudice, costs taxed against Plaintiff.

Respectfully submitted,


 s/ *Alan Livingston*
ALAN LIVINGSTON, (LIV007)
*Attorney for Defendant,*
*Russell Page, M.D.*
LEE & McINISH, ATTORNEYS
Post Office Box 1665
Dothan, Alabama 36302
Telephone (334) 792-4156
Facsimile (334) 794-8342
alivingston@leeandmcinish.com


## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  **A. Riley Powell, IV** and **Tabor Novak**.

Dated this the 24th day of March, 2006.


/s/ *Alan C. Livingston*
OF COUNSEL