UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | |
|---|---|
| JOHN ASHTON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:06CV-226-D |
| | ) |
| | ) |
| FLORALA MEMORIAL | ) |
| HOSPITAL; BLAIRE HENSON; | ) |
| RUSSELL PAGE, M.D., and | ) |
| SAMUEL E. POPPELL, M.D., | ) |
| | |
| Defendants. | |

**RESPONSE TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS**

Defendant, Dr. Russell Page, has filed a Motion to Dismiss Plaintiff's *EMTALA* claims against him on the grounds that the private remedies established by *EMTALA* apply only to hospitals, not individual physicians such as Dr. Page. In opposition to Dr. Page's Motion to Dismiss, Plaintiff has cited to the Court the case of *Sorrells v. Babcock*, 733 F.Supp. 1189 (N.D. Ill. 1990). It is respectfully submitted that the *Sorrells* case should not be followed by this Court. While *Sorrells* did, in fact, hold that an *EMTALA* claim against an emergency room physician could survive a Motion to Dismiss, no other court has followed the logic of *Sorrells*. Indeed, no court has even cited the *Sorrells* opinion favorably. In the case of *Lane v. Calhoun-Liberty County Hospital Ass'n, Inc.*, 846 F.Supp. 1543 (N.D. Fla. 1994), District Judge Collier discussed the *Sorrells* opinion. In *Lane*, Judge Collier wrote:

> "Subsequent cases addressing this issue have noted the holding in *Sorrells*, but uniformly declined to follow it. *See, e.g., Delaney v. Cade,* 986 F.2d 387, 393 (10th Cir. 1993); *Baber v. Hospital Corporation of America*, 977 F.2d 872, 877-78 (4th Cir. 1992); *Helton v. Phelps County Regional Medical Center*, 817 F.Supp. 789, 790 (E.D.Mo. 1993); *Holcomb c. Monahan*, 807 F.Supp. 1526, 1529 (M.D.Ala. 1992); *Jones v. Wake County Hospital System, Inc.*, 786 F.Supp. 538, 545 (E.D.N.C. 1991). Likewise, this Court finds *Sorrells'* reasoning unconvincing. That the *EMTALA* holds physicians liable for civil penalties does not support the conclusion the *1549 *EMTALA* permits private plaintiffs to sue physicians. *Baber*, 977 F.2d at 877; *Jones*, 786 F.Supp. at 545. Moreover, contrary to *Sorrells*, other courts reviewing the *EMTALA's* legislative history have concluded Congress intended to limit the private remedy to actions against hospitals. *Baber*, 977 F.2d at 877; *Richardson,* 794 F.Supp. at 201-202. On this issue, the Court adopts the historical analysis of the *Baber* and *Richardson* courts, and concludes the legislative history of the *EMTALA* does not support an implied private cause of action against individual physicians."

Likewise, the Ninth Circuit Court of Appeals recently declined to follow the *Sorrells* opinion in the case of *Eberhardt v. City of Los Angeles*, 62 F.3d 1253 (9th Cir. 1995). In *Eberhardt*, the Ninth Circuit observed that the *Sorrells* opinion was the only case that had adopted the view that *EMTALA* allows a private cause of action against an individual physician. The *Eberhardt* Court declined to follow *Sorrells* and observed that such a holding was "consistent with every appellate court that has decided whether the *EMTALA* applies a private right of action against physicians." (62 F.3d at 1256). Likewise, the Eighth Circuit refused to follow *Sorrells* in *King v. Ahrens*, 16 F.3d 265, 271 (8th Cir. 1994). The Tenth Circuit rejected *Sorrells* in the case of *Delaney v. Cade*, 986 F.2d 387, 393 (10th Cir. 1993). Likewise, the Fourth Circuit rejected the reasoning of

*Sorrells* in *Baber v. Hospital Corp., of America*, 977 F.2d 872, 877 (4th Cir. 1992). Also, the Circuit Court for the District of Columbia rejected *Sorrells* in the case of *Gatewood v. Washington Healthcare Corp.*, 933 F.2d 1037 (D.C. Cir. 1991). In granting a Motion to Dismiss, Judge Albritton noted the *Sorrells* opinion in *Holcomb v. Monahan*, 807 F.Supp. 1526 (M.D.Ala. 1992), but declined to follow *Sorrells*. The Eleventh Circuit affirmed the dismissal in *Holcomb v. Monahan*, 30 F.3d 116 (11th Cir. 1994). Indeed, the *Sorrells* opinion stands alone in holding that *EMTALA* provides for a private cause of action against an individual physician. No other court has followed *Sorrells* and it is respectfully submitted that this Court should likewise reject the reasoning of *Sorrells*.

In the *Eberhardt* case, the Ninth Circuit reviewed the reasoning behind the *Sorrells* opinion. The *Sorrells* Court had relied heavily on its interpretation of the legislative history of *EMTALA*. The *Eberhardt* Court likewise reviewed the legislative history and placed the committee comments in proper context. In reviewing the legislative history, the Ninth Circuit wrote:

> "Thus, read in context, the statement upon which the *Sorrells* Court relied shows that the committee clearly meant that the other sanctions, *taken as a whole*, may be imposed against both hospital and doctors, but that a private right of action may be maintained only against hospitals.
>
> "Accordingly, we affirm the District Court's ruling that *EMTALA* does not allow private suits against physicians." (62 F.3d at 1257; emphasis in the original)

The *Sorrells* opinion appears to be an aberration in decisions reached under *EMTALA*. Plaintiff's reliance on *Sorrells* is clearly misplaced and this Court should grant the Motion to Dismiss filed by Dr. Page.

Respectfully submitted this the 7th day of April, 2006.

Respectfully submitted,

_s/ *Alan Livingston*_
ALAN LIVINGSTON, (LIV007)
*Attorney for Defendant,*
*Russell Page, M.D.*
LEE & McINISH, ATTORNEYS
Post Office Box 1665
Dothan, Alabama 36302
Telephone (334) 792-4156
Facsimile (334) 794-8342
alivingston@leeandmcinish.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: A. Riley Powell, IV and Tabor Novak.

Dated this the 7th day of April, 2006.

*/s/ Alan C. Livingston*
OF COUNSEL