IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN ASHTON, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CASE NO.: 2:06-CV-226-D |
| | § | |
| FLORALA MEMORIAL HOSPITAL, | § | |
| BLAIRE HENSON, RUSSELL PAGE, | § | |
| M.D., and SAMUEL E. POPPELL, | § | |
| M.D., | § | |
| | § | |
| DEFENDANTS. | § | |

**DR. RUSSELL PAGE'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

COMES now the Defendant, Dr. Russell Page, and respectfully moves this Honorable Court for an Order denying the Plaintiff's Motion to Amend his Complaint to assert "state law claims".

### I.   FACTS/PROCEDURAL HISTORY.

The Plaintiff filed his original eight-count complaint against Florala Memorial Hospital, Blaire Henson, Dr. Russell Page, and Dr. Samuel E. Poppell solely under the provisions of the *Emergency Medical Treatment and Active Labor Act* ("*EMTALA*"). In substance, the complaint alleges that the Plaintiff presented to the emergency room at Florala Memorial Hospital on March 12, 2004 to undergo medical treatment for an eye injury. Plaintiff further alleges that Dr. Russell Page was the emergency room physician on call at the hospital at the time of his presentation and that all of the Defendants failed

to provide him "appropriate medical screening" and "failed to stabilize the Plaintiff's medical condition" prior to transferring him to the care of an ophthalmologist in Ft. Walton, Florida, in violation of *EMTALA*. There is no allegation that Dr. Page's care, or the actions of any of the Defendants, fell below the applicable standard of care or otherwise amounted to negligence under Alabama law.

On March 24, 2006, Dr. Page filed a Motion to Dismiss, arguing, in relevant part, that the federal statutory cause of action provided by *EMTALA* can only be brought against a hospital, not a private physician. *See Holcomb v. Monahan*, 807 F.Supp. 1526 (M.D. Ala. 1993), *aff'd* 30 F.3d 116 (11th Cir. 1994).

On or about April 5, 2006, the Plaintiff filed his opposition to Dr. Page's Motion to Dismiss in which he argued that in *Sorrells v. Babcock*, 733 F.Supp. 1189 (N.D. Ill. 1990), a Federal District Court in Illinois allowed a private cause of action against an individual, emergency room physician under *EMTALA*. Plaintiff also argued that he was amending his complaint "to join his state law claims against the Defendant, Dr. Russell Page, pursuant to Rule 18 of the *Federal Rules of Civil Procedure*. On April 6, 2006, the Plaintiff filed his First Amended Complaint. The complaint does not change the substance of the allegations against any of the Defendants, but merely purports to "join his Alabama law claims pursuant to Rule 18 of the *Federal Rules of Civil Procedure*." (Amended Complaint). However, the complaint again does not allege a violation of the standard of care by any of the Defendants, nor specify what particular "Alabama law" the Plaintiff is making the basis of his amended complaint.

On April 7, 2006, Dr. Russell Page filed his response to the Plaintiff's Opposition to Motion to Dismiss in which he pointed out that the *Sorrells v. Babcock* case relied upon by the Plaintiff was not persuasive authority and had in fact been criticized or not followed by every federal court that considered it, including Judge Albritton in *Holcomb v. Monahan*, 807 F.Supp. 1526 (M.D. ALA. 1992). Dr. Page now opposes the Plaintiff's attempt to amend his complaint to assert vague state law theories on the grounds that any new cause of action is barred by the applicable statute of limitations and does not relate back to the filing of the original complaint under *Federal Rule of Civil Procedure* 15(c).

**II.     ARGUMENTS.**

*A.     The statute of limitations has expired on Plaintiff's alleged state law claim.*

Although it is impossible to tell from the Plaintiff's proposed amended complaint on which state law theories he is relying, it is assumed that Plaintiff intends to assert a medical malpractice claim. According to the Plaintiff's original complaint, his limited contact with Dr. Page occurred on March 12, 2004 in the emergency room at the Florala Memorial Hospital. Thus, any alleged negligent treatment by Dr. Page would necessarily have occurred on that date. Under Alabama's Medical Liability Act, which governs all actions against physician or other health providers, the Plaintiff is required to commence his action within two years of the act or omission about which he complains. ALA. CODE § 6-5-482(a) (1975).

Because the Plaintiff in this case did not file his proposed amended complaint alleging state law claims against Dr. Page until beyond the two year statute of limitations,

his claim is barred and should be dismissed.

### B. Plaintiff's purported "state law claims" do not relate back to the filing of the original Complaint.

*Federal Rule of Civil Procedure* 15(c) provides that an amendment to a complaint relates back to the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action; (2) the claim asserted in the amended complaint arose out of the conduct, transaction or occurrence setforth or attempted to be setforth in the original pleading; or (3) the amended complaint changes the party or the naming of the party against whom a claim is asserted and the requirements of subsection two have been met.

The first subsection, Rule 15(c)(1), is only intended to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable state's limitation law. *Saxton v. ACF Industries,* 254 F.3d 959, 962 (11th Cir. 2001). Therefore, if an amendment relates back under state law, it will relate back under *Federal Rule of Civil Procedure* 15(c)(1). Because *Alabama Rule of Civil Procedure* 15(c) reads almost identically to the federal rule, it is of no real consequence to the issues involved in this case. Rule 15(c)(3) is likewise of no consequence in that it deals with adding parties to a lawsuit, by amendment, rather than claims. The dispositive issue is whether Rule 15(c)(2), allows the amendment proposed by the Plaintiff.

The critical issue with 15(c)(2) is whether the original complaint gave notice to the Defendant of the claims now being asserted. *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). Thus, "when new or distinct conduct, transactions or occurrences are alleged

as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed." *Id.* *See also Simmons v. United State of America, et al.*, 225 F.R.D. 688, 693 (N.D. Ga. 2004) (recognizing that "the relation back provisions of Rule 15(c)(2) will apply only when no new or distinct conduct, transaction or occurrences are alleged as grounds for recovery."); *Gibson v. Resolution Trust Corp.*, 51 F.3d 1016, 1027 (11th Cir. 1995) (recognizing that amendments to complaints relate back to the original filing date only when the issue is raised in the original complaint).

In the present case, the Plaintiff's sole theory of recovery against all of the Defendants was based on *EMTALA*, a federal statutory right of recovery. As argued in Dr. Page's brief in support of his motion to dismiss, *EMTALA* was adopted by Congress to prevent hospitals from "dumping" uninsured patients and was never intended to be used as a federal malpractice statute or to otherwise redress an alleged negligent diagnosis by a healthcare provider. *See Holcomb v. Monahan*, 807 F.Supp. 1526 (M.D. Ala. 1992) *aff'd* 30 F.3d 116 (11th Cir. 1994); *Marshall v. East Carroll Parish Hospital Service Dist.*, 194 F.3d 319 (5th Cir. 1998). Under *EMTALA*, hospital emergency rooms are obligated to provide appropriate medical screening and stabilization of patients before being transferred to another facility. *See 42 U.S.C. 1395dd(1994)*. *EMTALA* does not provide a federal remedy against an individual physician under any circumstances. *Holcomb v. Monahan*, 807 F. Supp. 1526 (M.D. Ala. 1993), *aff'd* 30 F.3d 116 (11th Cir. 1994).

Because the facts alleged by the Plaintiff to support his *EMTALA* claim are separate, distinct and unrelated to medical malpractice, Dr. Page was never put on notice that a new claim of negligence might be asserted. Therefore, the amended complaint should not be allowed.

In *Moore v. Baker*, 989 F.2d 1129 (11th Cir. 1993), the Plaintiff filed suit against her neurologist alleging that he failed to inform her of the availability of medication therapy as an alternative to surgery to alleviate blockage in her carotid artery, in violation of Georgia's informed consent law. *Moore*, 989 F.2d at 1130-1131. After the defendant doctor filed a motion for summary judgment on the issue of informed consent, the Plaintiff moved to amend her complaint to assert allegations against the doctor of negligence in the performance of her surgery and in his postoperative care. *Id.* at 1131. The trial court denied the Plaintiff's motion to amend and granted summary judgment for the doctor, prompting the Plaintiff to appeal to the Eleventh Circuit.

The Eleventh Circuit began its analysis by explaining the standard of review:

> While a decision whether to grant leave to amend is clearly within the discretion of the District Court, a justifying reason must be apparent for denial of a motion to amend.

*Id.* at 1131.

According to the Court, the District Judge's rationale for denying the amendment, the expiration of the statute of limitations, was sufficient to support a denial. Because the Plaintiff filed her proposed amended complaint after the statute of limitations ran for medical malpractice cases in Georgia, the denial of the amendment was appropriate unless it related back to the original complaint pursuant to Rule 15(c)(2). *Id.* at 1131.

---

The Eleventh Circuit ultimately held that there was nothing in the original "informed consent" complaint filed by the Plaintiff which referenced any acts of alleged negligence by the doctor either during or after surgery. Rather, the original complaint focused on the doctor's actions before the Plaintiff even decided to undergo surgery. Thus, the alleged acts of negligence occurred at different times and involved separate and distinct conduct. In order to recover on the negligence claim contained in her amended complaint, the Eleventh Circuit felt that the Plaintiff would have to prove completely different facts than would otherwise have been required to recover on the informed consent claim in the original complaint. *Moore,* 989 F.2d at 1132. Thus, the Eleventh Circuit affirmed the Trial Court's refusal to allow the amended complaint.

The similarities of the present case to *Moore* compel the same conclusion. The Plaintiff's only allegation against Dr. Page in the original complaint is in the context of an *EMTALA* violation; there is no allegation that Dr. Page's care and treatment of the Plaintiff prior to transferring him to an ophthalmologist in Florida fell below the applicable standard of care or was otherwise negligent. Thus, there was simply no reason that Dr. Page would believe that the technical violations of *EMTALA* alleged in the original complaint, none of which even applied to Dr. Page, would put him on notice that he somehow violated Alabama's Medical Liability Act or otherwise committed medical malpractice. *See* ALA. CODE § 6-5-551 (requiring that a Plaintiff in a medical malpractice case include in the complaint a detailed specification and factual description of each act and omission alleged by Plaintiff to render the healthcare provider liable).

### III. CONCLUSION.

The Plaintiff's original complaint that was filed on the eve of the expiration of the statute of limitations alleged only technical violations of the federal statute know as *EMTALA*. When it became apparent that Dr. Page, as a private physician, could not be liable under *EMTALA*, the Plaintiff purported to amend his complaint to assert vague and undefined "state law claims" against Dr. Page. However, the amended complaint was not filed until after the expiration of the statute of limitations and therefore must be dismissed by this Court unless it relates back to the filing of the original complaint. Based upon the foregoing, it is respectfully submitted that the allegations of the original complaint are separate, distinct and wholly unrelated to any theory of alleged malpractice by Dr. Page and were not such that would put him on notice of any allegation of negligence in the amended complaint. Therefore, the amended complaint can not relate back to the filing of the original complaint and the statute of limitations remains a procedural bar. Consequently, this Court should deny the Plaintiff's Motion for Leave to Amend his Complaint.

Respectfully submitted,

> /S/Alan Livingston_____
> ALAN LIVINGSTON, (LIV007)
> *Attorney for Defendant,*
> *Russell Page, M.D.*
> LEE & McINISH, P.C.
> Post Office Box 1665
> Dothan, Alabama 36302
> Telephone (334) 792-4156
> Facsimile (334) 794-8342
> alivingston@leeandmcinish.com

## CERTIFICATE OF SERVICE

      I hereby certify that on April 11, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

A. Riley Powell, IV, Esq. and Tabor Novak, Esq.

Dated this 11th day of April, 2006.

                                            */S/ Alan Livingston*_____
                                            Of Counsel