UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 MAY 23  P 1:44

| | | |
|---|---|---|
| JOHN ASHTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:06-CV-226-D |
| | ) | |
| FLORALA MEMORIAL HOSPITAL., | ) | |
| BLAIRE HENSON; RUSSELL | ) | |
| PAGE, M.D., and SAMUEL | ) | |
| E. POPPELL, M.D., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS

COMES NOW the defendant, Samuel E. Poppell, M.D., and, without waiving jurisdiction, by and through the undersigned counsel, requests that this Honorable Court dismiss the Complaint (and any purported Amended Complaint) as against this defendant. As grounds therefore, Dr. Poppell states as follows:

### The Middle District Lacks Personal Jurisdiction Over Dr. Poppell

1.  The original Complaint filed March 10, 2006 correctly identifies Dr. Poppell as a resident of Walton County, Florida. Dr. Poppell is not an optometrist as alleged but is an Ophthalmologist certified by the American Board of Ophthalmology. (His CV is attached to his Affidavit which is "Exhibit A" filed herewith.)

2.  Dr. Poppell disagrees with Plaintiff's contention that in personam jurisdiction is "proper" but, to the contrary, Dr. Poppell contends that this District Court lacks personal jurisdiction over him because he does not possess the requisite minimum contacts with the State of Alabama to reasonably anticipate being haled into court here.

3.      Rule 12(b)(2), Fed.R.Civ.P. provides that where personal jurisdiction is not existent, Plaintiff's claims must fail. Plaintiff bears the burden of establishing a case of personal jurisdiction over a non-resident defendant. <u>Morgan v. North Mississippi Medical Center,</u> 403 F. Supp. 2d 1115 (S.D. Ala. 2005). Here, the potential exercise of personal jurisdiction over Dr. Poppell would not conform with applicable constitutional safeguards. Specifically, Dr. Poppell has not purposely established minimum contacts with the forum and the exercise of jurisdiction over him would offend traditional notions of fair play and substantial justice. <u>See</u> <u>Id</u>.

4.      It is unclear whether Plaintiff is asserting jurisdiction based on general or specific contacts. On the one hand, Plaintiff contends generally that "Dr. Poppell purposely availed himself with Alabama by accepting patients from Alabama in an attempt to make money off of Alabama residents." On the other hand, Plaintiff contends that, in this specific instance "he accepted the initial transfer of the Plaintiff".

Nowhere in Plaintiff's Complaint, neither in the five introductory paragraphs nor in any of the eight claims of the Complaint, does Plaintiff assert that Dr. Poppell involved himself in some act by which he "purposely avail[ed] [him]self of the privilege of conducting activities within the forum." <u>Morgan v. North Mississippi Medical Center,</u> 403 F. Supp. 2d at 1119 (S.D. Ala. 2005). Nor does Plaintiff anywhere contend that Dr. Poppell's "contacts with the forum are such that the Defendant should reasonably anticipate being haled into court there." <u>Id</u>.

5.      Plaintiff's contention that "Dr. Poppell has systemic and continuous activity in this State" is conclusory and unsupported by any factual basis. Thus, it is insufficient upon which to form a basis to conclude that this Court could assert general jurisdiction over him.

2

6. As set out in his Affidavit attached herewith as "Exhibit A", Dr. Poppell is an Ophthalmologist practicing in Florida. Due to the limited medical offerings of Florala Memorial Hospital and the immediately surrounding medical community, Dr. Poppell and the group with which he is affiliated, Emerald Coast Eye Institute, P.A., received this referral from the South Alabama area. Dr. Poppell is not licensed in Alabama, does not practice in Alabama, maintain hospital privileges in Alabama or in any way conduct any medical clinical services in Alabama. His professional contacts with Alabama are limited to his telephone conversation with Dr. Page at Florala Memorial Hospital. Thus, the contacts associated with his treatment of this patient is <u>from</u> the Middle District Northern Division forum in Alabama <u>to</u> the United States District Court Northern District of Florida--Pensacola Division;

7. Dr. Poppell did not pay for Mr. Ashton's transfer/transport from Alabama to Florida. Dr. Poppell did not arrange the details of that transfer. Dr. Poppell's Office did not instigate or supervise the transfer from Dr. Page to Dr. Poppell's Office. It is not alleged otherwise.

8. While it is hypothetically feasible that a <u>referring</u> physician and/or facility might expect themselves to be haled into court in the venue of the receiving physician and/or entity, the reverse is not reasonably plausible especially without any "activities within the forum" on the part of the receiving physician/entity such as Dr. Poppell.

9. As stated above, Plaintiff must also make out a prima facie case that personal jurisdiction over Dr. Poppell meets the "fair play and substantial justice" analysis. That analysis hinges on

> "the burden on the Defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the Plaintiff's interest in

> obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of the controversy and the shared interest of the states in furthering fundamental substantive social policies."

<u>Morgan v. North Mississippi Medical Center</u>, 403 F. Supp. 2d at 1121 (internal citations omitted)

10.  Certainly, there is a burden on a physician to defend himself in a foreign state in a lawsuit alleging violations of the Emergency Medical Treatment and Active Labor Act. But it is imperative to note that Dr. Poppell does not work in the Florala Emergency Department and, thus, a new precedent would be created in this action in order to make him subject to EMTALA. (See discussion in Paragraphs 13-18) Secondly, Alabama has no particular interest in adjudicating the dispute between Mr. Ashton and Dr. Poppell. As already stated, Dr. Poppell is not governed by EMTALA and it is a torturous intellectual stretch to suppose that EMTALA could ever be made applicable to his conduct. Thus, Alabama's interest in plowing this new ground is miniscule at best.

11.  Plaintiff's interest in obtaining convenient and effective relief should not be a substitute for a legitimate and properly grounded basis for a claim. Dr. Poppell contends that "convenient and effective relief" is not synonymous with circumvention of a properly supported (or even potentially likely supported) claim. At best, Plaintiff has a state law medical malpractice action against Dr. Poppell which, even then, has not been sufficiently pled to meet the rigorous pleading standards of Alabama's Medical Liability Act.

12.  There is no efficiency in resolving a controversy as between Mr. Ashton and Dr. Poppell when the vehicle sought to be utilized for such a resolution is unknown to the law, specifically the case law interpreting EMTALA. Plaintiff's effort at "boot strapping" Dr. Poppell

4

into his hypothetically legitimate EMTALA claim against Florala Memorial Hospital should not be permitted in the name of efficiency. If there is such a "social policy" known to Alabama and/or Florida, this Court should reject its further application or extension.

## EMTALA Does Not Apply to Dr. Poppell

13.     Assuming this Court determines that it has personal jurisdiction over Dr. Poppell, Dr. Poppell contends that 42 U.S.C. § 1395dd(e)(2) does not apply to him. Again, as stated above and in the accompanying Affidavit, Dr. Poppell is a Board Certified Ophthalmologist practicing in Florida. EMTALA is a federal anti-dumping provision enacted in 1986 for the stated purpose of preventing the practice of some hospital emergency rooms of turning away or transferring indigent patients without prior assessment or proper stabilization. Morgan v. North Mississippi Medical Center, 403 F. Supp. 2d 1124 (S.D. Ala. 2005). Courts have universally recognized that EMTALA "was not conceived as a federal medical malpractice statute." Id. Under EMTALA, hospitals must satisfy two distinct obligations: 1) Appropriate medical screening, and 2) Stabilization. Id. Section 1395dd(d)(2)(b)(a) only provides for a private cause of action against a participating hospital. It makes no provision for suit against an individual physician. See Holcomb v. Humana et al. 807 F. Supp. 1526, 1530 (Ala. 1992) (Judge Albritton's decision in Holcomb v. Humana et al., was affirmed by the 11th Circuit in Holcomb v. Monahan, 30 F. 3d. 116 (11th Cir. 1994)).

14.     By the very language of § 1395dd(a), its application "is confined on its face to hospital emergency departments." Morgan v. North Mississippi Medical Center, 403 F. Supp. 2d at 1126 (S.D. Ala. 2005). The statute itself restricts its application to circumstances where an individual comes to an emergency room and is due an appropriate medical screening "within the

capability of the hospital's emergency department." Thus, the statute's own language limits the "appropriate medical screening" requirement to emergency departments.

15. As stated before and in the attached Affidavit of Dr. Poppell, Dr. Poppell does not practice nor did he so practice in the Emergency Department of Florala Memorial Hospital. Thus, he cannot be subject to the requirements of EMTALA.

16. Because Claims One, Two, Four, Five, Six, Seven, and Eight all specifically refer to allegations being brought pursuant to EMTALA, those claims, to the extent they would otherwise be applicable to Dr. Poppell, are due to be dismissed.

17. As far as Claim Three is concerned, although EMTALA is not specifically mentioned, the purported allegation against the "Defendants" is that they "failed to perform an appropriate transfer in that they failed to minimize the risks to the Plaintiff's health and transferred the Plaintiff to receiving facilities that had not agreed to accept said transfer or to provide appropriate medical treatment to the Plaintiff." (See Complaint Paragraph 14.)

18. Claim Three is unmistakably an assertion that the Defendants failed to meet the stabilization requirement of EMTALA. Again, EMTALA is not applicable to Dr. Poppell. Claim Three either states (explicitly or implicitly) a claim under EMTALA which would not be applicable to Dr. Poppell or it does not state a claim under EMTALA but is a poorly crafted and ineffective effort at asserting a malpractice action against Dr. Poppell. Under the specific pleading requirements of the AMLA, Claim Three should likewise be dismissed. Section 6-5-551 Code of Ala. 1975 as amended requires a "detailed specification and factual description of each act and omission" mad the subject of this suit. Without such, "the Complaint shall be subject to dismissal for failure to state a claim upon which relief can be granted." Id.

### The Filings of the Co-Defendants Support Dr. Poppell's Dismissal

19. On March 22, 2006, Co-Defendant, Blaire Henson filed a Motion to Dismiss in which this Defendant joins. Specifically, Henson argues that EMTALA does not provide Plaintiff with a private cause of action against an individual. Dr. Poppell adopts as if set out herein in full Henson's argument in that regard.

20. On March 24, 2006, Co-Defendant Dr. Russell Page likewise filed a Motion to Dismiss in which this Defendant joins. Dr. Page recognizes and this Defendant affirms that there is no private cause of action against a physician for alleged violations under EMTALA. Likewise, Dr. Page filed a Brief in Support of his Motion which Dr. Poppell adopts and if set out herein in full.

21. On March 27, 2006, this Honorable Court issued a Show Cause Order requiring Plaintiff to respond to the Motions to Dismiss on or before April 10, 2006.

22. On or about April 5, 2006, Plaintiff filed an opposition to Dr. Page's Motion to Dismiss citing <u>Sorrells v. Babcock</u>, 733 F. Supp. 1189 (N. D. Ill. 1990). In response thereto, Dr. Page filed an analysis of the <u>Sorrells</u> opinion showing that it has been roundly criticized and not followed by any other court. Dr. Poppell herein adopts Dr. Page's "Response to Plaintiff's Opposition to Motion to Dismiss" as if set out herein in full. Additionally, Dr. Poppell contends that he is yet one step removed from the application of <u>Sorrells</u> even if this court chose to apply it. Again, Dr. Page is the Emergency Room Physician while Dr. Poppell is the out-of-state Ophthalmologist to whom Mr. Ashton was referred.

23. Plaintiff's Opposition to Dr. Page's Motion to Dismiss contends that Dr. Page "is still subject to this court's in personam jurisdiction" because of the "state law claims" against Dr.

Page. To the extent that argument would apply against Dr. Poppell, Plaintiff's state law claims would have to be those under Alabama's Medical Liability Act. Consistent with Blaire Henson's April 25, 2006 filing, Dr. Poppell would argue that Plaintiff's pleadings do not come close to the required specificity under § 6-5-551 Code of Ala. 1975. [1] A lack of specificity should result in dismissal of the claims.

24.     On April 5, 2006, Plaintiff filed a Motion for Leave to Amend and a purported First Amended Complaint. Although that purported amendment makes conclusory reference to "his Alabama law claims" (see Plaintiff's First Amended Complaint, Paragraph 1), Plaintiff does not give the Alabama law claims a name nor is there a sufficient rendition of facts upon which a Defendant is reasonably expected to make a learned reply. Simply asserting that there are "state law claims" against the Defendants is not sufficient even under the Federal Rules' of liberal notice pleading. Certainly, it utterly fails to meet the rigorous standard set forth under the AMLA. Plaintiff's assertion that there are viable state law claims that should survive a Motion to Dismiss is simply saying to this court, "trust me, they exist."[2]

25.     On April 11, 2006, the Defendant, Dr. Russell Page filed his "Opposition to Plaintiff's Motion for Leave to Amend." Dr. Poppell adopts Dr. Page's opposition filing as if set out herein in full. In short, Dr. Poppell re-asserts that:

1)     Plaintiff has insufficiently plead any state law claim in his original complaint in order to survive a Motion to Dismiss; [3]

---

1   Plaintiff likewise on April 5, 2006 filed an identical Opposition to Blaire Henson's Motion to Dismiss making the same two arguments as those set out above regarding Dr. Page.
2   Dr. Poppell does not concede the factual assertions made by any of the parties to this action. However, for purposes of the Motion to Dismiss, Dr. Poppell responds herein as if Plaintiff's un-rebutted assertions are true and the un-rebutted assertions of any co-defendants are likewise.
3   Again, to the extent Plaintiff has a state law claim and purports to assert one, if such would fall under Alabama's Medical Liability Act.

  2) Plaintiff's purported amendment adding state law claims falls outside the statute of limitations; and

  3) Plaintiff's purported amendment adding state law claims does not relate back under the Federal Rules of Civil Procedure.

WHEREFORE PREMISES CONSIDERED, Defendant Samuel E. Poppell, M.D. respectfully requests that this Honorable Court:

  1) Dismiss him for lack of personal jurisdiction;

  2) Dismiss the original Complaint against him as improperly filed against him under EMTALA;

  3) Dismiss the original and purported Amended Complaint against him as violative of the applicable Statutes of Limitation; and/or

  4) Dismiss any or all of the purported state law claims against him as violative of the Statute of Limitations, the specificity of pleading standard and the lack of relation back.

Dr. Poppell respectfully requests that the court consider the legal arguments of the Co-Defendant as adopted by Dr. Poppell where applicable.

_____
JACK B. HINTON, JR. (HIN020)

OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
Suite 904/60 Commerce Street
Montgomery, AL 36104
(334)834-9950

CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing was served on the following by placing a copy of same in the United States mail, postage prepaid and properly addressed this ____ day of May, 2006:

A. Riley Powell, IV, Esq.
Post Office Drawer 969
Andalusia, AL  36420

Tabor R. Novak, Jr., Esq.
Ball, Ball, Matthews & Novac, P.A.
2000 Interstate Park Drive, Ste. 204
Montgomery, AL  36102-2148

Alan Livingston, Esq.
Lee & McInish, Attorneys
P.O. Box 1665
Dothan, AL  36302

                                                                                _____
                                                                                Jack B. Hinton, Jr.