**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| JOHN ASHTON, | } | |
| PLAINTIFF, | } | |
| VS. | } | CIVIL ACTION NO: 2:06CV-226-D |
| FLORALA MEMORIAL HOSPITAL; EMERALD COAST EYE INSTITUTE P.A.; BLAIRE HENSON; RUSSELL PAGE, M.D.; and SAMUEL E. POPPELL, M.D. | } } } | |
| DEFENDANTS. | } | |

2006 JUN -8 A 10: 17

## MOTION FOR LEAVE TO AMEND

Plaintiff moves for leave to file an amendment to his complaint in the above entitled cause, as shown in the attached amendments to complaint and as grounds therefor sets forth the following:

1. The Defendant, Russell Page, argues that the Plaintiff should not be allowed to amend his Complaint because the state law allegations in the Amended Complaint are new, or distinct conduct, transactions or occurrences and the original Complaint did not give Russell Page notice of the claims being asserted in the Amended Complaint.

2. The Plaintiff should be allowed to amend his complaint because the claims asserted in the Amended Complaint arise out of the conduct, transaction, or occurrence set forth in the Plaintiff's Original Complaint. *Fed. R. Civ. P. 15(c)(2)*. The allegations of the Amended Complaint are not new or distinct conduct, transactions, or occurrences because both the Original Complaint and Plaintiff's First Amended Complaint allege that the Defendant, Russell Page's, *EMTALA* violations and tortious conduct arose out of the same transaction; that being, on March 12, 2004, the Plaintiff went to the Defendant, Russell Page, for emergency medical treatment to his left eye. The allegations of Plaintiff's Original Complaint put Russell Page on notice that new claims of negligence might be asserted because the allegations in the Original Complaint state as follows:

Page 1 of 4

> "[o]n or about March 12, 2004, the Plaintiff, John Ashton, sought emergency medical treatment of his left eye from the Defendants. The Defendants failed to provide such further medical examination and treatment as was required to stabilize the Plaintiff's medical condition . . ."

The Plaintiff's Amended Complaint incorporate these same allegations. Certainly these allegations are sufficient to put Russell Page on notice that a claim of negligence might be asserted since this statement in the Original Complaint imputes negligence on Russell Page's part. Furthermore, any argument by Russell Page that he had no notice that negligence claims might be asserted is meritless because Claim Five of the Plaintiff's Original Complaint is a state law negligence claim against all of the Defendants including Russell Page. *Fed R. Civ. P. 15(c)* contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading. *Pruitt v. U.S.*, 274 F.3d 1315 (11th Cir. 2001). For these reasons, the Plaintiff's Motion for Leave to Amend should be granted and the allegations of the Amended Complaint relate back to the Plaintiff's Original Complaint.

Respectfully submitted this 7th day of June, 2006.

THE POWELL LAW FIRM, P.C.

By: _____
A. Riley Powell, IV (POW029)
Post Office Drawer 969
Andalusia, Alabama 36420
205/222-4103
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the above and foregoing on all counsel of record for the parties by placing a copy of same in the United States mail, postage prepaid and addressed to their regular mailing address, as follows:

> Honorable Tabor R. Novak, Jr.
> BALL, BALL, MATTHEWS & NOVAK, P.A.
> 2000 Interstate Park Drive, Ste. 204
> Post Office Box 2148
> Montgomery, AL 36102-2148
>
> Honorable Alan Livingston
> LEE & McINISH, ATTORNEYS
> P.O. Box 1665
> Dothan, AL 36302
>
> Honorable Jack B. Hinton, Jr.
> Gidiere, Hinton, Herndon, & Christman
> P.O. Box 4190
> Montgomery, AL 36103

This the 7th day of June, 2006.

_____
Of Counsel