UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN ASHTON, | } | |
| PLAINTIFF, | } | |
| VS. | } | CIVIL ACTION NO: 2:06-CV-226-D<br>"Demand for Jury Trial" |
| FLORALA MEMORIAL HOSPITAL;<br>EMERALD COAST EYE INSTITUTE<br>P.A.; BLAIRE HENSON; RUSSELL<br>PAGE, M.D.; and SAMUEL<br>E. POPPELL, M.D. | } } | |
| DEFENDANTS. | } | |

## FIRST AMENDED COMPLAINT

1. This action arises under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd, and Plaintiff joins his Alabama law claims pursuant to *Fed. R. Civ. P. 15(c)*.

2. The Defendant, Florala Memorial Hospital, is a 'participating hospital' as defined in 42 U.S.C. § 1395dd(e)(2) and a hospital situated in Covington County, Alabama.

3. The Defendant, Emerald Coast Eye Institute, is a 'participating hospital' as defined in 42 U.S.C. § 1395dd(e)(2) and is situated in Walton County, Florida. This Defendant accepted the transfer of the Plaintiff and is the Institute in which the Defendant, Dr. Poppell, has his practice. In personam jurisdiction is proper for Emerald Coast Eye Institute because it possesses 'minimum contacts' with Alabama in that this institute accepted the initial transfer of the Plaintiff. In doing so, this institute purposefully availed

itself with Alabama by accepting patients from Alabama in an attempt to make money off of Alabama residents. Therefore, it is foreseeable that this Defendant's actions in accepting Alabama patients could make it amenable to suit in Alabama. Specific jurisdiction is also proper over this Defendant because there is a clear, firm nexus between the acts of Emerald Coast Eye Institute, P.A. and the consequences complained of" by the Plaintiff. This Court's exercise of jurisdiction over Emerald Coast Eye Institute, P.A. does not offend 'notions of fair play and substantial justice' in that: 1) this claim arises from activity in the state; 2) this institute has systematic and continuous activity in this State; 3) this forum would not inconvenience Emerald Coast Eye Institute in that Walton County borders Alabama; and 4) Alabama has a legitimate interest in providing redress for its citizens.

4. The Defendant, Russell Page, M.D. is upon information and belief a resident of Covington County, Alabama. Dr. Page was the attending Emergency Room Doctor on-call at Florala Memorial Hospital when the Plaintiff sought treatment for his emergency medical condition.

5. The Defendant, Samuel E. Poppell, is a resident of Walton County, Florida. Dr. Poppell is the ophthalmologist to whom the Plaintiff was transferred for treatment by Florala Memorial Hospital and Dr. Page. In personam jurisdiction is proper for Dr. Poppell because he had 'minimum contacts' with Alabama in that he accepted the initial transfer of the Plaintiff. In doing so, Dr. Poppell purposefully availed himself with Alabama by accepting patients from Alabama in an attempt to make money off of Alabama residents. Therefore, it is foreseeable that Dr. Poppell's actions in accepting Alabama patients could

make him amenable to suit in Alabama. Specific jurisdiction is also proper over Dr. Poppell because there is "a clear, firm nexus between the acts of [Dr. Poppell] and the consequences complained of" by the Plaintiff. This Court's exercise of jurisdiction over Dr. Poppell does not offend 'notions of fair play and substantial justice' in that: 1) this claim arises from activity in the state; 2) Dr. Poppell has systematic and continuous activity in this State; 3) this forum would not inconvenience Dr. Poppell in that Walton County borders Alabama; and 4) Alabama has a legitimate interest in providing redress for its citizens.

6. The Defendant, Blaire Henson, is upon information and belief a resident of Covington County, Alabama and is the hospital administrator at Florala Memorial Hospital.

### Statement of the Facts

7. On or about 1:15 p.m. on March 12, 2004, the Plaintiff, John Ashton, was transported to the Defendant, Florala Memorial Hospital, due to a severe trauma to his left eye whereby his iris was detached, he had pink drainage coming from his eye and there was a red area to his inner eye. It was later diagnosed that John Ashton had a ruptured globe in his left eye. Dr. Russell Page was the physician on-call at Florala Memorial Hospital emergency room and was the treating physician for John Ashton during this visit.

8. The Defendants, Florala Memorial Hospital and Russell Page, failed to treat and stabilize this condition when John Ashton needed immediate surgery. Florala Memorial Hospital and Russell Page transferred John Ashton to Dr. Samuel Poppell at the Emerald Coast Eye Institute, P.A. in Fort Walton Beach, FL, whereupon he arrived at 5:14 p.m. The Defendants, Emerald Eye Institute, P.A. and Dr. Samuel Poppell refused to treat and

stabilize this condition and transferred John Ashton to Mizell Memorial Hospital in Opp, AL, knowing that this hospital did not have the staff, expertise, nor the equipment to perform the services or emergency surgery that John Ashton's condition required. John Ashton was then being transferred from Mizell Memorial Hospital to Pensacola, FL, when the ambulance driver 'staged' in Crestview, FL, waiting for instructions. At 7:20 p.m., John Ashton was transported to Dothan, AL, to Flowers Hospital Emergency Room. He arrived at 9:00 p.m., at which point John Ashton's condition was finally treated and stabilized by an emergency surgery. John Aston lost nearly all sight in this eye due to this delay between the injury and his surgery.

## CLAIM ONE

9. Plaintiff hereby incorporates Paragraphs 1-8 as if set out here in full.

10. On or about March 12, 2004, the Plaintiff, **John Ashton,** sought emergency medical treatment of his left eye from the Defendants, Florala Memorial Hospital, Russell Page, M.D, Emerald Coast Eye Institute, P.A., and Samuel Poppell, M.D. These Defendants failed to provide such further medical examination and such treatment as was required to stabilize the Plaintiff's medical condition in violation of the Emergency Medical Treatment and Active Labor Act.

11. Damages include but are not limited to the following:
    a. past and future medical bills;
    b. past, present and future personal injury;
    c. extreme emotional duress and mental anguish;
    d. past, present and future pain and suffering;

    e.    lost wages; and

    f.    permanent disability and injury.

Wherefore Plaintiff demands judgment against Defendants in an amount of compensatory and punitive damages to exceed $250,000.00, together with interest, attorney's fees, and costs of court.

## CLAIM TWO

12.    Plaintiff hereby incorporates Paragraphs 1-11 as if set out here in full.

13.    On or about March 12, 2004, the Plaintiff, **John Ashton**, sought emergency medical treatment of his left eye from the Defendants, Florala Memorial Hospital, Russell Page, M.D, Emerald Coast Eye Institute, P.A., and Samuel Poppell, M.D. The Defendants failed to perform an 'appropriate medical screening' in that the Defendants did not offer the same screening that it would have offered to a paying patient in violation of the Emergency Medical Treatment and Active Labor Act.

14.    Damages include but are not limited to the following:

    a.    past and future medical bills;

    b.    past, present and future personal injury;

    c.    extreme emotional duress and mental anguish;

    d.    past, present and future pain and suffering;

    e.    lost wages; and

    f.    permanent disability and injury.

Wherefore Plaintiff demands judgment against the Defendants in an amount of compensatory and punitive damages to exceed $250,000.00., together with interest, attorney's

fees, and costs of court.

## CLAIM THREE

15. Plaintiff hereby incorporates Paragraphs 1-14 as if set out here in full.

16. On or about March 12, 2004, the Plaintiff, **John Ashton**, presented to Defendants, Florala Memorial Hospital, Russell Page, M.D, Emerald Coast Eye Institute, P.A., and Samuel Poppell, M.D. an emergency medical condition, more specifically, a trauma to his left eye.

17. These Defendants failed to perform an appropriate transfer in that they failed to minimize the risks to the Plaintiff's health and transferred the Plaintiff to receiving facilities that had not agreed to accept said transfer or to provide appropriate medical treatment to the Plaintiff. The Plaintiff was transferred to four different hospitals before the medical condition to his eye was stabilized many hours later.

18. Damages include but are not limited to the following:
    a. past and future medical bills;
    b. past, present and future personal injury;
    c. extreme emotional duress and mental anguish;
    d. past, present and future pain and suffering;
    e. lost wages; and
    f. permanent disability and injury.

Wherefore Plaintiff demands judgment against Defendant in an amount of compensatory and punitive damages to exceed $250,000.00., together with interest, attorney's fees, and costs of court.

## CLAIM FOUR

19. Plaintiff hereby incorporates Paragraphs 1-18 as if set out here in full.

20. On or about March 12, 2004, the Plaintiff, **John Ashton,** presented to Defendants, Florala Memorial Hospital, Russell Page, M.D, Emerald Coast Eye Institute, P.A., and Samuel Poppell, M.D., an emergency medical condition to his left eye. These Defendants failed to stabilize the Plaintiff's medical condition before transferring him to another medical facility in violation of the Emergency Medical Treatment and Active Labor Act.

21. Damages include but are not limited to the following:

    a. past and future medical bills;

    b. past, present and future personal injury;

    c. extreme emotional duress and mental anguish;

    d. past, present and future pain and suffering;

    e. lost wages; and

    f. permanent disability and injury.

Wherefore Plaintiff demands judgment against Defendants in an amount of compensatory and punitive damages to exceed $250,000.00., together with interest, attorney's fees, and costs of court.

## CLAIM FIVE

22. Plaintiff hereby incorporates Paragraphs 1-21 as if set out here in full.

23. Plaintiff brings this action against the Defendants, Florala Memorial Hospital, and Emerald Coast Eye Institute, P.A. under Alabama law pursuant to 42 U.S.C. § 1395dd(d)(2)(A) and against the Defendants, Florala Memorial Hospital, Emerald Coast

Eye Institute, P.A., Blaire Henson, Russell Page, M.D., and Samuel E. Poppell M.D. under Alabama law joining these claims pursuant to *F.R. Civ. P. 18*. This Court has jurisdiction over the Plaintiff's state law claims against the Defendants, Florala Memorial Hospital, Emerald Coast Eye Institute, P.A., Blaire Henson, Russell Page, M.D., and Samuel E. Poppell M.D., in that it arose out of the same "common nucleus of operative facts" as the Plaintiff's federal law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

24. On March 12, 2004, the Plaintiff relied upon the custom of these Defendants to render him emergency medical care for his left eye in which he sustained a severe trauma and needed emergency surgery to prevent further damage to his eye. By receiving the Plaintiff for medical treatment, these Defendants voluntarily assumed the duty of rendering emergency medical treatment to the Plaintiff. These Defendants violated this duty by discontinuing the emergency medical care the Plaintiff required of the Defendants in that the Defendants failed to treat and/or stabilize the Plaintiff's emergency medical condition by not performing emergency surgery on the Plaintiff's eye when medically necessary or sending him to a health provider that could perform this surgery.

25. These Defendants refusal to treat the Plaintiff's condition and the delay in medical treatment of the Plaintiff's eye caused him to lose the majority of sight in this eye. Damages include but are not limited to the following:

   a. past and future medical bills;

   b. past, present and future personal injury;

    c.    extreme emotional duress and mental anguish;

    d.    past, present and future pain and suffering;

    e.    lost wages; and

    f.    permanent disability and injury.

Wherefore Plaintiff demands judgment against Defendants in an amount of compensatory and punitive damages to exceed $250,000.00., together with interest, attorney's fees, and costs of court.

## CLAIM SIX

26. Plaintiff hereby incorporates Paragraphs 1-25 as if set out here in full.

27. Plaintiff brings this action against the Defendant, Florala Memorial Hospital, under Alabama law pursuant to 42 U.S.C. § 1395dd(d)(2)(A) and *F.R. Civ. P. 18* since the Plaintiff's state law action arose out of the same "common nucleus of operative facts" as the Plaintiff's federal law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

28. On March 12, 2004, the Defendant, Florala Memorial Hospital, was negligent in appointing and/or failing to properly supervise the Defendant, Russell Page, M.D. Dr. Page was the emergency room physician on-call at Florala Memorial Hospital and he failed to treat and/or stabilize the Plaintiff's emergency medical condition by not performing emergency surgery on the Plaintiff's eye when medically necessary or sending him to a health provider that could perform this surgery. Said medical condition being that the Plaintiff suffered a trauma to his left eye in which he needed emergency medical surgery to prevent any further damage.

Page 9 of 17

29. These Defendants refusal to treat the Plaintiff's condition and the delay in medical treatment of the Plaintiff's eye caused him to lose the majority of sight in this eye. Damages include but are not limited to the following:

   a. past and future medical bills;

   b. past, present and future personal injury;

   c. extreme emotional duress and mental anguish;

   d. past, present and future pain and suffering;

   e. lost wages; and

   f. permanent disability and injury.

Wherefore Plaintiff demands judgment against Defendants in an amount of compensatory and punitive damages to exceed $250,000.00, together with interest, attorney's fees, and costs of court.

## CLAIM SEVEN

30. Plaintiff hereby incorporates Paragraphs 1-29 as if set out here in full.

31. Plaintiff brings this action against the Defendants, Florala Memorial Hospital and Emerald Coast Eye Institute, P.A., under Alabama law pursuant to 42 U.S.C. § 1395dd(d)(2)(A) and against the Defendants, Florala Memorial Hospital, Emerald Coast Eye Institute, P.A., Blaire Henson, Russell Page, M.D., and Samuel E. Poppell M.D. under Alabama law joining these claims pursuant to *F.R. Civ. P. 18*. This Court has jurisdiction over the Plaintiff's state law claims against the Defendants, Florala Memorial

Hospital, Emerald Coast Eye Institute, P.A., Blaire Henson, Russell Page, M.D., and Samuel E. Poppell M.D., in that it arose out of the same "common nucleus of operative facts" as the Plaintiff's federal law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

32. On or about March 12, 2004, these Defendants engaged in outrageous conduct in refusing to treat and/or stabilize the Plaintiff's emergency medical condition when he was in dire need of their medical expertise. Said medical condition being that the Plaintiff suffered a trauma to his left eye in which he needed emergency medical surgery to prevent any further damage. The Defendants engaged in outrageous conduct by not performing this surgery or sending him to a health provider that could perform this surgery because he did not have any medical insurance to pay for the treatment.

33. These Defendants refusal to treat the Plaintiff's condition and the delay in medical treatment of the Plaintiff's eye caused him to lose the majority of sight in this eye. Damages include but are not limited to the following:

   a. past and future medical bills;

   b. past, present and future personal injury;

   c. extreme emotional duress and mental anguish;

   d. past, present and future pain and suffering;

   e. lost wages; and

   f. permanent disability and injury.

Wherefore Plaintiff demands judgment against Defendants in an amount of compensatory and punitive damages to exceed $250,000.00, together with interest, attorney's fees, and costs of court.

## CLAIM EIGHT

34. The Plaintiff hereby incorporates paragraphs 1-33 as if set out here in full.

35. Plaintiff brings this action against the Defendant, Florala Memorial Hospital, under Alabama law pursuant to 42 U.S.C. § 1395dd(d)(2)(A) and against the Defendant, Florala Memorial Hospital and Blaire Henson, under Alabama law joining these claims pursuant to *F.R. Civ. P. 18*. This Court has jurisdiction over the Plaintiff's state law claims against these Defendants in that it arose out of the same "common nucleus of operative facts" as the Plaintiff's federal law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

36. On or about March 12, 2004, the Defendants, Florala Memorial Hospital and Blaire Henson, were negligent or wanton in the administration and operation of their medical facilities in rendering medical services to the Plaintiff for the emergency medical condition to his left eye in that his eye was not treated or properly treated and these Defendants transferred the Plaintiff to Emerald Coast Eye Institute, P.A., a facility that would not or could not treat the Plaintiff's injury.

37. These Defendants refusal to treat the Plaintiff's condition and the delay in medical treatment of the Plaintiff's eye caused him to lose the majority of sight in this eye. Damages include but are not limited to the following:

    a.  past and future medical bills;

b.   past, present and future personal injury;

c.   extreme emotional duress and mental anguish;

d.   past, present and future pain and suffering;

e.   lost wages; and

f.   permanent disability and injury.

Wherefore Plaintiff demands judgment against Defendants in an amount of compensatory and punitive damages to exceed $250,000.00, together with interest, attorney's fees, and costs of court.

THE POWELL LAW FIRM, P.C.

By: _____
A. Riley Powell, IV (POW029)
Post Office Drawer 969
Andalusia, Alabama 36420
205/222-4103
Attorney for Plaintiff

**\*NOTE:   PLAINTIFF DEMANDS TRIAL OF ALL ISSUES BY STRUCK JURY.**

_____
Of Counsel

Page 13 of 17

## CERTIFICATE OF SERVICE

    I hereby certify that I have this date served a copy of the above and foregoing on all counsel of record for the parties by placing a copy of same in the United States mail, postage prepaid and addressed to their regular mailing address, as follows:

    Honorable Tabor R. Novak, Jr.
    BALL, BALL, MATTHEWS & NOVAK, P.A.
    2000 Interstate Park Drive, Ste. 204
    Post Office Box 2148
    Montgomery, AL 36102-2148

    Honorable Alan Livingston
    LEE & McINISH, ATTORNEYS
    P.O. Box 1665
    Dothan, AL 36302

    Honorable Jack B. Hinton, Jr.
    Gidiere, Hinton, Herndon, & Christman
    P.O. Box 4190
    Montgomery, AL 36103

This the 7th day of June, 2006.

_____
Of Counsel