UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN ASHTON, | } | |
| PLAINTIFF, | } | |
| VS. | } | CIVIL ACTION NO: 2:06CV-226-D |
| FLORALA MEMORIAL HOSPITAL; BLAIRE HENSON; RUSSELL PAGE, M.D.; and SAMUEL E. POPPELL, M.D. | } } } | |
| DEFENDANTS. | } | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT, SAMUEL E. POPPELL'S, MOTION TO DISMISS

Comes now the Plaintiff and requests this Honorable Court to deny the Defendant, Samuel E. Poppell's, Motion to Dismiss and as grounds therefor sets forth the following:

### The Middle District has Personal Jurisdiction over Dr. Poppell

1. There is "a clear, firm nexus between the acts of [Dr. Poppell] and the consequences complained of" by John Ashton establishing the necessary contacts for specific jurisdiction over Dr. Poppell. *Duke v. Young*, 496 So.2d 37, 39 (Ala. 1986). In *Duke,* the Court analyzed the "effects test" set out in *Calder v. Jones*, 465 U.S. 783 (1984) pointing out that it was the nature of the defendant's activities rather than the place of their occurrence that the *Calder* Court considered relevant in establishing minimum contacts. Even though there was no physical contact between the petitioners and California, the *Calder* Court found that California's specific jurisdiction was proper over the petitioners because the petitioners' actions were expressly aimed at California, knew there would be

Page 1 of 5

a potentially devastating impact upon respondent, and knew the brunt of the injury would be felt in the state in which the respondent lived, California. *Duke*, 496 So.2d at 39. Much similarly, Dr. Poppell's actions were expressly targeted at Alabama because he took the referral of a Alabama resident from a Alabama hospital but then refused to treat or stabilize the injury when he discovered John Ashton had no method of payment. In refusing to treat or stabilize John Ashton's injury, Dr. Poppell knew this would have a devastating impact on John Ashton and that the brunt of this injury would be felt in Alabama. As such, this Court has specific jurisdiction over Dr. Poppell.

2. Dr. Poppell had fair warning that his actions would subject him to Alabama's jurisdiction. The fair warning requirement is satisfied if the defendant has "purposely directed" his activities at the forum and the litigation results from alleged injuries that arise out of or relate to those activities. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 258 (11th Cir. 1996). Dr. Poppell "purposely directed" his activities at this forum by accepting the referral of John Ashton and then refusing to treat or stabilize his injury when Dr. Poppell discovered John Ashton had no method of payment. The present litigation results from injuries John Ashton incurred as a result of Dr. Poppell's refusal to treat or stabilize the injury to John Ashton's eye. For these reasons, Dr. Poppell should reasonably anticipate being haled into this Court.

3. This Court's jurisdiction over Dr. Poppell does not offend 'notions of fair play and substantial justice' because: 1) this forum would not inconvenience Dr. Poppell in that Walton County borders Alabama; 2) Alabama has a legitimate interest in providing redress for its citizens; 3) this forum accelerates John Ashton's interest in obtaining

convenient and effective relief; 4) and this forum furthers the interstate judicial system's interest in obtaining the most efficient resolution of controversies. *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 477 (1985); *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

### EMTALA applies to Dr. Poppell

4. As to Dr. Poppell's argument that *EMTALA* does not apply to individual physicians, the Court in *Sorrells v. Babcock* allowed a private cause of action against an individual, the emergency room physician, who discharged patient plaintiff from emergency room without stabilization of her symptoms, even though *EMTALA* provides that damage actions may only be brought against hospitals. 733 F. Supp. 1189 (N.D. Ill. 1990).

### Even if EMTALA does not apply to Dr. Poppell, the Plaintiff's State Law claims are due to proceed

5. For the above-mentioned reasons, this Court has jurisdiction over Dr. Poppell.

6. The Plaintiff's state law claims against Dr. Poppell are specific enough as to notify Dr. Poppell of the acts and/or omissions the Plaintiff identifies as tortious conduct.

> When plaintiff files a complaint alleging that a health care provider breached the standard of care owed to the plaintiff, although every element of the cause of action need not be stated with particularity, the plaintiff must give the defendant health care provider fair notice of the allegedly negligent act and must identify the time and place it occurred and the resulting harm. If the complaint affords the defendant health care provider fair notice of these essential elements, the courts should strive to find that the complaint includes the necessary "detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff.

*Mikkelsen v. Salama*, 619 So.2d 1382, 1384 (Ala. 1993). The Complaint gives Dr. Poppell notice of: 1) his negligent act; that being, that he accepted the transfer of the Plaintiff but then refused to

treat his emergency condition, a ruptured globe of his left eye; 2) the time and place this happened, March 12, 2004, at Emerald Coast Eye Institute in Fort Walton, FL, upon a transfer from Florala Memorial Hospital; 3) and the resulting harm being that the Plaintiff has lost the majority of sight in his left eye due to Dr. Poppell's refusal to treat the Plaintiff and the delay in treatment that this refusal caused.

Respectfully submitted this 7th day of June, 2006.

                    THE POWELL LAW FIRM, P.C.

                    By: _____
                        A. Riley Powell, IV (POW029)
                        Post Office Drawer 969
                        Andalusia, Alabama 36420
                        205/222-4103
                        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

    I hereby certify that I have this date served a copy of the above and foregoing on all counsel of record for the parties by placing a copy of same in the United States mail, postage prepaid and addressed to their regular mailing address, as follows:

    Honorable Tabor R. Novak, Jr.
    BALL, BALL, MATTHEWS & NOVAK, P.A.
    2000 Interstate Park Drive, Ste. 204
    Post Office Box 2148
    Montgomery, AL 36102-2148

    Honorable Alan Livingston
    LEE & McINISH, ATTORNEYS
    P.O. Box 1665
    Dothan, AL 36302

    Honorable Jack B. Hinton, Jr.
    Gidiere, Hinton, Herndon, & Christman
    P.O. Box 4190
    Montgomery, AL 36103

This the 7th day of June, 2006.

                                            Of Counsel