UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN ASHTON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| VS. | ) CIVIL ACTION NO. 2:06-cv-226-D |
| | ) |
| FLORALA MEMORIAL HOSPITAL; BLAIRE HENSON; RUSSELL PAGE, M.D.; and SAMUEL E. POPPELL, M.D., | ) |
| | ) |
|    Defendants. | ) |

## DR. RUSSELL PAGE'S OPPOSITION TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES now the Defendant, Dr. Russell Page, and respectfully submits the following brief in opposition of Plaintiff's revised Amended Complaint.

### I.     PROCEDURAL HISTORY.

On or about April 11, 2005, Dr. Russell Page filed his opposition to Plaintiff's motion for leave to amend his complaint on the grounds that the purported amended complaint, asserting vague "state law theories", could not relate back to Plaintiff's original complaint, which asserted only violations of *EMTALA*.

On May 26, 2005, this Court issued an order denying the Plaintiff's motion for leave to amend without prejudice for non-compliance with Middle District of

Alabama local Rule 15.1, and requiring plaintiff to respond to the statute of limitations arguments raised in Dr. Page's *Opposition to Plaintiff's Motion for Leave to Amend*.

On June 7, 2006, plaintiff re-filed his *First Amended Complaint* (presumably in compliance with Rule 15.1) and a second *Motion for Leave to Amend*. In that motion, Plaintiff argues that he should be allowed to amend his complaint because (1) the factual allegations of "Claim One" of the original complaint put Dr. Russell Page on notice that new claims of negligence might be asserted and; (2) "Claim Five" of the original complaint "is a state law negligence claim against all of the defendants, including Russell Page, thereby meeting the requirements of *Federal Rules of Civil Procedure* 15(c)". For the reasons set forth below, neither of these arguments entitle the plaintiff to avoid the statue of limitations.

### II.  ARGUMENTS.

**A.**  *The factual allegations of "Claim One" of Plaintiff's original complaint do not put Dr. Page on notice of a medical negligence claim.*

Plaintiff argues in paragraph two of his motion for leave to amend that "the allegations of Plaintiff's original complaint put Russell Page on notice that new claims of negligence might be asserted because the allegations in [Claim One] of the original complaint states as follows:

> [On] or about March 12, 2004, the plaintiff, John Ashton, sought emergency medical treatment of his left eye from the defendants. The

>    defendants failed to provide such further medical examination and treatment as was required to stabilize the plaintiff's medical condition.
>    . . .

(Claim One, Paragraph 7, Page 2 of Plaintiff's Original Complaint).

Conspicuously absent from Claim One is any mention of Dr. Page or any allegation that any of the defendants acted negligently or otherwise in violation of the applicable standard of care as required by Alabama's Medical Liability Act. Rather, just beyond where plaintiff ends the above-quoted language, the original complaint states, "in <u>violation</u> of the Emergency Medical Treatment and Active Labor Act", clearly limiting the cause of action to one under *EMTALA*. (Claim One, Paragraph 7, Page 2 of Original Complaint).

As argued previously, *EMTALA* was adopted by Congress to prevent <u>hospitals</u> from "dumping" uninsured patients; it was never intended to be used as a federal malpractice statute or to otherwise redress negligent conduct by a healthcare provider. *See Holcomb v. Monahan,* 807 F.Supp. 1526 (M.D. Ala. 1992) *aff'd* 30 F.3d. 116 (11th Cir. 1994); *Marshall v. East Carroll Parish Hospital Service Dist.,* 194 F.3d 319 (5th Cir. 1998). EMTALA was also not intended to provide a federal remedy against an individual physician, such as Dr. Page, under any circumstances. *Holcomb v. Monahan*, 807 F.Supp. 1526 (M.D. Ala. 1992) *aff'd* 30 F.3d 116 (11th Cir. 1994).

Thus, the allegations of the original complaint support only claims asserted under *EMTALA* and are, therefore, separate, distinct and unrelated to any alleged medical malpractice claims asserted in Plaintiff's *First Amended Complaint*. Accordingly, the allegations of the amended complaint do not relate back to the original complaint and are barred by the statute of limitations. Therefore, Plaintiff's *Motion for Leave to Amend* are due to be denied.

    **B.**    *Claim Five of Plaintiff's Original Complaint is not a state law negligence claim, but rather a federal EMTALA claim.*

Plaintiff alleges on page 2 of his *Motion for Leave to Amend* that "any argument by Russell Page that he had no notice that a negligence claim might be asserted is meritless because Claim Five of the Plaintiffs' Original Complaint is a state law negligence claim against all defendants, including Russell Page." Curiously, however, a review of Claim Five, like all other counts of the original complaint, expressly states that the cause of action is being brought under EMTALA and never mentions negligence:

### CLAIM FIVE

    19.    Plaintiff hereby incorporates paragraphs 1-18 as if set out here in full.

    20.    Plaintiff brings this action under Alabama law <u>pursuant to 42 U.S.C. dd(2)(A) of the Emergency Medical Treatment and Active Labor Act</u>. (emphasis added).

. . . .

(Claim Five, Paragraphs 19 and 20 of Plaintiff's Original Complaint).

Just as with Claim One, Claim Five of the original complaint asserts claims under *EMTALA,* which necessarily renders it separate and distinct from the purported state law medical negligence claims in the *First Amended Complaint*. Therefore, the amended complaint cannot relate back and is barred by the statute of limitations, and the Plaintiff's *Motion for Leave to Amend* are due to be denied.

    C.    *Plaintiff's Amended Complaint is substantially a claim for violation of EMTALA.*

Plaintiff's First Amended Complaint is virtually identical to the Original Complaint except for references to negligence, wantonness or outrageous conduct thrown in here or there in an obvious attempt to avoid the strict parameters of *EMTALA*. This Court must judge the complaint by the quality of its substance rather than according to its form or label. *Alabama v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242 *n.*11 (11th Cir. 2005).

Like the original complaint, the amended complaint is in substance an *EMTALA* case which is inapplicable to private physicians such as Dr. Page. Therefore, the *First Amended Complaint* is fatally defective for failure to state a claim upon which relief can be granted, and Plaintiff's *Motion for Leave to Amend* are due to be denied.

    D.    *Plaintiff's First Amended Complaint fails to articulate a cognizable claim against Dr. Page that meets the pleading requirements of* **ALA. CODE § 6-5-551.**

ALA. CODE § 6-5-551 provides that in any action for injury or damages against a healthcare provider for breach of the standard of care, "the plaintiff shall include in the complaint filed in the action a detailed specification and factual description of each act or omission rendered by the plaintiff to render the healthcare provider liable to the plaintiff . . . ." Any complaint that fails to include the detailed specifications required by 6-5-551 "shall be subject to dismissal for failure to state a claim upon which relief may be granted". ALA. CODE § 6-5-551.

The state law allegations in Plaintiff's First Amended Complaint are extremely broad and fail to adequately specify the acts or omissions of Dr. Page that supposedly render him liable under the *Medical Liability Act.* Therefore, the complaint fails to assert a claim upon which relief may be granted and Plaintiff's *Motion for Leave to Amend* is due to be denied.

### E.   *The allegations of Claim Six fail to state a claim.*

In "Claim Six", Plaintiff alleges that Dr. Page "failed to treat and/or stabilize the Plaintiff's emergency medical condition by not performing surgery on the Plaintiff's eye when medically necessary or sending him to a healthcare provider that could perform the surgery." (Claim Six, Plaintiff's *First Amended Complaint*). However, as Plaintiff's complaint recognizes, Dr. Page was the Emergency physician on call at Florala Hospital when the Plaintiff presented for treatment. He is <u>not</u> an opthamologist even remotely qualified to perform eye

surgery. Thus, just as Plaintiff's complaint recognizes, Plaintiff was transferred to Dr. Poppell who is an opthamologist for further treatment. (Paragraph 4, Page 1 of Plaintiff's *First Amended Complaint*). Therefore, Plaintiff's allegations in Claim Six of his Amended Complaint are belied by other parts of his complaint and fail to state a claim upon which relief can be granted.

### F. *Claim Seven of Plaintiff's Complaint fails to state a claim for outrage.*

In Claim Seven of his Amended Complaint, Plaintiff alleges that the "Defendants", including Dr. Page, engaged in outrageous conduct by refusing to treat and/or stabilize the Plaintiff's emergency medical condition when he was in dire need of their medical expertise. (Claim Seven, Paragraph 32, Plaintiff's First Amended Complaint).

To establish outrage, Plaintiff must show that Dr. Page (1) either intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from his conduct; (2) that Dr. Page's conduct was extreme and outrageous; and (3) Dr. Page's conduct caused emotional distress so severe that no reasonable person could be expected to endure it. *Tinker v. Beasley*, 429 F.3d 1324, 1329 (11th Cir. 2005). Outrage is a very limited cause of action that is available only in the most egregious circumstances. *Tinker,* 429 F.3d at 1330. So egregious, in fact, that Alabama Court's have generally recognized only three types of cases that constitute successful outrage claims: (1) cases involving wrongful

conduct in the context of family burials; (2) cases in which insurance agents employ heavy-handed, barbaric means to coerce insureds into settling insurance claims; and (3) cases involving particularly egregious sexual harassment. *Id.* at 1330.

Because this case falls into none of the three categories, Claim Six of the Plaintiff's *First Amended Complaint* fails to state a claim upon which relief can be granted and should be dismissed.

### III. CONCLUSION.

Based upon the foregoing, the state law negligence claims found in Plaintiff's *First Amended Complaint* are barred by the statute of limitations or otherwise fail to state a claim upon which relief can be granted. Therefore, Plaintiff's *Motion for Leave to Amend* is due to be denied and Dr. Russell Page is due to be dismissed.

Respectfully submitted,

| | |
|---|---|
| **/s/ Alan C. Livingston** | **/s/ William W. Nichols** |
| ALAN C. LIVINGSTON, (LIV007) | WILLIAM W. NICHOLS, (NIC027) |
| *Attorney for Defendant* | *Attorney for Defendant* |
| LEE & McINISH, P.C. | LEE & McINISH, P.C. |
| Post Office Box 1665 | Post Office Box 1665 |
| Dothan, Alabama 36302 | Dothan, Alabama 36302 |
| Telephone (334) 792-4156 | Telephone (334) 792-4156 |
| Facsimile (334) 794-8342 | Facsimile (334) 794-8342 |
| alivingston@leeandmcinish.com | wnichols@leeandmcinish.com |

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

A. Riley Powell, IV, Esq. and Tabor Novak, Esq.

Dated this 12th day of June, 2006.

*/s/ Alan Livingston*_____
Of Counsel