UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN ASHTON, | } | |
| PLAINTIFF, | } | |
| VS. | } | CIVIL ACTION NO: 2:06-CV-226-D<br>"Demand for Jury Trial" |
| FLORALA MEMORIAL HOSPITAL; EMERALD COAST EYE INSTITUTE P.A.; BLAIRE HENSON; and RUSSELL PAGE, M.D. | } | |
| DEFENDANTS. | } | |

## FIRST AMENDED COMPLAINT

1. This action arises under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd, and Plaintiff joins his Alabama law claims pursuant to Rule 18, *F. R. Civ. P.*

2. The Defendant, Florala Memorial Hospital, is a 'participating hospital' as defined in 42 U.S.C. § 1395dd(e)(2) and a hospital situated in Covington County, Alabama.

3. The Defendant, Emerald Coast Eye Institute, P.A., is a 'participating hospital' as defined in 42 U.S.C. § 1395dd(e)(2) and is situated in Walton County, Florida. This Defendant accepted the transfer of the Plaintiff from Florala Memorial Hospital. In personam jurisdiction is proper for Emerald Coast Eye Institute, P.A., because it possesses 'minimum contacts' with Alabama in that this institute accepted the initial transfer of the Plaintiff. In doing so, this institute purposefully availed itself with Alabama by accepting patients from Alabama in an attempt to make money from treating Alabama residents. Therefore, it is foreseeable that this Defendant's

  actions in accepting Alabama patients could make it amenable to suit in Alabama. Specific jurisdiction is also proper over this Defendant because there is a clear, firm nexus between the acts of Emerald Coast Eye Institute, P.A. and the consequences complained of by John Ashton. This Court's exercise of jurisdiction over Emerald Coast Eye Institute, P.A. does not offend 'notions of fair play and substantial justice' in that: 1)this claim arises from activity in Alabama; 2) this institute has systematic and continuous activity with Alabama; 3) this forum would not inconvenience Emerald Coast Eye Institute, P.A., in that Walton County borders Alabama; and 4) Alabama has a legitimate interest in providing redress for its citizens.

4.  The Defendant, Dr. Russell Page, is upon information and belief a resident of Covington County, Alabama. Dr. Page was the attending Emergency Room Physician on-call at Florala Memorial Hospital when John Ashton sought treatment for his emergency medical condition.

5.  The Defendant, Blaire Henson, is upon information and belief a resident of Covington County, Alabama and is the hospital administrator at Florala Memorial Hospital.

## STATEMENT OF THE FACTS

6.  On or about 1:15 p.m. on March 12, 2004, John Ashton was transported to Florala Memorial Hospital due to a severe trauma to his left eye. The R.N. at Florala Memorial Hospital noted that there was pink drainage coming from his eye and a red area to his inner eye. Florala Memorial Hospital diagnosed this injury as a detached iris and this injury was later diagnosed by Dr. Zloty at the Flowers Hospital Emergency Room in Dothan, AL, as being a ruptured globe.

7.  Florala Memorial Hospital, Blaire Henson, and Dr. Russell Page, failed to treat and stabilize this

condition to John Ashton's eye when John Ashton needed immediate surgery. John Ashton was transported from Florala Memorial Hospital to the Emerald Coast Eye Institute, P.A., in Fort Walton Beach, FL., whereupon he arrived at or around 5:14 p.m. Emerald Coast Eye Institute, P.A., refused to treat and stabilize this condition transferring John Ashton to Mizell Memorial Hospital in Opp, AL, knowing this hospital did not have the staff, expertise, nor the equipment to perform the services or emergency surgery John Ashton's medical condition required. John Ashton was en route from Mizell Memorial Hospital to Pensacola, FL, when the ambulance driver 'staged' in Crestview, FL, waiting for further instructions. At or around 7:20 p.m., John Ashton was transported to Flowers Hospital Emergency Room in Dothan, AL. John Ashton arrived at or around 9:00 p.m., at which point his condition was finally treated and stabilized by an emergency surgery performed by Dr. Zloty. Due to the delay between the injury and the emergency surgery, John Ashton has lost nearly all of the sight in the injured eye and was forced to go through hours of excruciating pain.

## **CLAIM ONE**

8.  Plaintiff hereby incorporates Paragraphs 1-7 as if set out here in full.

9.  On or about March 12, 2004, **John Ashton,** sought emergency medical treatment of his left eye from Florala Memorial Hospital and Emerald Coast Eye Institute, P.A. These Defendants failed to provide such further medical examination and such treatment as was required to stabilize John Ashton's medical condition in violation of the Emergency Medical Treatment and Active Labor Act.

10. Damages include but are not limited to the following:

    a.    past and future medical bills;

    b.    past, present and future personal injury;

    c.    extreme emotional duress and mental anguish;

    d.    past, present and future pain and suffering;

    e.    lost wages; and

    f.    permanent disability and injury.

Wherefore Plaintiff demands judgment against these Defendants in an amount of compensatory and punitive damages to exceed $250,000.00, together with interest, attorney's fees, and costs of court.

### CLAIM TWO

11. Plaintiff hereby incorporates Paragraphs 1-10 as if set out here in full.

12. On or about March 12, 2004, **John Ashton**, sought emergency medical treatment of his left eye from Florala Memorial Hospital and Emerald Coast Eye Institute, P.A.. These Defendants failed to perform an 'appropriate medical screening' in that the Defendants did not offer the same screening that it would have offered to a paying patient in violation of the Emergency Medical Treatment and Active Labor Act.

13. Damages include but are not limited to the following:

    a.    past and future medical bills;

    b.    past, present and future personal injury;

    c.    extreme emotional duress and mental anguish;

    d.    past, present and future pain and suffering;

  e.  lost wages; and

  f.  permanent disability and injury.

Wherefore Plaintiff demands judgment against these Defendants in an amount of compensatory and punitive damages to exceed $250,000.00., together with interest, attorney's fees, and costs of court.

### CLAIM THREE

14. Plaintiff hereby incorporates Paragraphs 1-13 as if set out here in full.

15. On or about March 12, 2004, **John Ashton**, presented to Florala Memorial Hospital and Emerald Coast Eye Institute, P.A., an emergency medical condition.

16. These Defendants failed to perform an appropriate transfer in that they failed to minimize the risks to John Ashton's health and transferred John Ashton to receiving facilities that had not agreed to accept said transfer or to provide appropriate medical treatment to John Ashton.

17. Damages include but are not limited to the following:

  a.  past and future medical bills;

  b.  past, present and future personal injury;

  c.  extreme emotional duress and mental anguish;

  d.  past, present and future pain and suffering;

  e.  lost wages; and

  f.  permanent disability and injury.

Wherefore Plaintiff demands judgment against these Defendants in an amount of compensatory and punitive damages to exceed $250,000.00., together with interest, attorney's fees, and costs of

court.

### CLAIM FOUR

18.  Plaintiff hereby incorporates Paragraphs 1-17 as if set out here in full.

19.  On or about March 12, 2004, **John Ashton,** presented to Florala Memorial Hospital and Emerald Coast Eye Institute, P.A. an emergency medical condition to his left eye. These Defendants failed to stabilize the John Ashton's medical condition before transferring him to another medical facility in violation of the Emergency Medical Treatment and Active Labor Act.

20.  Damages include but are not limited to the following:

   a.   past and future medical bills;

   b.   past, present and future personal injury;

   c.   extreme emotional duress and mental anguish;

   d.   past, present and future pain and suffering;

   e.   lost wages; and

   f.   permanent disability and injury.

Wherefore Plaintiff demands judgment against these Defendants in an amount of compensatory and punitive damages to exceed $250,000.00., together with interest, attorney's fees, and costs of court.

### CLAIM FIVE

21.   Plaintiff hereby incorporates Paragraphs 1-20 as if set out here in full.

22.   Plaintiff brings this action against Florala Memorial Hospital and Emerald Coast Eye Institute, P.A., under Alabama law pursuant to 42 U.S.C. § 1395dd(d)(2)(A) and against the Dr.

Russell Page, under Alabama law joining these claims pursuant to Rule 18, *F.R. Civ. P.* This Court has jurisdiction over John Ashton's state law claims against Dr. Russell Page, in that it arose out of the same "common nucleus of operative facts" as his federal law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

23. On March 12, 2004, John Ashton relied upon the custom of these Defendants to render him emergency medical care for his left eye in which he sustained a severe trauma and needed emergency surgery to prevent further damage to his eye. By receiving John Ashton for medical treatment, these Defendants voluntarily assumed the duty of rendering him emergency medical treatment. These Defendants violated this duty by discontinuing the emergency medical care John Ashton required of them in failing to treat and/or stabilize John Ashton's emergency medical condition by not performing emergency surgery on the John Ashton's eye when medically necessary and by sending him to a medical provider that could not perform this surgery.

24. Damages include but are not limited to the following:

   a.   past and future medical bills;

   b.   past, present and future personal injury;

   c.   extreme emotional duress and mental anguish;

   d.   past, present and future pain and suffering;

   e.   lost wages; and

f.  permanent disability and injury.

Wherefore Plaintiff demands judgment against these Defendants in an amount of compensatory and punitive damages to exceed $250,000.00., together with interest, attorney's fees, and costs of court.

## CLAIM SIX

25. Plaintiff hereby incorporates Paragraphs 1-24 as if set out here in full.

26. Plaintiff brings this action against Florala Memorial Hospital, under Alabama law pursuant to 42 U.S.C. § 1395dd(d)(2)(A) and against Blaire Henson, under Alabama law joining these claims pursuant to Rule 18, *F.R. Civ. P.* This Court has jurisdiction over John Ashton's state law claims against Blaire Henson in that it arose out of the same "common nucleus of operative facts" as John Ashton's federal law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

27. On March 12, 2004, Florala Memorial Hospital and Blaire Henson, were negligent in appointing and/or failing to properly supervise Dr. Russell Page. Dr. Page was the emergency room physician on-call at Florala Memorial Hospital and failed to treat and/or stabilize John Ashton's emergency medical condition by not performing emergency surgery on the Plaintiff's eye when medically necessary and sending him to a health provider that could not perform this surgery.  Said medical condition being that John Ashton had pink drainage coming from his eye and a red area to his inner eye. This injury was later diagnosed by Dr. Zloty at the Flowers Hospital Emergency Room to be a ruptured globe and was diagnosed as a detached iris at the

Florala Memorial Hospital. John Ashton needed emergency medical surgery to prevent any further damage to his injured eye and to ease the pain of said injury.

28. Blaire Henson was the hospital administrator for Florala Memorial Hospital during this time and part of his duties were assuring the doctors on staff at Florala Memorial Hospital were competent and provided medical treatment to those in need.

29. Florala Memorial Hospital employed Dr. Page and is responsible for assuring that the doctors on staff are competent and provide medical treatment to those in need.

30. Dr. Page was hired and supervised by Blaire Henson and Florala Memorial Hospital and Dr. Page provided John Ashton no treatment for his medical injury when such treatment was necessary.

31. Damages include but are not limited to the following:

   a. past and future medical bills;

   b. past, present and future personal injury;

   c. extreme emotional duress and mental anguish;

   d. past, present and future pain and suffering;

   e. lost wages; and

   f. permanent disability and injury.

Wherefore Plaintiff demands judgment against these Defendants in an amount of compensatory and punitive damages to exceed $250,000.00, together with interest, attorney's fees, and costs of

court.

## CLAIM SEVEN

32.  Plaintiff hereby incorporates Paragraphs 1-31 as if set out here in full.

33.  Plaintiff brings this action brings this action against Florala Memorial Hospital and Emerald Coast Eye Institute, P.A., under Alabama law pursuant to 42 U.S.C. § 1395dd(d)(2)(A) and against Russell Page, M.D., under Alabama law joining these claims pursuant to Rule 18, *F.R. Civ. P.* This Court has jurisdiction over John Ashton's state law claims against Russell Page, M.D., in that it arose out of the same "common nucleus of operative facts" as John Ashton's federal law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

34.  On or about March 12, 2004, these Defendants engaged in outrageous conduct in refusing to treat and/or stabilize John Ashton's emergency medical condition when he was in dire need of their medical expertise. Said medical condition being that John Ashton suffered a trauma to his left eye in which he needed emergency medical surgery to prevent any further damage and to ease the pain of said injury.  John Ashton came to these Defendants with pink drainage coming from his eye and a red area to his inner eye that was later   diagnosed by Dr. Zloty at the Flowers Hospital Emergency Room to be a ruptured globe.

35.   These Defendants engaged in outrageous conduct by not performing this surgery when they were capable of doing so and by sending John Ashton to a health provider that could not perform this surgery.

36. Florala Memorial Hospital and Dr. Page failed to adequately treat and recognize John Ashton's condition because John Ashton had no medical insurance. Florala Memorial Hospital and Dr. Page then transferred John Ashton to Emerald Coast Eye Institute, P.A. before assuring Emerald Coast Eye Institute, P.A. had adequate staff and equipment to perform an emergency surgery on John Ashton's injured eye.

37. Emerald Coast Eye Institute, P.A., failed to adequately treat and recognize John Ashton's condition after notifying Florala Memorial Hospital and Dr. Page that it would accept John Ashton for treatment. Emerald Coast Eye Institute, P.A., denied to treat John Ashton because he had no medical insurance and then transferred John Ashton to Mizell Memorial Hospital in Opp, AL, knowing this hospital did not have the staff, expertise, nor the equipment to perform the services or emergency surgery John Ashton's medical condition required.

38. Damages include but are not limited to the following:

   a. past and future medical bills;

   b. past, present and future personal injury;

   c. extreme emotional duress and mental anguish;

   d. past, present and future pain and suffering;

   e. lost wages; and

   f. permanent disability and injury.

Wherefore Plaintiff demands judgment against these Defendants in an amount of compensatory

and punitive damages to exceed $250,000.00, together with interest, attorney's fees, and costs of court.

### CLAIM EIGHT

39. The Plaintiff hereby incorporates paragraphs 1-38 as if set out here in full.

40. Plaintiff brings this action brings this action against Florala Memorial Hospital and Emerald Coast Eye Institute, P.A., under Alabama law pursuant to 42 U.S.C. § 1395dd(d)(2)(A) and against Blaire Henson, under Alabama law joining these claims pursuant to Rule 18, *F.R. Civ. P.* This Court has jurisdiction over the Plaintiff's state law claims against Blaire Henson, in that it arose out of the same "common nucleus of operative facts" as John Ashton's federal law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

41. On or about March 12, 2004, these Defendants were negligent or wanton in the administration and operation of their medical facilities in rendering medical services to John Ashton for the emergency medical condition to his left eye in that his eye was not treated or properly treated and these Defendants transferred the Plaintiff to a facility that would not or could not treat John Ashton's injury.

42. Dr. Page was the emergency room physician on-call at Florala Memorial Hospital and failed to treat and/or stabilize John Ashton's emergency medical condition by not performing emergency surgery on John Ashton's eye when medically necessary and sending him to a health provider that could not perform this surgery. Said medical condition being that John Ashton had pink drainage coming from his eye and a red area to his inner eye. This injury was later diagnosed by

       Dr. Zloty at the Flowers Hospital Emergency Room to be a ruptured globe and was diagnosed as a detached iris at the Florala Memorial Hospital. John Ashton needed emergency medical surgery to prevent any further damage to his injured eye and to ease the pain to said injury.

43. Blaire Henson was the hospital administrator for Florala Memorial Hospital during this time and part of his duties were assuring the doctors on staff at Florala Memorial Hospital were competent and provided medical treatment to those in need.

44. Florala Memorial Hospital employed Dr. Page and it is responsible for assuring that the doctors on staff are competent and provide medical treatment to those in need.

45. Dr. Page was hired and supervised by Blaire Henson and Florala Memorial Hospital and Dr. Page provided John Ashton no treatment for his medical injury when such treatment was necessary.

46. Emerald Coast Eye Institute, P.A., was negligent or wanton in the administration and operation of their medical facilities in rendering medical services to John Ashton for the emergency medical condition to his left eye in that it failed to adequately treat and recognize John Ashton's condition after notifying Florala Memorial Hospital and Dr. Page that it would accept John Ashton for treatment and perform the emergency surgery that John Ashton needed. Emerald Coast Eye Institute, P.A., failed to treat and stabilize the ruptured globe to John Ashton's eye and transferred him to Mizell Memorial Hospital in Opp, AL, knowing this hospital did not have the staff, expertise, nor the equipment to perform the services or emergency surgery John Ashton's medical condition required.

47. Damages include but are not limited to the following:

    a.    past and future medical bills;

    b.    past, present and future personal injury;

    c.    extreme emotional duress and mental anguish;

    d.    past, present and future pain and suffering;

    e.    lost wages; and

    f.    permanent disability and injury.

Wherefore Plaintiff demands judgment against these Defendants in an amount of compensatory and punitive damages to exceed $250,000.00, together with interest, attorney's fees, and costs of court.

THE POWELL LAW FIRM, P.C.

By: /s/ Riley Powell
    A. Riley Powell, IV (POW029)
    Post Office Drawer 969
    Andalusia, Alabama 36420
    334/ 222-4103
    Attorney for Plaintiff

*NOTE:   PLAINTIFF DEMANDS TRIAL OF ALL ISSUES BY STRUCK JURY.

/s/ Riley Powell
Of Counsel

_____

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Tabor R. Novak, Jr., Alan Livingston, and Jack B. Hinton, Jr.

    This the 19th day of October, 2006.

                        /s/ Riley Powell
                        OF COUNSEL