UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN ASHTON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. CV2:06-226-D |
| | ) | |
| FLORALA MEMORIAL HOSPITAL; | ) | |
| BLAIRE HENSON; RUSSELL PAGE, | ) | |
| M.D.; and SAMUEL E. POPPELL, | ) | |
| M.D., | ) | |
| | ) | |
| DEFENDANTS | ) | |

**ANSWER OF DEFENDANT FLORALA MEMORIAL HOSPITAL
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW the Defendant, improperly designated as Florala Memorial Hospital, and for answer to the Complaint sets forth as follows:

**FIRST DEFENSE**

**(ADMISSIONS AND DENIALS)**

1.      It is not called upon to admit or deny the allegations of Paragraph 1 of the First Amended Complaint, hereinafter called "the Complaint" as the same constitute a legal conclusion.

2.      It admits the allegations of Paragraph 2 of the Complaint.

3.      It has insufficient information to admit or deny the allegations of Paragraph 3 of the Complaint, thus demands strict proof thereof.

4.      It admits that Dr. Russell Page provided medical care and services to John Ashton in the emergency room of Florala Memorial Hospital on the 12th day of March 2004.

5.      It admits the allegations of Paragraph 5 of the Complaint.

6.      It admits that on the 12th day of March 2004, John Ashton received medical care and services at Florala Memorial Hospital, in its emergency room, having presented with a complaint of trauma to the left eye.  It otherwise denies that the factual allegations contained in Paragraph 6 of the Complaint are a complete and accurate recitation of the events of that date, and, as such, they are denied as incomplete.

7.      It denies the allegations of Paragraph 7 of the Complaint.

8.-10.  It denies all allegations of Claim One of the Complaint.

11-13. It denies all allegations of Claim Two of the Complaint.

14-17. It denies all allegations of Claim Three of the Complaint.

18-20. It denies all allegations of Claim Four of the Complaint.

21-24. It denies all allegations of Claim Five of the Complaint.

25-31. It denies all allegations of Claim Six of the Complaint.

32-38. It denies all allegations of Claim Seven of the Complaint.

39-46. It denies all allegations of Claim Eight of the Complaint.

It otherwise denies all allegations of the Complaint not specifically admitted.


## SECOND DEFENSE

Florala Memorial Hospital is not a legal entity and thus, is improperly designated as a defendant herein and not subject to suit.

**THIRD DEFENSE**

It denies any breach of the Emergency Medical Treatment and Active Labor Act.

**FOURTH DEFENSE**

1.      It pleads the general issue.

2.      It is not guilty of the matters set out in the Complaint.

3.      The hospital services rendered to the plaintiff met or exceeded the applicable standard of care.

4.      It breached no duty owed to the plaintiff.

**FIFTH DEFENSE**

1.      The state law causes of action recited by the plaintiff, John Ashton, as to this defendant relate to the adequacy of hospital care and services rendered to him on or about the 12th day of March 2004.  As such, the claims arise exclusively under the terms and provisions of the Medical Liability Act of Alabama as amended.

2.      The state law claims fail to meet the pleading requirements of §6-5-551, and as such, fail to articulate a cognizable state law claim as to this defendant arising under the Medical Liability Act of Alabama.

3.      The hospital care and services rendered by it to the plaintiff met or exceeded the applicable standard of care.

## SIXTH DEFENSE

The plaintiff may neither seek nor recover attorneys fees herein under the terms and provisions of 42 U.S.C. §1395dd(2)(A) or otherwise.

## SEVENTH DEFENSE

The claims of the plaintiff as to parties other than this defendant, if true, constitute an efficient intervening cause and bar the plaintiff's as to it recovery herein.

## EIGHTH DEFENSE

The claims of the plaintiff arising under "state law" are effectively barred by the applicable statutes of limitations.

## NINTH DEFENSE

1.     Defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to plaintiff.

2.     Defendant avers that any award of punitive damages to the plaintiff in this case would be violative of the constitutional safeguards provided to defendant under the Constitution of the State of Alabama.

3.     Defendant avers that any award of punitive damages to the plaintiff in this case would be violative of the constitutional safeguards provided to defendants under the Constitution of the United States of America.

4.     Defendant avers that any award of punitive damages to the plaintiff in this case would be violative of the constitutional safeguards provided to the defendant under

4

the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

5.      Defendant avers that any award of punitive damages to the plaintiff in this case would be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

6.      Defendant avers that any award of punitive damages to the plaintiff in this case would be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, defendants are entitled to the same procedural safeguards accorded to criminal defendants.

7.      It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this defendant punitive damages, which are penal in nature, yet compel defendant to disclose documents and evidence.

8.      It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this defendant punitive damages, which are penal in nature, yet compel defendant to disclose documents and evidence.

9.    Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit or, the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

c)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

e)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

f)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

10.  Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, on the following grounds:

a)  It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

c)  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

e)  The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

f)  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant.

11.  Plaintiff's attempt to impose punitive or extracontractual damages on this defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

12.  The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

13.  The award of punitive damages against the defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

14.    The Complaint fails to state a claim for punitive damages under Alabama Code §§ 6-11-20 to 6-11-30 (1975) and is barred.

15.    It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this defendant punitive damages, which are penal in nature, yet compel defendants to disclose evidence.

Respectfully submitted this the 1st day of November 2006.

BALL, BALL, MATTHEWS & NOVAK, P.A.


s/Tabor R. Novak, Jr. - NOV001
As Attorneys for the Defendant
Designated as
Florala Memorial Hospital

2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148
Telephone:  334/387-7680
Telecopier:  334/387-3222

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1st day of November 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

A. Riley Powell, IV, Esq.
P. O. Drawer 969
Andalusia, Alabama 36420

Alan Livingston, Esq.
Lee & McInish
P. O. Box 1665
Dothan, Alabama 36302

Jack B. Hinton, Jr., Esq.
Gidiere, Hinton, Herndon & Christman
Suite 904/60 Commerce Street
Montgomery, Alabama 36104

/s/ Tabor R. Novak, Jr.