UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN ASHTON, | ) |
| PLAINTIFF, | ) ) ) |
| VS. | ) CIVIL ACTION NO. CV2:06-226-D ) |
| FLORALA MEMORIAL HOSPITAL; BLAIRE HENSON; RUSSELL PAGE, M.D.; and SAMUEL E. POPPELL, M.D., | ) ) ) ) ) |
| DEFENDANTS | ) ) ) |

### ANSWER OF DEFENDANT BLAIRE HENSON
### TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the Defendant, Blaire Henson, and for , and for answer to the Plaintiff's First Amended Complaint (hereinafter called "the Complaint") sets forth as follows:

### PRELIMINARY STATEMENT

By previous Order of this Court, the plaintiff may neither seek nor recover damages from this defendant for any purported violation of the Emergency Medical Treatment and Active Labor Act. To the extent that the Complaint seeks to make claims of that nature as to this defendant, they are barred by the rule of the case.

## **FIRST DEFENSE**

**(ADMISSIONS AND DENIALS)**

1. He denies the allegations of the Complaint as the same relate to him.

2. He admits the allegations of Paragraph 2 of the Complaint.

3. He has insufficient information to admit or deny the allegations of Paragraph 3 of the Complaint, thus demands strict proof thereof.

4. He admits, on information and belief, that Dr. Russell Page provided medical care and services in the Florala Memorial Emergency Room to John Ashton on the 12th day of March 2004.

5. He admits the allegations of Paragraph of the Complaint.

6. He admits, on information and belief, that on the 12th day of March 2004, John Ashton received certain medical care and services in the emergency room of Florala Memorial Hospital and, that he presented there with the complaint of trauma to his left eye. He otherwise denies that the remaining allegations of the Complaint completely and accurately recite the events set out therein, thus denies the same.

7. He denies he had any duty or obligation to treat or stabilize the condition complained of by John Ashton and further denies all remaining allegations of Paragraph 7 of the Complaint.

8.-24. Claims One through Five of the Complaint relate to defendants other than Blaire Henson. They relate to claims arising under EMTALA which have no application to this defendant by previous ruling of the Court. To the extent that the allegations of Paragraphs 1 through 24 relate to this defendant, they are denied.

2

25-31. He denies the allegations of Paragraphs 25 through 31 of the Complaint and would affirmatively assert that he has no duty to appoint or supervise Dr. Page or any other member of the medical staff as alleged in Claim Six of the Complaint. He denies the allegations of Count Six of the Complaint.

32-38. He denies the allegations of Claim Seven of the Complaint.

39-46. He denies the allegations of Claim Eight of the Complaint.

He denies all remaining allegations of the Complaint not specifically admitted.

## SECOND DEFENSE

1. He pleads the general issue.

2. He is not guilty of the matters set out in the Complaint.

3. He owed no duty to the plaintiff as a alleged in the Complaint.

4. He breached no duty lying in favor of the plaintiff.

## THIRD DEFENSE

1. The state law causes of action recited by the plaintiff, John Ashton, as to relate to the adequacy of medical and hospital care and services rendered to him on or about the 12th day of March 2004. As such, the claims arise exclusively in accordance with the terms and provisions of the Medical Liability Act of Alabama as amended.

2. The claims fail to meet the pleading requirements of §6-5-551, and as such fail to articulate a cognizable state law claim as to this defendant arising under the Medical Liability Act of Alabama.

3. He is not a "health care provider" within the meaning of §6-5-542.

## FOURTH DEFENSE

The plaintiff may neither seek nor recover attorneys fees herein under the terms and provisions of 42 U.S.C. §1395dd(2)(A) or otherwise.

## FIFTH DEFENSE

The claims of the plaintiff as to parties other than this defendant, if true, constitute an efficient intervening cause and bar the plaintiff's recovery against this defendant herein.

## SIXTH DEFENSE

The claims of the plaintiff arising under "state law" are effectively barred by the applicable statutes of limitations.

## SEVENTH DEFENSE

1. Defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to plaintiff.

2. Defendant avers that any award of punitive damages to the plaintiff in this case would be violative of the constitutional safeguards provided to defendant under the Constitution of the State of Alabama.

3. Defendant avers that any award of punitive damages to the plaintiff in this case would be violative of the constitutional safeguards provided to defendants under the Constitution of the United States of America.

4. Defendant avers that any award of punitive damages to the plaintiff in this case would be violative of the constitutional safeguards provided to the defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

5. Defendant avers that any award of punitive damages to the plaintiff in this case would be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

6. Defendant avers that any award of punitive damages to the plaintiff in this case would be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, defendants are entitled to the same procedural safeguards accorded to criminal defendants.

7. It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this defendant punitive damages, which are penal in nature, yet compel defendant to disclose documents and evidence.

8. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this defendant punitive damages, which are penal in nature, yet compel defendant to disclose documents and evidence.

9. Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

  a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

  b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit or, the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

  c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

  d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

  e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

  f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

10. Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, on the following grounds:

a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

e) The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

f) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant.

11. Plaintiff's attempt to impose punitive or extracontractual damages on this defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

12. The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

13. The award of punitive damages against the defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

14.     The Complaint fails to state a claim for punitive damages under <u>Alabama Code</u> §§ 6-11-20 to 6-11-30 (1975) and is barred.

15.     It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this defendant punitive damages, which are penal in nature, yet compel defendants to disclose evidence.

Respectfully submitted this the 1st day of November 2006.

BALL, BALL, MATTHEWS & NOVAK, P.A.

<u>s/Tabor R. Novak, Jr. - NOV001</u>
As Attorneys for the Defendant
Designated as
Florala Memorial Hospital

2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148
Telephone: 334/387-7680
Telecopier: 334/387-3222

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of November 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

A. Riley Powell, IV, Esq.
P. O. Drawer 969
Andalusia, Alabama 36420

Alan Livingston, Esq.
Lee & McInish
P. O. Box 1665
Dothan, Alabama 36302

Jack B. Hinton, Jr., Esq.
Gidiere, Hinton, Herndon & Christman
Suite 904/60 Commerce Street
Montgomery, Alabama 36104

/s/ Tabor R. Novak, Jr.