UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN ASHTON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:06CV-226-D |
| | ) |
| | ) |
| FLORALA MEMORIAL | ) |
| HOSPITAL; BLAIRE HENSON; | ) |
| RUSSELL PAGE, M.D., and | ) |
| SAMUEL E. POPPELL, M.D., | ) |
| | |
| Defendants. | |

### ANSWER OF RUSSELL PAGE, M.D. TO PLAINTIFF'S
### FIRST AMENDED COMPLAINT

Comes now Defendant, RUSSELL PAGE, M.D., and for answer to Plaintiff's First Amended Complaint says as follows:

1. Paragraph one of Plaintiff's Complaint is a conclusion of the pleader to which no response is required.

2. Dr. Page admits that Florala Memorial Hospital is a hospital situated in Covington County, Alabama.

3. The allegations of paragraph three of Plaintiff's Complaint are conclusions of the pleader to which no response is required. To the extent that this paragraph of Plaintiff's Complaint requires any response from this Defendant, the allegations thereof are denied.

4. Dr. Page denies that he is a resident of Covington County, Alabama. The remaining material allegations of paragraph four of Plaintiff's Complaint are admitted.

5. Dr. Page admits the allegations of paragraph five of Plaintiff's Complaint.

6. Dr. Page admits that the Plaintiff, John Ashton, was treated in the emergency room of Florala Memorial Hospital on March 12, 2004. The remaining allegations of paragraph six are denied.

7. Dr. Page denies the allegations of paragraph seven of Plaintiff's Complaint.

8. Paragraph eight of Plaintiff's Complaint requires no response.

9. Defendant denies the material allegations of paragraph nine of Plaintiff's Complaint.

10. Dr. Page denies the material allegations of paragraph ten of Plaintiff's Complaint.

11. Paragraph eleven of Plaintiff's Complaint requires no response.

12. Dr. Page denies the material allegations of paragraph twelve of Plaintiff's Complaint.

13. Dr. Page denies the material allegations of paragraph thirteen of Plaintiff's Complaint.

14. Paragraph fourteen of Plaintiff's Complaint requires no response.

15. Dr. Page admits that Plaintiff, John Ashton, presented to Florala Memorial Hospital with an injury to his eye. The balance of the material allegations of paragraph fifteen are denied.

16. Dr. Page denies the material allegations of paragraph sixteen of Plaintiff's Complaint.

17. Dr. Page denies the material allegations of paragraph seventeen of Plaintiff's Complaint.

18. Paragraph eighteen of Plaintiff's Complaint requires no response.

19. To the extent that the allegations of paragraph nineteen of Plaintiff's Complaint assert any claim against Dr. Page, these allegations are denied.

20. Dr. Page denies the material allegations of paragraph twenty of Plaintiff's Complaint.

21. Paragraph twenty-one of Plaintiff's Complaint requires no response.

22. Dr. Page denies the material allegations of paragraph twenty-two of Plaintiff's Complaint.

23. Dr. Page denies the material allegations of paragraph twenty-three of Plaintiff's Complaint.

24. Dr. Page denies the material allegations of paragraph twenty-four of Plaintiff's Complaint.

25. Paragraph twenty-five of Plaintiff's Complaint requires no response.

26. Dr. Page denies the material allegations of paragraph twenty-six of Plaintiff's Complaint.

27. Dr. Page denies the material allegations of paragraph twenty-seven of Plaintiff's Complaint.

28. Dr. Page denies the material allegations of paragraph twenty-eight of Plaintiff's Complaint.

29. Dr. Page denies the material allegations of paragraph twenty-nine of Plaintiff's Complaint.

30. Dr. Page denies the material allegations of paragraph thirty of Plaintiff's Complaint.

31. Dr. Page denies the material allegations of paragraph thirty-one of Plaintiff's Complaint.

32. Paragraph thirty-two of Plaintiff's Complaint requires no response.

33. Dr. Page denies the material allegations of paragraph thirty-three of Plaintiff's Complaint.

34. Dr. Page denies the material allegations of paragraph thirty-four of Plaintiff's Complaint.

35. Dr. Page denies the material allegations of paragraph thirty-five of Plaintiff's Complaint.

36. Dr. Page denies the material allegations of paragraph thirty-six of Plaintiff's Complaint.

37. Dr. Page denies the material allegations of paragraph thirty-seven of Plaintiff's Complaint.

38. Dr. Page denies the material allegations of paragraph thirty-eight of Plaintiff's Complaint.

39. Paragraph thirty-nine of Plaintiff's Complaint requires no response.

40. Dr. Page denies the material allegations of paragraph forty of Plaintiff's Complaint.

41. Dr. Page denies the material allegations of paragraph forty-one of Plaintiff's Complaint.

42. Dr. Page denies the material allegations of paragraph forty-two of Plaintiff's Complaint.

43. Dr. Page denies the material allegations of paragraph forty-three of Plaintiff's Complaint.

44. Dr. Page denies the material allegations of paragraph forty-four of Plaintiff's Complaint.

45. Dr. Page denies the material allegations of paragraph forty-five of Plaintiff's Complaint.

46. Dr. Page denies the material allegations of paragraph forty-six of Plaintiff's Complaint.

47. Dr. Page denies the material allegations of paragraph forty-seven of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

Defendant, Russell Page, M.D., avers that he is a health care provider as that term is defined in the Alabama Medical Liability Act. Defendant avers that the Alabama Medical Liability Act provides for the sole cause of action against health care providers and this Defendant claims the benefit of all of the provisions of said Act.

## SECOND AFFIRMATIVE DEFENSE

Defendant avers that he provided to Plaintiff such care and treatment as is within the standard of care applicable to emergency room physicians practicing medicine in the State of Alabama at the time and place of the events described in Plaintiff's Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages against this Defendant because such an award, which is penal in nature, would violate this Defendant's constitutionally protected rights under the Alabama Constitution of 1901, as amended, and the Constitution of the United States, unless this Defendant is afforded the same procedural safeguards and protections as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents and the right to the requirement of a level of proof beyond a reasonable doubt.

## FOURTH AFFIRMATIVE DEFENSE

Subjecting this Defendant to punitive damages, or affirming an award of punitive damages against this Defendant in this case would amount to and constitute a denial of due process, as afforded by the due process clause of the Fourteenth Amendment of the United States Constitution and by the due process clause of Article I, §13 of the Alabama Constitution as separation of property without due process of law, or standards or criteria of due process of law, based upon the following grounds and circumstances, separately and severally assigned:

(a.) Any award of punitive damages against this Defendant under the evidence in this case would necessarily be based upon an evidentiary standard less than the standard of proof beyond a reasonable doubt;

(b.) There is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

(c.) Any punitive damage award would not be subject to post-trial or appellate review on the basis of suitable and sufficient objective standards and criteria;

(d.) The power and authority imposed upon the jury under Alabama law as to the amount of punitive damages is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of any award of punitive damages;

(e.) Under Alabama law and procedure, there is no objective, logical or rational relationship between an award of punitive damages, or the amount of the award, and any alleged wrongful or culpable conduct on the part of this Defendant.

(f.) In the event that a single verdict be mandated against all Defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular Defendant, and such a non-apportionment rule could result in a joint and several verdict against all Defendants, whereby punitive damages could be assessed against one Defendant based in whole or in part upon the culpability of another Defendant, and such a joint verdict in the single

amount could be enforced against a Defendant for any portion of that judgment, regardless of the Defendants culpability or relative culpability;

(g.)    Alabama procedures, pursuant to which the amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts.

(h.)    The procedures pursuant to which punitive damages are awarded under Alabama law are unconstitutionally vague;

(i.)    An award of punitive damages against this Defendant would constitute an arbitrary and capricious taking of the property of this Defendant without due process of law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages from this Defendant pursuant to the facts as alleged in Plaintiff's Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Imposition of punitive damages in this case against this Defendant would contravene the commerce clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages sustained by the Plaintiff were the proximate result of his own negligence.

### EIGHTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff against Dr. Page are barred by the applicable statute of limitations, to wit: two years.

Respectfully submitted,

| | |
|---|---|
| /s/ Alan C. Livingston | /s/ William W. Nichols |
| ALAN C. LIVINGSTON, (LIV007) | WILLIAM W. NICHOLS, (NIC027) |
| *Attorney for Defendant Clark Allums* | *Attorney for Defendant Clark Allums* |
| LEE & McINISH, ATTORNEYS | LEE & McINISH, ATTORNEYS |
| Post Office Box 1665 | Post Office Box 1665 |
| Dothan, Alabama 36302 | Dothan, Alabama 36302 |
| Telephone (334) 792-4156 | Telephone (334) 792-4156 |
| Facsimile (334) 794-8342 | Facsimile (334) 794-8342 |
| alivingston@leeandmcinish.com | wnichols@leeandmcinish.com |

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: A. Riley Powell, IV and Tabor Novak.

Dated this the 2nd day of November, 2006.

                                                    */s/ Alan C. Livingston*
                                                    OF COUNSEL