UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN ASHTON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   2:06-CV-226-D |
| | ) |
| FLORALA MEMORIAL HOSPITAL., | ) |
| BLAIRE HENSON; RUSSELL | ) |
| PAGE, M.D., and EMERALD COAST | ) |
| EYE INSTITUTE, P.A., et al. | ) |
| | ) |
|    Defendants. | ) |

<u>**MOTION TO DISMISS OF**
**EMERALD COAST EYE INSTITUTE, P.A.**</u>

COMES NOW the defendant, Emerald Coast Eye Institute, P.A. (hereinafter "Emerald Coast") and, without waiving jurisdiction, by and through the undersigned counsel, requests that this Honorable Court dismiss the Complaint styled the "First Amended Complaint" as against this defendant. As grounds therefore, Emerald Coast states as follows:

<u>**Background**</u>

1. On March 10, 2006, plaintiff John Ashton filed a multi-count Complaint against Florala Memorial Hospital, Blaire Hinson, Russell Page, M.D. and Samuel E. Poppell, M.D.

2. The Complaint on its face claimed that the action arose under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd. Subsequently, Ashton

sought to add supplemental State law claims to his "anti-dumping" EMTALA claims.

3. All of the then named defendants moved to dismiss the original Complaint and opposed Ashton's additional efforts at amending the Complaint.

4. While those motions were pending, Ashton again sought to amend his Complaint requesting permission to do so and, this time, purporting to name Emerald Coast Eye Institute, P.A. as a defendant.

5. This Honorable Court recently dismissed Dr. Poppell as a defendant in its Memorandum Opinion and Order dated October 5, 2006. In that Order, the Court agreed that Dr. Poppell's Rule 12(b)(2) Motion to Dismiss was due to be granted. The Court determined in a lengthy and extensively reasoned opinion that there is no evidence "that Dr. Poppell's contacts with Alabama were continuous and systematic" so as to support the Court's exercise of general personal jurisdiction over Dr. Poppell. The Court further noted that the test for determining minimum contacts was not satisfied, thus, precluding the exercise of specific personal jurisdiction over Dr. Poppell.

6. At the time of the Court's Order referenced above, Emerald Coast had not been served with a copy of any Amended Complaint nor had this Court granted permission for such an Amendment to be served until the issuance of its October 5, 2006 ruling. At that time, the Court concluded that "Ashton's Motion for Leave to Amend is due to be granted on the condition that he file a First Amended Complaint which complies with the Court's rulings herein."

7. On October 19, 2006, Ashton filed his "First Amended Complaint". Emerald Coast was served on October 27, 2006.

### The Middle District Lacks Personal Jurisdiction Over Emerald Coast

8. Emerald Coast Eye Institute, P.A. is a for profit professional association incorporated under the laws of the State of Florida. Accompanying this motion as **Exhibit "A"** is a copy of the Articles of Incorporation of Emerald Coast. It was in January 1996 with Dr. Poppell being one of the original incorporators.

9. One of the expressed purposes of Emerald Coast at its inception was to engage in the "general practice of medicine".

10. The principal office of Emerald Coast is 911A Mar Walt Drive, Fort Walton Beach, Florida 32547 (the street name is misspelled in the incorporation documents). The Bylaws of Emerald Coast are attached herewith as **Exhibit "B"**. They reflect that Dr. Poppell was the president of Emerald Coast at its inception.

11. Dr. Poppell remains the president of Emerald Coast and is its sole shareholder.

12. As stated in Dr. Poppell's Motion to Dismiss and his Affidavit in support thereof, Dr. Poppell is "associated with Emerald Coast Eye Institute, P.A. which has offices in Fort Walton Beach, Florida, Destin, Florida and Crestview, Florida." The clinic in which he operates at those three locations is the Emerald Coast Eye Institute, P.A. Clinic. A copy of Dr. Poppell's previously filed Affidavit is attached and adopted herewith as **Exhibit "C"** for ease of reference.

13. The First Amended Complaint purports to assert that Emerald Coast is a participating hospital as defined under EMTALA and that Emerald Coast "accepted the transfer" of Ashton from Florala Memorial Hospital. Similar to its argument in favor of jurisdiction over Dr. Poppell, Ashton contends in a conclusory fashion that this Court possesses in-personam jurisdiction over Emerald Coast because of Emerald Coast's minimum contacts with Alabama "in that this institute accepted the initial transfer of the Plaintiff. In doing so, this institute purposely availed itself with Alabama by accepting patients from Alabama in an attempt to make money from treating Alabama residents."

14. Ashton also contends that specific jurisdiction is allegedly proper over Emerald Coast "because there is a clear, firm nexus between the acts of Emerald Coast Eye Institute, P.A. and the consequences complained of by John Ashton."

15. Again, in another sweep of conclusory language, plaintiff contends that this Court's exercise of jurisdiction over Emerald Coast would not be constitutionally offensive because 1) Ashton's claim allegedly arises from activity in Alabama, 2) Emerald Coast has systematic and continuous activity in Alabama, 3) it would not inconvenience Emerald Coast to defend this suit in Alabama, and 4) Alabama has a legitimate interest in effectuating redress in this and other similar matters.

16. In short, all Ashton has done is regurgitate the same theory that has been rejected by this Court regarding jurisdiction over Dr. Poppell. Ashton attempts to circumvent this Court's earlier jurisdictional ruling by plugging in the name "Emerald

Coast Eye Institute, P.A." and asserting that it is a "participating hospital" under EMTALA. This ruse should not be believed by the Court.

17. As stated in the new affidavit of Dr. Poppell attached herewith as **Exhibit "D"**, Emerald Coast does not have a presence in Alabama nor does it hold itself out as attempting to attract Alabama residents per se, and none specifically from the Covington County area. All of Emerald Coast's professional activities are confined to the State of Florida. Emerald Coast had no role in the selection of the ambulance company or the personnel utilized to transport Mr. Ashton from Florala, Alabama to Fort Walton, Florida on March 12, 2004. Emerald Coast has no written or oral contractual relationship with Florala Memorial Hospital nor does it have any professional affiliation with that hospital.

18. As the president of Emerald Coast, Dr. Poppell knows of no other patient ever received by Emerald Coast from Florala's emergency department. As far as the incident in question is concerned, the only action from a medical nature taken by Emerald Coast was done by Dr. Poppell. On behalf of Emerald Coast, Dr. Poppell thoroughly evaluated Mr. Ashton and determined that he could not be properly cared for at the Emerald Coast Clinic due to the severity of his condition which demanded immediate surgery. None of the clinics at Emerald Coast are equipped to do the type of surgery needed for Mr. Ashton. The clinics are not inpatient facilities nor are they in any way remotely comparable to the facilities of a hospital. They are typical doctors' offices.

19. The personal jurisdiction assessment previously conducted in an extensive fashion by this Court is dispositive of the personal jurisdiction question over Emerald Coast. Again, as cited by Dr. Poppell in earlier filings, Morgan v. North Mississippi Medical Center, 403 F. Supp. 2d 1115 (S.D. Ala. 2005) *reconsideration denied* December 30, 2005, is controlling. It is Ashton's burden to establish a prima facie case of personal jurisdiction over Emerald Coast and requires a presentation of evidence sufficient to withstand a Motion for Direct Verdict.

20. Here, simply changing the designation from Dr. Poppell to Emerald Coast does not meet constitutional muster. Emerald Coast has no more contacts with the State of Alabama than does Dr. Poppell. As a professional association formed and operating under the laws of the State of Florida, it probably has less. Plaintiff has asserted nothing new or different than that already evaluated by this Court in its exhaustive analysis of the jurisdiction issue.

21. For the afore stated reasons and those already articulated by this Court in its October 5, 2006 Order and Dr. Poppell's previously filed Motion to Dismiss and supporting documentation, Emerald Coast should be dismissed pursuant to Rule 12(b)(2). In that respect Ashton's First Amended Complaint does not meet this Court's condition that the Amendment "complies with the Court's rulings herein".

### EMTALA Does Not Apply To Emerald Coast

22. Assuming without conceding that this Court determines that it has jurisdiction over Emerald Coast, plaintiff's claims against it do not meet statutory muster and should be dismissed under Rule 12(b)(6). As stated in the affidavit of Dr. Poppell attached herewith as **Exhibit "D"**, Emerald Coast is not a hospital much less a "participating hospital" as required under EMTALA. Emerald Coast is simply a clinic formed as a professional association of physicians the banner under which Dr. Poppell and others practice in three Florida cities. EMTALA, by its own terms, must and can only apply as against a participating hospital. Ashton's Amended Complaint purporting to add Emerald Coast is nothing more than a lawsuit against Dr. Poppell disguised as one against Emerald Coast. Again, EMTALA makes no provision for a suit against an individual physician and "is confined on its face to hospital emergency departments." Morgan v. North Mississippi Medical Center, 402 F. Supp. 2d at 1126 (S.D. Ala. 2005).

23. The enforcement provision of EMTALA is limited to "participating hospitals." 42 U.S.C. § 1395dd(2)(a). A "participating hospital" is in turn defined as "a **hospital** that has entered into a [Medicare] provider agreement under section 1395cc of this title." Id. at § 1395dd(e)(2) (emphasis added). The existence of a Medicare provider agreement is relevant to whether a facility is "participating" for EMTALA purposes, not to whether a facility is a hospital.

24. It is clear that EMTALA does not apply to all health care facilities; it applies

only to participating hospitals with dedicated emergency departments. See, e.g., Rodriguez v. Am. Int'l Ins. Co., 402 F.3d 45 (1st Cir. 2005). Therefore, Emerald Coast does not qualify for the provisions of EMTALA to govern.

WHEREFORE PREMISES CONSIDERED, Defendant Emerald Coast Eye Institute, P.A. respectfully requests that this Honorable Court:

1) Dismiss it for lack of personal jurisdiction or alternatively;

2) Dismiss the Amended Complaint against it as improperly filed against it under EMTALA.


/s/ Jack B. Hinton, Jr.


OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, AL  36103
(334)834-9950

8

**CERTIFICATE OF SERVICE**

    I do hereby certify that I have on this 20th day of November, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following:

A. Riley Powell, IV, Esq.
Post Office Drawer 969
Andalusia, AL  36420

Tabor R. Novak, Jr., Esq.
Ball, Ball, Matthews & Novac, P.A.
2000 Interstate Park Drive, Ste. 204
Montgomery, AL  36102-2148

Alan Livingston, Esq.
Lee & McInish, Attorneys
P.O. Box 1665
Dothan, AL  36302

    /s/_____
    Jack B. Hinton, Jr.