

DEFENDANT'S EXHIBIT D

# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| JOHN ASHTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:06-CV-226-D |
| | ) |
| FLORALA MEMORIAL HOSPITAL., | ) |
| BLAIRE HENSON; RUSSELL | ) |
| PAGE, M.D., EMERALD COAST | ) |
| EYE INSTITUTE, P.A., et al. | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF SAMUEL E. POPPELL

Before me, the undersigned authority, personally appeared Dr. Samuel E. Poppell, to me known, and first being duly sworn on oath, deposed and said:

My name is Samuel E. Poppell, M.D. and I am president of Emerald Coast Eye Institute, P.A. ("Emerald Coast"). I am Board Certified by the American Board of Ophthalmology and am licensed to practice medicine in Florida. I am an Ophthalmologist practicing primarily in Fort Walton Beach, Florida. I am familiar with the plaintiffs' claims in the above referenced civil action and make this affidavit based upon my own personal knowledge of the following matters set forth in this affidavit:

I am the President and sole shareholder of Emerald Coast Eye Institute, P.A. Emerald Coast maintains offices in Fort Walton Beach, Florida, Destin, Florida and Crestview, Florida. One of the purposes of Emerald Coast at its inception was to engage in the general practice of medicine. Attached herewith as Exhibits A and B are a true and accurate copy of Emerald Coast's Articles of Incorporation and Bylaws. Its principal office is located at 911-A Mar Walt Drive. Emerald Coast does not have a presence in Alabama nor does it hold itself out as

attempting to attract Alabama residents. All of Emerald Coast's professional activities are confined to the State of Florida.

Emerald Coast nor any of its agents/employees had any role in the selection of the ambulance company or personnel utilized to transport Mr. Ashton from Florala, Alabama to Fort Walton on March 12, 2004. Emerald Coast has no written or oral contractual arrangement with Florala Memorial Hospital nor does it have any professional affiliation with that hospital. To my knowledge, this is the only time Emerald Coast has ever received a referral from Florala's Emergency Department.

As far as the incident in question is concerned, the only action from a medical nature taken by Emerald Coast was done by me. On behalf of Emerald Coast, I responded to a call from Dr. Page as set out in my earlier filed affidavit. I thoroughly evaluated Mr. Ashton and determined that I could not properly care for him at the Emerald Coast Clinic due to the severity of his condition which demanded immediate surgery. None of the clinics at Emerald Coast are equipped to do the type of surgery needed for Mr. Ashton. The clinics are not inpatient facilities nor are they in any way remotely comparable to the facilities of a hospital. They are typical doctors' offices.

Emerald Coast has no greater general or specific contacts with the State of Alabama than do I. On the specific occasion at issue, the only contact with Alabama was the telephone call from Dr. Page which I handled.

Based on my assessment of the patient, I believed that he needed to go either to UAB or Dothan or some other large facility capable of handling the type of injury and surgery required. Ultimately, I understand that Mr. Ashton was transported to Dothan, Alabama where he underwent emergency surgery by Dr. Peter Zloty.

Based on my education, training, and experience, in my opinion, the decisions I made on behalf of Emerald Coast, in regard to the handling of Mr. Ashton's presentation were appropriate under the circumstances and met or exceeded any applicable standard of care. To the extent there is any inference

2

or allegation that Emerald Coast breached any applicable standard of care, in my opinion, there was no such breach and no alleged breached contributed to cause any subsequent injury or damage to Mr. Ashton's eye.

I understand that this Affidavit is to be used for any legal purpose in the above referenced and styled lawsuit.



SAMUEL E. POPPELL, M.D. as President of Emerald Coast Eye Institute, P.A.

SWORN TO AND SUBSCRIBED BEFORE ME this the 17th day of November, 2006.

Bonnie H McLovich
My Commission DD296198
Expires May 29, 2008

NOTARY PUBLIC
My Commission Expires

JACK B. HINTON, JR. (HIN020)
Attorney for Defendant

OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, AL 36103
Telephone: (334) 834-9950
FAX: (334) 834-1054

3

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served on the following by placing a copy of same in the United States mail, postage prepaid and properly addressed this _____ day of November, 2006:

A. Riley Powell, IV, Esq.
Post Office Drawer 969
Andalusia, AL 36420

Tabor R. Novak, Jr., Esq.
Ball, Ball, Matthews & Novac, P.A.
2000 Interstate Park Drive, Ste. 204
Montgomery, AL 36102-2148

Alan Livingston, Esq.
Lee & McInish, Attorneys
P.O. Box 1665
Dothan, AL 36302

_____
Jack B. Hinton, Jr.