UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEFENDANT'S EXHIBIT "A"

| | |
|---|---|
| JOHN ASHTON, | ) |
| Plaintiff, | ) |
| v. | ) 2:06-CV-226-D |
| FLORALA MEMORIAL HOSPITAL., BLAIRE HENSON; RUSSELL PAGE, M.D., and EMERALD COAST EYE INSTITUTE, P.A., et al. | ) |
| Defendants. | ) |

## AMENDED MOTION TO DISMISS

COMES NOW the defendant, Emerald Coast Eye Institute, P.A. (hereinafter "Emerald Coast") and amends its previously filed Motion to Dismiss (Document 40). As grounds therefore, Emerald Coast states as follows:

1. The statute of limitations for adding Emerald Coast as a party has expired. The statute of limitations for actions against a medical practitioner or other health care provider for an alleged breach of the applicable standard of care is two years. (See §6-5-482 Code of Alabama, 1975.)

2. The actions made the subject matter of this lawsuit are alleged to have occurred on March 12, 2004. (See para. 7 Compl. (Doc. No. 1).) The First Amended Complaint includes allegations that Emerald Coast "failed to adequately treat and recognize John Ashton's condition" (para. 37 1st Am. Compl. (Doc. No. 31)) and that Emerald Coast "was negligent or wanton in the administration and

operation of their [sic] medical facilities in rendering medical services to John Ashton". (Id. at para. 46) The statute of limitations in the Medical Liability Act applies and more than two years has passed since the date of the alleged wrongdoing.

    3. The original Complaint did not name Emerald Coast, nor did the original Complaint name any fictitious parties in its caption or body. The first time Emerald Coast was "named" as a proposed party was in plaintiff's First Amended Complaint filed and served only after permission was given by this Court. The date of that filing was October 19, 2006. Emerald Coast was served on October 31, 2006. (The Clerk's office notation reflects that the summons was signed out on October 27, 2006.)

    4. Assuming without conceding that plaintiff has stated both State law and Federal EMTALA claims against Emerald Coast, the statute of limitations under either 42 U.S.C.S. 1395dd(d)(2)(c) or §6-5-482 would apply. As has been established, two years has passed from the date of the alleged negligence of Emerald Coast. Under §1395, a civil action under EMTALA must be brought within two years of the date of the alleged violation. Kizzire v. Baptist Health Systems, 441 F. 3d 1306 (11th Cir. 2006).

    5. But, §6-5-482 has a statutorily prescribed discovery rule. ("[T]he action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier".) This six-month discovery window is only applicable if the cause of

2

action is not discovered and could not reasonably have been discovered "within two years next after the act, or omission, or failure giving rise to the claim".

6. Here, plaintiff's purported addition of Emerald Coast as a party is not permissible due to the undisputed fact of Dr. Poppell's association with Emerald Coast. Any claim that hypothetically exists against Emerald Coast would have been discovered or reasonably discoverable within the two year statute of limitations. Thus, the six month discovery window does not even come into play. Assuming that the six month discovery provision of §6-5-482 applies, plaintiff's Amended Complaint falls outside the six month window. (October 19, 2006 is more than six months from March 13, 2006.)

7. Plaintiff's Amended Complaint essentially asserts inter alia that Emerald Coast is <u>directly</u> liable for violations of EMTALA as a "participating hospital" under that Act. The Complaint also alleges that Emerald Coast is vicariously liable for the acts of Dr. Poppell. Neither of these theories was plead in the original Complaint and, again, Emerald Coast was not originally named as a defendant.

8. There is no fictitious party practice known to the Federal Rules of Civil Procedure. However, in <u>Gaines v. Choctaw County Commission</u>, 242 F. Supp. 2d 1153, 1166 (S.D. Ala. 2003), the Court declined to strike fictitious parties from the Complaint finding that "no federal rule or statute expressly bars the practice of fictitious party pleading in federal court". <u>Gaines</u> also recognized "the importance in Alabama State Courts of designating fictitious parties".

3

9. Rule 15(c)(1) "allows Federal Courts sitting in diversity to apply relation-back rules of State law where, as here, State law provides the statute of limitations for the action." Saxton v. ACF Industries, 254 F. 3d 959, 963 (11th Cir. 2001). Thus, to the extent this Court were inclined to consider the "substitution" of a named defendant for a "fictitious party", there are no fictitious parties in this action for which to substitute Emerald Coast. See Harris v. Beaulieu Group, LLC, 394 F. Supp. 2d 1348, 1356 (M.D. Ala. 2005).

10. This is not a clarification of issues previously pled. This is not a simple name change. This is not an issue of mistaken identity. This is an effort at a wholesale addition of a new party.[1] This situation falls under Rule 15(c)(3) which sets forth the Federal Rule for relation back when the amendment seeks to change the party or its name. Nonetheless, under none of the subsections of Rule 15 is the amendment adding Emerald Coast allowed.

11. Rule 15(c)(3) deals only with amendments that change the party or the name of the party against whom claims are asserted. That subsection applies only in cases involving "a mistake concerning the identity of the proper party". Fed. R. Civ. P. 15(c)(3)(B). Courts have consistently held that Rule 15(c)(3) does not provide for relation back under circumstances in which a plaintiff fails to identify

---

[1] In Pompey v. Lumpkin, 321 F. Supp. 2d 1254 (M.D. Ala. 2004) Judge Thompson noted that an amendment adding a new party should not be allowed where the information upon which the amendment is based was available publicly or otherwise to persons other than the defendants. Here, the identity of Emerald Coast Eye Institute, P.A. and Dr. Poppell's association therewith is a matter of public display. See also Nobles v. Rural Community Insurance Services, 303 F. Supp. 2d 1279 (M.D. Ala. 2004).

4

the proper party.[2] Here, there is no "mistake" about the identities of the defendants; rather, plaintiff initially made a conscious choice to sue Dr. Poppell and not sue Emerald Coast. Rule 15(c) is not purposed to save plaintiffs from "a conscious choice not to originally sue the defendants". Powers v. Graff, 148 F. 3d 1223 (11th Cir. 1998).

12. In Powers, the Circuit Court denied plaintiff's request to add new parties where plaintiffs knew the defendants' identities before the statute of limitations had run but failed to amend their Complaint until they realized that the company against which the Complaint was originally filed faced possible insolvency. Id. at 1227. Here, plaintiff's effort at adding Emerald Coast only came after Dr. Poppell's Motion to Dismiss was filed and the "handwriting was on the wall" regarding the personal jurisdiction issue as against Dr. Poppell. Rule 15(c) should not be a panacea for unexpected negative outcomes from deliberately chosen strategies of a plaintiff.

13. Here, plaintiff's Amended Complaint purports to add an entirely new defendant in Emerald Coast. This effort falls outside the statute of limitations. The purported amendment seeks to add new theories of liability (respondeat superior) which likewise should not be permitted.

WHEREFORE PREMISES CONSIDERED, Defendant Emerald Coast Eye Institute, P.A. respectfully requests that this Honorable Court grant its previously

---

[2] Assuming arguendo that plaintiff did not know or could not reasonably have determined the relationship between Emerald Coast and Dr. Poppell within the statute of limitations, the lack of specific knowledge of the corporate structure of Emerald Coast and its relationship to Dr. Poppell does not satisfy the definition of "mistake" under Rule 15(c)(3) See Johnson v. Aegon USA, Inc., 355 F. Supp. 2d 1337 (N.D. Ga. 2004).

filed Motion to Dismiss based on the jurisdiction and/or the statute of limitations arguments.

Respectfully submitted,

/s/ Jack B. Hinton, Jr.

OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, AL 36103
(334) 834-9950

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 1st day of December, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following:

A. Riley Powell, IV, Esq.
Post Office Drawer 969
Andalusia, AL 36420

Tabor R. Novak, Jr., Esq.
Ball, Ball, Matthews & Novac, P.A.
2000 Interstate Park Drive, Ste. 204
Montgomery, AL 36102-2148

Alan Livingston, Esq.
Lee & McInish, Attorneys
P.O. Box 1665
Dothan, AL 36302

/s/ Jack B. Hinton, Jr.