UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN ASHTON, | } | |
| PLAINTIFF, | } | |
| VS. | } | CIVIL ACTION NO:  2:06CV-226-D |
| FLORALA MEMORIAL HOSPITAL; EMERALD COAST EYE INSTITUTE P.A.; BLAIRE HENSON; and RUSSELL PAGE, M.D. | } | |
| DEFENDANTS. | } | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT, EMERALD COAST EYE INSTITUTE P.A.'S, MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION TO STAY THE DEFENDANT, EMERALD COAST EYE INSTITUTE P.A.'S, MOTION TO DISMISS PENDING FURTHER DISCOVERY**

Comes now the Plaintiff and incorporates the arguments in opposition of the Defendant, Samuel D. Poppell's, Motion to Dismiss against this Defendant and requests this Honorable Court to deny Emerald Coast Eye Institute P.A.'s, Motion to Dismiss or in the alternative stay said motion pending further discovery on the issue of personal jurisdiction and as grounds therefor sets forth the following:

**The Middle District has Personal Jurisdiction over Emerald Coast Eye Institute, P.A.**

1. Emerald Coast Eye Institute, P.A.'s contacts are related to John Ashton's cause of action in that "but for" the telephone call with Dr. Poppell on March 12, 2004, John Ashton wouldn't have been transported to Emerald Coast Eye Institute, P.A., for treatment and as this Honorable Court found in its Memorandum Opinion and Order of October 5, 2006, this prong of the three part test for ascertaining whether there are minimum contacts for a court to exercise specific jurisdiction over a non-resident party is met. *Vermeulen v. Renault U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993).

2. As this Honorable Court voiced in its Memorandum Opinion and Order of October 5, 2006, the dispositive issue as to whether specific jurisdiction in this case is proper over a non-resident party is whether the non-resident party purposefully directed its activities at the forum and

availed itself of the privilege of conducting activities within the forum. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 258 (11th Cir. 1996); *Vermeulen*, 985 F.2d at 1546.  In footnote four of this Court's Memorandum Opinion and Order of October 5, 2006, it was noted that "another purposeful activity which courts concluded is sufficient to hale an out-of-state doctor into the forum state for litigation is the solicitation of business by the out-of-state doctor in the forum state," and that in the present case "there is no averment or evidence that Dr. Poppell or his facility ever advertised in a format which reached Alabama . . . [or] no facts indicating that Dr. Poppell intentionally solicited business from the forum state." *Kennedy v. Freeman*, 919 F.2d 126, 129 (10th Cir. 1990); Court's Memorandum Opinion and Order of October 5, 2006, footnote 4.  If Emerald Coast Eye Institute, P.A., never advertised in Alabama or attempted to solicit business from Alabama then it could have stated so in its Motion to Dismiss. As it stands, Emerald Coast Eye Institute responded in its Motion to Dismiss to Plaintiff's First Amended Complaint stating that Emerald Coast Eye Institute "does not have a presence in Alabama nor does it hold itself out as attempting to attract Alabama residents **per se**, and none specifically from the Covington County area," thus leaving open the possibility that Emerald Coast Eye Institute, P.A., has advertised in Alabama or attempted to solicit business in Alabama in other ways. See Motion to Dismiss of Emerald Coast Eye Institute, P.A., ¶ 17. John Ashton requests this Honorable Court to deny or in the alternative, stay Emerald Coast Eye Institute, P.A.'s Motion to Dismiss pending discovery on this issue as further discovery may reveal that Emerald Coast Eye Institute, P.A., has advertised or attempted to solicit business in Alabama.

3. For reasons previously stated in Plaintiff's Opposition to Defendant, Samuel D. Poppell's, Motion to Dismiss this Court's exercise of jurisdiction over Dr. Poppell does not offend 'notions of fair play and substantial justice.'

## EMTALA does apply to Emerald Coast Eye Institute, P.A.

4. Under EMTALA, a "participating hospital" is defined as a "hospital that has entered into a provider agreement under section 1866 [*42 USCS § 1395cc*]." *42 U.S.C. § 1395dd(e)(2)*. As Emerald Coast Eye Institute, P.A., admits in its Motion to Dismiss, the existence of a Medicare provider agreement is relevant to whether a facility is "participating" for EMTALA purposes, not to whether a facility is a hospital. See Motion to Dismiss of Emerald Coast Eye Institute, P.A., ¶ 23. Looking to *42 U.S.C. § 1395cc(a)(1)* in regards to provider agreements, it states that "any **provider of services** shall be qualified to participate . . .," and "provider of services" is later defined in 42 U.S.C. § 1395cc(e)(1) as "a clinic, rehabilitation agency, or public health agency . . .". *42 U.S.C. § 1395cc(e)(1)*. Therefore, it is irrelevant that Emerald Coast Eye Institute, P.A., is not a 'hospital.' If it has a Medicare provider agreement then it is subject to EMTALA. Emerald Coast Eye Institute, P.A., does not allege or contend that it does not have a Medicare provider agreement. John Ashton alleges in his First Amended Complaint that Emerald Coast Eye Institute, P.A., is a 'participating hospital' under EMTALA.

Since a 'participating hospital' under EMTALA entails having a Medicare provider agreement accompanied with the fact that the Court construes the allegations in the complaint as true if they are uncontroverted, then Emerald Coast Eye Institute, P.A., is subject to EMTALA. As such, the EMTALA claims against Emerald Coast Eye Institute, P.A., should remain.

Respectfully submitted this 11th day of December, 2006.

THE POWELL LAW FIRM, P.C.

By: /s/ Riley Powell
  A. Riley Powell, IV (POW029)
  Post Office Drawer 969
  Andalusia, Alabama 36420
  205/222-4103

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Tabor R. Novak, Jr., Alan Livingston, and Jack B. Hinton, Jr.

This the 11th day of December, 2006.

/s/ Riley Powell
OF COUNSEL