UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN ASHTON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:06CV-226-D |
| | ) |
| | ) |
| FLORALA MEMORIAL | ) |
| HOSPITAL; BLAIRE HENSON; | ) |
| RUSSELL PAGE, M.D., and | ) |
| SAMUEL E. POPPELL, M.D., | ) |
| | |
| Defendants. | |

## CONSENT HIPAA ORDER

Upon compliance with Alabama and federal law, the attorneys for the parties and/or *pro se* parties to this lawsuit are permitted to obtain all health information, including charges therefor, relating to John Ashton. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama and Federal law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Subject to the applicable provisions of Alabama and federal law pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any healthcare providers, hospital or clinic administrators, ambulance or rescue squad personnel or other individuals in connection with the aforesaid mentioned health information and payments thereof, (such information collectively referred to hereafter as "protected health

- 1 -

information"). Such healthcare providers, hospital or clinic administrators, ambulance or rescue squad personnel or other individual may grant or deny a request for an interview.

**This Court authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPPA).**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Federal Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family. Nothing in this Order permits disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit, or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation or proceedings.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information, which is included in insurance claims files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention if required by Alabama insurance laws and the Alabama State Bar rules and regulations.

DONE and ORDERED this ___ day of _____, 2006.

/s/ Ira DeMent
IRA DEMENT
UNITED STATES DISTRICT JUDGE

cc:

A. Riley Powell, IV
*The Powell Law Firm*
P. O. Drawer 969
Andalusia, AL 36420

Tabor Novak
*Ball, Ball, Matthews & Novak*
P. O. Drawer 2148
Montgomery, AL 36102-2148