UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN ASHTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:06-CV-226-D |
| ) | |
| FLORALA MEMORIAL HOSPITAL, ) | |
| BLAIRE HENSON, RUSSELL ) | |
| PAGE, M.D., and EMERALD COAST ) | |
| EYE INSTITUTE, P.A., et al. ) | |
| ) | |
| Defendants. ) | |

### Response to Plaintiff's Opposition to Motion to Dismiss

COMES NOW the Defendant, Emerald Coast Eye Institute, P.A. (hereinafter "Emerald Coast") without waiving jurisdiction and complies with this Court's Order dated December 12, 2006 (Doc. #46) by responding to Plaintiff's Opposition to Motion to Dismiss (Doc. #44) as follows:

1. Plaintiff's opposition filing makes essentially two arguments. First, Plaintiff asks for more discovery on the jurisdictional issue. Second, Plaintiff contends that EMTALA applies to Emerald Coast even though Emerald Coast is not a hospital.[1]

2. Plaintiff has requested that this Court deny or, in the alternative, stay Emerald Coast's Motion to Dismiss pending discovery on the issue of whether Emerald Coast has attempted to solicit business in Alabama. That Motion is based

---
[1] Plaintiff has not responded to Emerald Coast's statute of limitations argument.

on Plaintiff's assertion that there is a <u>possibility</u> 1) that Emerald Coast has solicited business in Alabama and 2) that such activity would be sufficient over and against Emerald Coast's other submissions to establish personal jurisdiction over Emerald Coast.[2]

3. Plaintiff has failed to even generally allude to this Court what discovery he claims should be conducted. Plaintiff does not indicate from whom this discovery should be sought, what type of discovery is needed and what might hypothetically be revealed. Without more, Plaintiff's bare assertion that he wants to conduct discovery is insufficient. See e.g. <u>Posner v. Essex Insurance Company, LTD.</u>, 178 F.3d 1209 (11th. Cir. 1999). Even the Alabama Supreme Court has recognized in <u>Ex parte Covington Pike Dodge, Inc.</u> 904 So. 2d 226, 233 (Ala. 2004) that where a plaintiff "has met defendants' affidavit evidence with mere speculation, plaintiff's request for an opportunity to conduct discovery on the matter [of jurisdiction] must be denied" citing <u>Poe v. Babcock International</u>, 662 F. Supp. 4,7 (M.D. Pa. 1985).

4. For purposes of the jurisdictional analysis, there is no meaningful difference between Dr. Poppell as an individual and Emerald Coast as an entity on the issue of soliciting or conducting business in Alabama. Thus, this Court's prior acknowledgement of a lack of jurisdiction over Dr. Poppell should control its determination of jurisdiction over Emerald Coast.

---

[2] Plaintiff has not disputed this Court's determination that "there is no averment or evidence that Dr. Poppell <u>or his facility</u> ever advertised in . . Alabama . . ." <u>Ashton v. Florala Memorial Hospital</u>, 2006 U.S. District LEXIS 72945 (M.D. Ala. 2006) (emphasis added).

5. It is true that jurisdictional discovery is permitted in 12(b)2 contexts. However, Plaintiff has the burden of demonstrating "that it can supplement its jurisdictional allegations through discovery." GTE New Media Services v. BellSouth Corp., 199 F.3d 1343 (D.C. Cir. 2000). Here, Plaintiff has not made such a showing. Plaintiff retains the responsibility to suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state in order to convince the Court that discovery should be allowed. Here, Plaintiff has failed to make such an allegation and support it with any "reasonable particularity". See e.g. Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997). See also Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003).

6. In Clark Capital Management Group, Inc. v. Navigator INVS, LLC, 2006 U.S. Dist. LEXIS 66989 (D.C. Pa. 2006), the District Court ruled that "Plaintiff will not benefit from the limited jurisdictional discovery it requests because plaintiff's factual allegations do not suggest with reasonable particularity the possible existence of constitutionally sufficient minimum contacts." Here, to the extent such allegations have previously existed (see footnote 2), they have been disposed of by this Court's previously well-reasoned opinion.

7. Secondly, Plaintiff contends the Emergency Medical Treatment and Active Labor Act (EMTALA) applies to any facility that provides medical services. However, "EMTALA obligates hospitals and emergency rooms, when requested by an individual, to screen for and stabilize emergency medical

3

conditions." Gardner, et. al. v. Elmore Community Hospital, 64 F. Supp. 2d 1195, 1201 (M.D. Ala. 1999) (emphasis added); see also Major v. Burkholtz, 2005 U.S. Dist. LEXIS 41964 (2005); ("EMTALA provides a federal cause of action against hospitals with emergency departments who fail to provide medial screening to a patient in order to determine whether an emergency medical condition exists." (emphasis added)). It is not remotely debatable that Emerald Coast is a hospital with an emergency department. None of the offices of Emerald Coast are inpatient facilities. By any definition, Emerald Coast is not a "hospital."

8. Dr. Poppell has heretofore submitted an affidavit as a corporate representative of Emerald Coast. That affidavit is attached as Exhibit "D" to Emerald Coast's Motion to Dismiss (Doc. #40). In that affidavit, Dr. Poppell articulates the undisputed fact that Emerald Coast does not have a presence in Alabama nor does it hold itself out as attempting to attract Alabama residents.

9. All of Emerald Coast's professional activities are confined to the State of Florida. Emerald Coast did not have any role in the selection of the ambulance company or personnel utilized to transport Plaintiff on the date in question. Emerald Coast has no arrangement with the Florala hospital nor does it have any professional affiliations with Florala Memorial.

10. Emerald Coast is not equipped to do the type of surgery Ashton ultimately needed. The clinics operated by Emerald Coast are not inpatient

4

facilities nor are they in any way remotely comparable to the facilities of a hospital. They are "typical doctors' offices".[3]

11. Plaintiff assumes that because Emerald Coast "has a Medicare Provider Agreement then it is subject to EMTALA". (Par. 4, Doc. #44). This is an erroneous interpretation of EMTALA's application. Clearly, the statute is only applicable to "participating hospitals". Under the undisputed affidavit testimony of Dr. Poppell above, Emerald Coast is in no way, shape or form a "hospital."

12. On the issue of the application of EMTALA to freestanding doctors' offices, such an extension of EMTALA's reach is not recognized by any language in the statute nor does Plaintiff cite any case bringing an entity such as Emerald Coast within the purview of EMTALA's jurisdiction. Without even a hint of authority suggesting that this Court should head in that direction, Plaintiff essentially baits this Court into judicial activism arguing that the statute's scope does or should include the exercise of jurisdiction over Emerald Coast. In short, if Emerald Coast is not a hospital, it cannot be a "participating hospital".[4]

---

[3] In Millan v. Hosp. San Pablo, 389 F. Supp. 2d. 224, 235 (D.P.R. 2005), Plaintiffs sued two hospitals, a professional medical group, individual doctors and insurers for alleged EMTALA violations. Plaintiff's child had died after being seen at and released from two emergency rooms. The District Court of Puerto Rico dismissed the physicians' medical group/private corporation determining that a private physician group is not a participating hospital and, therefore, cannot be sued under EMTALA. In so holding, the Court noted "there is no federal jurisdiction over the defendants, doctors or the physicians' medical corporation . . ."

[4] Gatewood v. Washington Healthcare Corp., 290 U.S. App. D.C. 31, 933 F. 2d 1037 (D.C. Cir. 1991) affirmed the lower Court's dismissal of an emergency room physician and the practice group which contracted with the hospital to provide emergency department services. The Court ruled inter alia that EMTALA did not apply to the emergency room physician or his group. See LeBron v. Ashford Presbyterian Community Hospital, 995 F. Supp 241, 244 (D.P.R. 1998). Here, Emerald Coast is once removed from this analysis since it is not a group practicing within the hospital emergency department environment.

13. Plaintiff's bare assertion that Emerald Coast is a "participating hospital" is without merit.

> "The plain language [of EMTALA] indicates that §1395dd(d)(2)(A) creates a cause of action only against a "participating hospital." The statutory definition of "participating hospital" does not encompass an individual physician. "Participating hospital" is defined as a "hospital that has entered into a provider agreement under Section 1395cc of this title." 42 U.S.C. §1395dd(e)(2). A "'hospital' includes a rural primary care hospital (as defined in Section 1395x(mm)(1) of this title)." 42 U.S.C. §1395dd(e)(5). A rural primary care hospital is a facility designated by the Secretary as a rural primary care hospital." 42 U.S.C. §1395x(mm)(1). These definitions include neither an individual physician nor a private clinic, such as the Ahrens Clinic, unless designated by the Secretary as a rural primary care hospital. [Plaintiffs] do not allege that the Ahrens Clinic was so designated."

King v. Ahrens, 16 F. 3d 265, 271 (8th Cir. 1994) as cited by Tyrus v. Baptist Medical Center South, 2006 U.S. Dis. LEXIS 22568 (M.D. Ala. 2006) decided April 19, 2006.

14. This Court has already acknowledged the application of King v. Ahrens to these facts in its earlier-issued opinion dismissing the EMTALA claims against any "individual physician or hospital administrator." The assertion that EMTALA applies to anything other than a hospital with an emergency department has been soundly and universally rejected by every court and case with the exception of Sorrells v. Babcock, 733 F. Supp. 1189 (N.D. Ill. 1990) which has "endured substantial criticism". Ashton v. Florala Memorial Hospital, 2006 U.S. District LEXIS 72945 (M.D. Ala. 2006).

6

15. To repeat, Plaintiff argues that Emerald Coast's Motion should be denied outright or that more discovery is necessary. However, more discovery on the issues before this Court would yield only speculative results. Plaintiff has not proffered any argument whatsoever that taking discovery by sending interrogatories, subpoenas and requests for production or, taking depositions, etc., would yield anything that would make a difference in this Court's analysis of the jurisdictional issue. Without more, Plaintiff's request for an outright denial of the Motion or request for a stay pending discovery should fail.

16. Finally, on the issue of any alleged "looseness" in the language utilized by Emerald Coast in its pleading or in the affidavit of Dr. Poppell, a close and careful reading of those filings clearly show that Emerald Coast does not have sufficient contacts with Alabama to make it subject to the jurisdiction of the Middle District. There is no need for a recital of the lengthy, thorough and detailed analysis already done by this Court on that issue as it pertains to Dr. Poppell.

WHERETOFORE PREMISES CONSIDERED, Defendant Emerald Coast Eye Institute, P.A. respectfully requests that this Honorable Court grant its previously filed Motion to Dismiss and deny Plaintiff's Request for a Stay to Conduct Discovery.

Respectfully submitted,

/s/ _____

Jack B. Hinton, Jr. (HIN020)
Attorney for Emerald Coast
Eye Institute, P.A.

OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, AL 36103
(334) 834-9950

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 29th day of December, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following:

A. Riley Powell, IV, Esq.
Post Office Drawer 969
Andalusia, AL 36420

Tabor R. Novak, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive, Ste. 204
Montgomery, AL 36102-2148

Alan Livingston, Esq.
Lee & McInish, Attorneys
P.O. Box 1665
Dothan, AL 36302

/s/ Jack B. Hinton, Jr.