UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN ASHTON, | ) |
|     PLAINTIFF, | ) ) ) |
| VS. | ) CIVIL ACTION NO. CV2:06cv226-D ) |
| FLORALA MEMORIAL HOSPITAL; BLAIRE HENSON; RUSSELL PAGE, M.D; and SAMUEL E. POPPELL, M.D., | ) ) ) ) ) ) |
|     DEFENDANTS | ) |

### RESPONSE TO ORDER TO SHOW CAUSE

Comes now the defendants Blaire Henson and that entity improperly designated herein as Florala Memorial Hospital, and in response to this Court's Order to Show Cause of January 11, 2007 set forth as follows:

1. This is a civil action claiming that the defendant Henson breached the standard of care in connection with the delivery of medical care and services to the Plaintiff. Therefore, as to Henson, this action is governed by the provisions of the Alabama Medical Liability Act. The Plaintiff has the burden to offer substantial evidence through health care provider similarly situated to Henson of his purported breach or breaches. §6-5-548 *Code of Alabama 1975*.

2. To the extent that the Plaintiff seeks to recover against the defendant hospital for the "state law claims" which he attempts to articulate in the complaint, the same requirements of proof set out above are imposed upon him as to those claims.

3.	This Court entered a Uniform Scheduling Order on October 13, 2006 obligating the Plaintiff to make disclosures as to experts on or before January 10, 2007 specifically providing reports of retained experts within the meaning of Rule 26 (a)(2)(B).

4.	The time for objecting to the deadlines imposed by the Court in the Uniform Scheduling Order was fourteen days from its entry. The Plaintiff made no objection to any aspect of the requirements set out in the Order.

5.	These defendants are informed and believe that Dr. Zloty was a treating physician for Mr. Ashton. To the extent that Dr. Zloty may be tendered as an expert with respect to the treatment and care which he rendered to the Plaintiff, these defendants do not insist upon an expert report from him prior to deposition or trial.

6.	To the extent that the Plaintiff seeks to offer any testimony from Dr. Zloty that these defendants breached the standard of care (these defendants do not concede any such evidence would be admissible if offered), or as to issues of causation of the injury purportedly linked to any conduct, act or omission by these defendants, the Plaintiff offers no reasonable basis from exempting him from this Court's requirements as to experts.

7.	The financial burden of bringing a medical malpractice case is an obligation accepted by a party choosing to institute such an action, and upon his attorneys.

8.	Presumably the Plaintiff intends to produce expert testimony against the defendants in support of the state law claims at trial. Without such testimony, his case fails. Obviously he must bear the cost of such testimony. The *Federal Rules of Civil Procedure* do not provide an economic exception to the Plaintiff's obligation to meet the

disclosure requirements imposed upon him to allow the defendants to properly prepare this case.

9.  These defendants have no objection to exempting Dr. Zloty from any requirement to make pre-trial disclosures regarding the medical care and services he rendered the Plaintiff. They do object to any attempt to avoid the requirements of Rule 26 (a)(2)(B) with respect to any "standard of care" or "causation" testimony which he may seek to offer in this case as to these defendants.

BALL, BALL, MATTHEWS & NOVAK, P.A.

/s/Tabor R. Novak, Jr. - NOV001
As Attorneys for the Defendant
Blaire Henson and Florala Memorial

2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148
Telephone: 334/387-7680
Telecopier: 334/387-3222

CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January, 2007, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

A. Riley Powell, IV, Esq.
P. O. Drawer 969
Andalusia, Alabama 36420

Alan Livingston, Esq.
William W. Nichols, Esq.
LEE & McInnish, P.C.
P.O. Box 1665
Dothan, Al 36302

Jack B. Hinton, Jr.
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, Al 36103

/s/ Tabor R. Novak, Jr.