IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN ASHTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIV. ACT. NO. 2:06cv226-ID |
| v. | ) | |
| | ) | |
| FLORALA MEMORIAL HOSP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

Before the court are two motions for summary judgment.  One was filed by Defendants Blair Henson ("Henson") and Florala Memorial Hospital (Doc. No. 60), and the other was filed by Defendant Russell Page, D.O. ("Dr. Page").  (Doc. No. 55.) Although Plaintiff John Ashton ("Ashton") failed to respond to the motions, notwithstanding the court's Orders directing him to do so, (Doc. Nos. 58 & 61), the court has conducted an independent review of the record in light of the familiar standard governing summary judgment.  See U.S. v. One Piece of Property, 5800 S.W. 4th Ave., Miami, Florida, 363 F.3d 1099 (11th Cir. 2004) ("The district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion.").  For the reasons stated herein, the court finds that there are no genuine issues of material fact for trial and that each Defendant is entitled to judgment as a matter of law; accordingly, Defendants' motions are due to be granted.

## II.  JURISDICTION

The court properly exercises subject matter jurisdiction over this action pursuant to

28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental

jurisdiction).  Personal jurisdiction and venue are not contested by either Henson, Florala

Memorial Hospital or Dr. Page, and the court finds adequate allegations of both.

## III.  STANDARD OF REVIEW

Rule 56(e) provides that, if the non-movant does not respond to a summary

judgment motion by setting forth "specific facts showing that there is a genuine issue for

trial," then "summary judgment, if appropriate, shall be entered against the [non-

movant]."  Fed. R. Civ. P. 56(e).  Summary judgment is appropriate "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see

Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986).  At the summary judgment

juncture, the court assumes that the evidence of the non-movant is true and draws all

reasonable inferences in the light most favorable to the non-movant.  See Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

On a summary judgment motion, the movant bears the initial burden of informing

the court of the basis for its motion and identifying those portions of the record which it

contends demonstrate the absence of a genuine issue of material fact.  See Celotex Corp.,

477 U.S. at 323.  For issues on which the non-movant will bear the ultimate burden at

trial, the movant may satisfy its initial burden either by (1) "point[ing] out to the district

court . . . that there is an absence of evidence to support the non-moving party's case" or

by (2) producing "affirmative evidence demonstrating that the non-moving party will be

unable to prove its case at trial."  Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16

(11th Cir. 1993); see also Edwards v. Aguillard, 482 U.S. 578, 595 n.16 (1987); Celotex

Corp., 477 U.S. at 325.  Once the movant has carried that burden, the burden then shifts

to the party opposing the motion to "present affirmative evidence in order to defeat a

properly supported motion for summary judgment."  Anderson, 477 U.S. at 257.


## IV.  BACKGROUND

Briefly, the factual events which led to the filing of this lawsuit are as follows.  On

March 12, 2004, having injured his left eye, Ashton sought emergency medical treatment

at Florala Memorial Hospital in Florala, Alabama, where Dr. Page was working as the

on-call emergency room physician and where Henson served as the hospital

administrator.  (Dr. Page Aff. at 1-2 (Ex. A to Doc. No. 55)); (Ashton Dep. at 17, 19 (Ex.

E to Doc. No. 55)); (Henson Aff. at 1 (Ex. E to Doc. No. 60).)  Ashton complains that, at

this Alabama hospital, he suffered harm because he was not administered a proper

medical screening examination and his medical condition was not stabilized prior to his

transfer to Emerald Coast Eye Institute ("Emerald Coast") in Fort Walton Beach,

Florida.[1]  (Am. Compl. ¶ 7 (Doc. No. 31).)  Emerald Coast was not Ashton's last stop.[2]

From Emerald Coast, Ashton was transferred to another hospital in Opp, Alabama, and

again was refused treatment.  Finally, some eight hours after he injured his eye, Ashton

was transferred to yet another emergency room in Dothan, Alabama, where Dr. Peter

Zloty ("Dr. Zloty"), an ophthalmologist, performed surgery on Ashton's eye.  (Dr. Zloty

Aff. at 1 (Ex. C to Doc. Nos. 55 & 60).)

Seeking relief in this lawsuit from Defendants, Ashton alleges that, as a

consequence of "the delay between the injury and the emergency surgery, [he] has lost

nearly all of the sight in the injured eye and was forced to go through hours of

excruciating pain."  (Am. Compl. ¶ 7 (Doc. No. 31).)  Ashton brings claims pursuant to

the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C.

§ 1395dd, against Florala Memorial Hospital and state-law causes of action against all

three Defendants.[3]

---

[1] Defendants have submitted evidence which contradicts Ashton's averments.  That evidence is discussed more fully in the next section.

[2] The court notes that Emerald Coast also is named as a defendant in this lawsuit. Emerald Coast has filed a motion to dismiss, which the court addresses in a separate order issued this date.

[3] The court previously dismissed the EMTALA claims asserted against Dr. Page and Henson.  (See Mem. Op. & Order at 25-27 (Doc. No. 27), published at Ashton v. Florala Memorial Hospital, Civ. Act. No. 2:06cv226-ID, 2006 WL 2864413 (M.D. Ala. Oct. 5, 2006).)

## V.  DISCUSSION

Defendants seek summary judgment on all claims asserted against them in the amended complaint.  The court first turns to the merits of Ashton's state-law causes of action against Dr. Page, Henson and Florala Memorial Hospital, followed by a discussion of the merits of the EMTALA claims which are lodged against Florala Memorial Hospital.

The Alabama Medical Liability Act ("AMLA") governs Ashton's state-law causes of action against Dr. Page.  See Ala. Code §§ 6-5-540 - 6-5-552 (1975); Mock v. Allen, 783 So.2d 828, 832 (Ala. 2000).  Also, the viability of the state-law claims against Henson and Florala Memorial Hospital hinges on Ashton's ability to prove that the medical care and services he received from Dr. Page did not meet the appropriate standard of care under the AMLA.  The court, thus, must ascertain whether there is a genuine issue for trial under the AMLA.

To make out a claim under the AMLA, a plaintiff generally must offer expert testimony from a similarly situated health care provider "to illustrate (1) the appropriate standard of care, (2) a deviation in this case from that standard of care, and (3) that the deviation proximately caused the injury in this case."  Bozeman v. Orum, 199 F. Supp.2d 1216, 1235 (M.D. Ala. 2002) (citing Lyons v. Walker Regional Med. Ctr., 791 So.2d 937, 942 (Ala. 2000)), reconsideration granted on other grounds, 302 F. Supp.2d 1310 (M.D. Ala. 2004) (Thompson, J), aff'd, 422 F.3d 1265 (11th Cir. 2005).

The court finds that Defendants have carried their initial burden on summary judgment by demonstrating the absence of a genuine issue of material fact for trial.  See Celotex Corp., 477 U.S. at 323.  Defendants have fulfilled their burden under both methods outlined in Fitzpatrick, *supra*.  Under the first method, they have pointed to the absence of any expert testimony from Ashton to demonstrate a breach of the applicable standard of care and medical causation under the AMLA.  See Fitzpatrick, 2 F.3d at 1115-16.  As Defendants demonstrate, the only expert witness identified by Ashton is Dr. Zloty, the ophthalmologist who ultimately performed surgery on Ashton's eye.  In support of their motions for summary judgment, Defendants have filed an affidavit from Dr. Zloty.  (Dr. Zloty Aff.  (Ex. C to Doc. Nos. 55 & 60).)  This affidavit establishes that Dr. Zloty is not "a similarly situated health care provider" within the meaning of § 6-5-548(c) of the Code of Alabama because he is not a specialist in emergency medicine as is Dr. Page.  Dr. Zloty, therefore, is not statutorily qualified to testify as to whether Dr. Page deviated from the applicable standard of care so as to cause injury or damage to Ashton, for purposes of establishing liability under the AMLA.[4]  See Ala. Code § 6-5-548(c); see generally *Ex parte* Waddail, 827 So.2d 789, 795 (Ala. 2001).

---

[4] The court notes that, even assuming Dr. Zloty's qualifications permitted him to provide AMLA expert testimony as to the standard of care allegedly breached by Dr. Page, his testimony is adverse to Ashton's position in this lawsuit.  In his affidavit, Dr. Zloty attests that Ashton "suffered a ruptured globe but the injury was contained within the eye itself," meaning that the injury was "sterile until the time that [Dr. Zloty] opened the eye surgically."  (Dr. Zloty Aff. at 2.)  Consequently, Dr. Zloty attests that, in his opinion, "any delay in surgical treatment of the injury had no effect on the ultimate outcome of the case."  (Id.)  "In fact," he says that Ashton's loss of vision in the injured eye resulted from his own failure to follow post-operative care instructions, not any "delay" in the performance of surgery.  (Id.)

6

Defendants not only rely on the absence of expert testimony from Ashton, but they also have submitted "affirmative evidence" demonstrating that Ashton will not be able to prove his state-law claims at trial, thus, satisfying their initial burden under the second Fitzpatrick method.  Fitzpatrick, 2 F.3d at 1115-16.  Namely, Defendants have filed an affidavit from James C. Jones, D.O. ("Dr. Jones"), who is board certified in the specialty of emergency medicine and otherwise meets the requirements of "a similarly situated health care provider," as defined in § 6-5-548(c) of the Code of Alabama.  (Dr. Jones Aff. at 1 (Ex. D to Doc. Nos. 55 & 60).)  Dr. Jones attests that, "[b]ased upon [his] review of the records[,] it is [his] opinion that Dr. Page met the applicable standard of care for physicians practicing emergency medicine"; that Dr. Page "properly stabilized" Ashton prior to his transfer to the care of the ophthalmologist; that "[t]here was nothing else that could have been done to stabilize [Ashton] prior to [his] transfer"; and that "there was no treatment that Dr. Page could have or should have undertaken in connection with [Ashton]."  (Id.)

Dr. Jones' testimony rebuts Ashton's claim that Dr. Page breached the applicable standard of care by failing to provide Ashton emergency medical care for his eye and by failing to properly stabilize his condition.  Dr. Jones' affidavit establishes that Dr. Page exercised such reasonable care, skill and diligence as other emergency room physicians ordinarily would exercise under similar circumstances.

Defendants have carried their burden on summary judgment.  See Fitzpatrick, 2 F.3d at 1115.  Ashton, however, has not fulfilled his burden; he has not presented any

expert testimony to oppose the attestations of Dr. Jones.  Having failed to "present affirmative evidence in order to defeat [the] properly supported motion[s] for summary judgment" on the state-law claims against Dr. Page, Henson and Florala Memorial Hospital, Anderson, 477 U.S. at 257, the court finds that summary judgment is due to be granted in Defendants' favor.[5]

Remaining are Ashton's EMTALA claims against Florala Memorial Hospital.  These claims require less discussion.  Defendants' evidence establishes that Ashton received an "appropriate medical screening examination" and was stabilized prior to his transfer.  See 42 U.S.C. § 1395dd(b) & (c).  (See Affs. of Dr. Page, Dr. Zloty & Henson (Exs. A, C & E to Doc. No. 60)); (Ashton Dep. at 28, 47-48, 59-69 (Ex. F to Doc. No. 60).)  The court finds that this evidence satisfies Defendants' initial burden on summary judgment.  See Fitzpatrick, 2 F.3d at 1115-16.  Ashton, however, has not sustained his burden by submitting evidence which demonstrates a genuine issue of material fact for trial, see Celotex Corp., 477 U.S. at 323; thus, Defendants' evidence remains unchallenged.  Summary judgment, therefore, is due to be granted in favor of Florala Memorial Hospital on the EMTALA claims.

---

[5] Because Ashton's claims are being dismissed for the reasons set forth above, the court finds that it is unnecessary to address the other arguments raised by Defendants for dismissal of the state-law claims.

## VI.  ORDER

Accordingly, it is CONSIDERED and ORDERED that the motions for summary judgment filed by Defendants Blair Henson, Florala Memorial Hospital, and Russell Page, D.O., be and the same are hereby GRANTED (Doc. Nos. 55 & 60) and that these Defendants are hereby DISMISSED as parties to this lawsuit.

A judgment in accordance with this order shall be entered separately.

Done this 24th day of May 2007.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE