IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN ASHTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIV. ACT. NO. 2:06cv226-ID |
| v. | ) (WO) |
| | ) |
| FLORALA MEMORIAL HOSP., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Before the court are Defendant Emerald Coast Eye Institute, P.A.'s ("Emerald Coast") motion to dismiss (Doc. No. 40) and Plaintiff John Ashton's ("Ashton") motion to stay. (Doc. No. 44.) Emerald Coast argues that personal jurisdiction over it is lacking and that, therefore, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, it is due to be dismissed as a defendant in this case. Ashton filed an opposition to Emerald Coast's Rule 12(b)(2) motion and, in the alternative, moved to stay a ruling on the motion pending further discovery. (Doc. No. 44.) For the reasons to follow, the court finds that Emerald Coast's Rule 12(b)(2) motion is due to be granted and that Ashton's motion for a stay is due to be denied.[1]

---

[1] Emerald Coast also has moved to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim; however, the court first decides the issue of personal jurisdiction. See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., __ U.S. ___, 127 S. Ct. 1184, 1191 (2007) (observing that it previously "clarified that a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)") (citing Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 93-102 (1998)); Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1214 (11th Cir. 1999).

## II.  SUBJECT MATTER JURISDICTION

The court properly exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

## III.  STANDARD OF REVIEW

The standard of review governing Rule 12(b)(2) motions is set out in the court's prior memorandum opinion and order entered in this case and need not be repeated here. (See Mem. Op. & Order at 4-5 (Doc. No. 27), published at Ashton v. Florala Memorial Hospital, Civ. Act. No. 2:06cv226-ID, 2006 WL 2864413 (M.D. Ala. Oct. 5, 2006).)[2]

## IV.  BACKGROUND

Briefly, as alleged in the amended complaint, the factual events which are material to Ashton's federal- and state-law claims against Emerald Coast are as follows.  On March 12, 2004, having injured his left eye, Ashton (an Alabama citizen) sought emergency medical treatment at Florala Memorial Hospital in Florala, Alabama.  Florala Memorial Hospital declined to provide medical treatment for Ashton's eye and instead arranged for Ashton's transfer to Emerald Coast in Fort Walton Beach, Florida.  (Am. Compl. ¶¶ 3, 6-7 (Doc. No. 31).)  Although Emerald Coast had agreed to accept Ashton

---

[2] Herein, the court refers to its prior opinion as Ashton I.

as a patient, when he arrived, Emerald Coast also "refused to treat and stabilize" Ashton's eye.  (Id. ¶ 7.)  Instead of providing medical treatment, Emerald Coast transferred Ashton to another hospital in Opp, Alabama, "knowing that this hospital did not have the staff, expertise, nor the equipment to perform the services or emergency surgery [Ashton's] medical condition required."  (Id.)  Finally, some eight hours after he injured his eye, Ashton was transferred to yet another emergency room, where an ophthalmologist performed surgery on Ashton's eye.  (Id.)

In his amended complaint, Ashton alleges that in personam jurisdiction is proper over Emerald Coast because "it possesses 'minimum contacts' with Alabama in that this institute accepted the initial transfer of [Ashton]" and thereby "purposefully availed itself with Alabama by accepting patients from Alabama in an attempt to make money from treating Alabama residents."  (Id. ¶ 3.)  Seeking relief from Emerald Coast, Ashton alleges that, as a consequence of "the delay between the injury and the emergency surgery, [he] has lost nearly all of the sight in the injured eye and was forced to go through hours of excruciating pain."  (Id. ¶ 7.)  Ashton brings federal-law claims against Emerald Coast pursuant to the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd, and state-law claims which are governed by the Alabama Medical Liability Act.  See Ala. Code §§ 6-5-540 - 6-5-552 (1975).

In this case, the court once before has delved into the issue of personal jurisdiction.  In Ashton I, the court found that it lacked personal jurisdiction over Samuel E. Poppell, M.D. ("Dr. Poppell"), a Florida citizen whose practice of medicine is

3

confined to the State of Florida. (Ashton I, at 4-25 (Doc. No. 27).) Dr. Poppell is an ophthalmologist and the president and sole shareholder of Emerald Coast. On the day in question, Dr. Poppell received a telephone call from Florala Memorial Hospital, and, as a consequence of that call, Dr. Poppell acquiesced to accept Ashton as a transfer patient. In Ashton I, after extensive analysis of the arguments of the parties, the court found that there was no evidence in the record "that Dr. Poppell's contacts with Alabama were continuous and systematic" so as to support the court's exercise of general personal jurisdiction over Dr. Poppell. (Id. at 25.) The court further found that the test for determining minimum contacts was not satisfied, thus, precluding the court's exercise of specific personal jurisdiction over Dr. Poppell. (Id.)

## V. DISCUSSION

As in Ashton I, the issue now presented is one of specific personal jurisdiction. (Ashton I, at 8 (Doc. No. 27)); (see Am. Compl. ¶ 3 (Doc. No. 31).) "A defendant is constitutionally amenable to a forum's specific jurisdiction if it possesses sufficient minimum contacts with the forum to satisfy due process requirements, and if the forum's exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice.'" Vermeulen v. Renault, U.S.A., Inc., 985 F.2d 1534, 1545 (11th Cir. 1993). The Eleventh Circuit has formulated a three-part test for evaluating the sufficiency of a non-resident's contacts with the forum state:

> First, the contacts must be related to the plaintiff's cause of action or have given rise to it.  Second, the contacts must involve "some act whereby the defendant purposely avails itself of the privilege of conducting activities within the forum . . ., thus invoking the benefits and protections of its laws."  Third, the defendant's contacts with the forum must be "such that [the defendant] could reasonably anticipate being haled into court there."

Id. at 1546 (internal citations omitted).

Urging dismissal pursuant to Rule 12(b)(2), Emerald Coast argues that it "has no more contacts with the State of Alabama than does Dr. Poppell" and that, therefore, the court's "personal jurisdiction assessment" in Ashton I regarding Dr. Poppell "is dispositive of the personal jurisdiction question over Emerald Coast."  (Doc. No. 40 ¶¶ 19, 20.)  Emerald Coast relies upon the evidence previously submitted by Dr. Poppell and also upon additional evidence which it filed contemporaneously with the filing of its presently-pending motion.  (See Doc. No. 40, Exs. A-D.)  For the reasons to follow, the court agrees with Emerald Coast.

In his amended complaint, Ashton predicates personal jurisdiction over Emerald Coast based on the fact that Emerald Coast "accepted the initial transfer of [Ashton]" and thereby hoped to profit by providing medical services to an Alabama resident.  (Am. Compl. ¶ 3.)  In his original complaint, Ashton alleged the identical factual predicate in arguing that the court could exercise personal jurisdiction over Dr. Poppell.  (See Ashton I, at 3 (Doc. No. 27).)  In Ashton I, however, the court found that the evidence demonstrated that Dr. Poppell's single, unsolicited contact with Florala Memorial Hospital and Ashton on March 12, 2004, was too isolated and attenuated to create any

5

inference that Dr. Poppell had subjected himself to the jurisdiction of a court sitting in Alabama. (Id. at 11-19.) That evidence was not contradicted by Ashton. (See id. at 4-5 (discussing a plaintiff's Rule 12(b)(2) burden).)

Although the names have changed in the amended complaint, with Ashton essentially substituting Emerald Coast in place of Dr. Poppell, the evidence points to the same conclusion reached in Ashton I. This is because the evidence establishes, without contradiction from Ashton, that Emerald Coast "had no greater . . . specific contacts with the State of Alabama," than did Dr. Poppell. (Dr. Poppell 2nd Aff. at 2 (Ex. D to Doc. No. 40).) In Ashton I, the court elaborated at length why Ashton could not demonstrate the purposeful availment requirement of the specific personal jurisdiction analysis. (See Ashton I, at 11-24 (Doc. No. 27).) The court finds that its analysis in Ashton I applies with equal force to Emerald Coast and forecloses the court from exercising specific personal jurisdiction over Emerald Coast. The court need not elaborate here upon its findings, but instead refers the reader to its opinion in Ashton I.

Ashton has not submitted *any* evidence in opposing Emerald Coast's Rule 12(b)(2) motion and, thus, the evidence analyzed in Ashton I remains uncontradicted.[3] Rather, urging the court to exercise specific personal jurisdiction over Emerald Coast, Ashton relies upon the arguments which he previously asserted in opposition to Dr. Poppell's

---

[3] The court finds that Ashton has had adequate time to conduct discovery to amass evidence in opposition to Emerald Coast's Rule 12(b)(2) motion. The Rule 26(f) scheduling conference and the court's entry of the uniform scheduling order both occurred more than seven months ago. (See Parties' Report of Rule 26(f) Planning Meeting (Doc. No. 29); (Uniform Scheduling Order (Doc. No. 30)); Fed. R. Civ. P. 26(f). Accordingly, the court finds that Ashton's motion for a stay is due to be denied.

Rule 12(b)(2) motion to dismiss. (Doc. No. 44 at 2.) In Ashton I, the court explained in detail why those arguments were not persuasive, and Ashton has not advanced any reason why the court should reconsider its ruling. (Ashton I, at 7-25.) For the same reasons, the court again rejects Ashton's arguments.

As a final effort of persuasion, Ashton cites a footnote in Ashton I in support of his argument that Emerald Coast's Rule 12(b)(2) motion should be denied because Emerald Coast has not provided *specific* evidence that it "never advertised in Alabama or attempted to solicit business from Alabama[.]" (Doc. No. 44 at 2 ¶ 2 (citing Ashton I, at 17 n.4 (Doc. No. 27).) In that footnote, the court observed that some courts have asserted personal jurisdiction over non-resident doctors who intentionally advertised their profession in the forum state. (Ashton I, at 17 n.4 (Doc. No. 27).) In Ashton I, however, the court pointed out that Ashton's original complaint was devoid of facts which suggested that Ashton was proceeding under such a theory in seeking to assert personal jurisdiction over Dr. Poppell. (See id.) The personal jurisdiction allegations in the amended complaint which pertain to Emerald Coast replicate those asserted against Dr. Poppell in the original complaint and, thus, are likewise deficient. (Cf. Compl. ¶ 4 (Doc. No. 1) with Am. Compl. ¶ 3 (Doc. No. 31).) Stated a different way, the court finds that Ashton has failed to allege in his amended complaint a prima facie case of personal jurisdiction based upon the theory that Emerald Coast advertised for business in

7

Alabama.[4]  See Meier, 288 F.3d at 1268-69; (Ashton I, at 4-5 (discussing a plaintiff's Rule 12(b)(2) burden).)

Ashton cannot amend his amended complaint by arguing in a brief a theory of personal jurisdiction which differs from the one relied upon in his amended complaint. See Payne v. Ryder System, Inc. Long Term Disability Plan, 173 F.R.D. 537, 540 (M.D. Fla. 1997) ("Courts have held that a plaintiff cannot amend a complaint through statements in a brief."); cf. Gilmour v. Gates, McDonald and Co., 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").  The court observes further that, in Ashton I, the court permitted Ashton to file an amended complaint.  (Ashton I, at 35 (Doc. No. 27).)  In doing so, Ashton added Emerald Coast as a defendant, but he did not plead, either directly or inferentially, the alternative basis for specific personal jurisdiction to which he now alludes in his brief.  Notably, in his brief, Ashton has not explained his failure to include this theory of personal jurisdiction in his amended complaint.  (See Doc. No. 44.)  Ashton also has not sought a further amendment of the complaint, and the time for

---

[4] It, therefore, is unnecessary for the court to decide whether the following attestations in Dr. Poppell's second affidavit are conclusory, as suggested by Ashton. (See Dr. Poppell 2nd Aff. at 1-2 (Ex. D to Doc. No. 40) (attesting that "Emerald Coast does not have a presence in Alabama nor does it hold itself out as attempting to attract Alabama residents"); see Meier, 288 F.3d at 1269 (holding that, when a defendant files affidavits to rebut a plaintiff's prima facie demonstration of personal jurisdiction, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction").

Ashton to seek leave to amend has now expired. (See Uniform Scheduling Order, § 4 (setting January 10, 2007, as the deadline for Ashton to amend his complaint (Doc. No. 30).) In short, the court finds that Ashton has switched theories for alleging personal jurisdiction over Emerald Coast through an improper format and in an untimely manner.

In sum, the court finds that, based upon the totality of the evidence, the requisite minimum contacts for the exercise of specific personal jurisdiction over Emerald Coast do not exist. The court, therefore, finds that Emerald Coast's Rule 12(b)(2) motion to dismiss is due to be granted.[5]

## VI. ORDER

Accordingly, it is CONSIDERED and ORDERED that Plaintiff John Ashton's motion to stay (Doc. No. 44) be and the same is hereby DENIED.

It is further CONSIDERED and ORDERED that Defendant Emerald Coast Eye Institute's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction (Doc. No. 40) be and the same is hereby GRANTED and that all claims asserted against Emerald Coast Eye Institute be and the same are hereby DISMISSED with prejudice.

A judgment in accordance with this order shall be entered separately.

Done this 24th day of May, 2007.

/s/ Ira Dement
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] Because the court finds that the Rule 12(b)(2) motion should be decided in Emerald Coast's favor, the court need not and declines to reach Emerald Coast's arguments urging dismissal under Rule 12(b)(6), see supra footnote 1. See Fed. R. Civ. P. 12(b)(6).