UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN ASHTON, | } | |
| PLAINTIFF, | } | |
| VS. | } | CIVIL ACTION NO: 2:06-CV-226-D |
| FLORALA MEMORIAL HOSPITAL; EMERALD COAST EYE INSTITUTE P.A.; BLAIRE HENSON; and RUSSELL PAGE, M.D. | } | |
| DEFENDANTS. | } | |

**PLAINTIFF'S RESPONSE TO MOTIONS FOR SUMMARY JUDGMENT**

Now comes John Ashton, Plaintiff in this action and for response to summary judgment motions filed on behalf of defendants, set down and assigns the following:

1. Prior to the filing of this action, plaintiff's counsel interviewed Jason Smith, the driver of the emergency service vehicle and learned that Mr. Smith were a qualified emergency medical provider and transporter with several years experience and extensive training.

2. Mr. Smith informed plaintiff's counsel that Florala Hospital and Dr. Page's refusal to admit Mr. Ashton, and/or provide treatment for Mr. Ashton's acute injures was unconscionable, and in violation of standards of care applicable to

emergency medical service providers. Mr. Smith was of the opinion that the refusal was the result of Mr. Ashton's inability to pay for emergency medical services. Counsel understands and believes now that Dr. Page acted properly in regards to John Ashton, because the nature of the injury sustained by Mr. Ashton required specialized treatment and surgery that Florala Hospital could not provide and no eye surgeon was available. Due to the limitations of the facilities available to Dr. Page, plaintiff is of the opinion that Dr. Page did not breach the standard of care applicable to emergency room physicians.

3. Plaintiff's counsel understood from discussions with Peter Zloty, M. D., before the filing of this action, that the time delay in treatment that elapsed from the time of Mr. Ashton's injury, would have subjected him to pain for a period of time, and that his condition needed immediate treatment.

4. Plaintiff's counsel filed this action in good faith, relying on information that had been received from health care providers. Having considered the affidavits attached as exhibits to motions for summary judgment, plaintiff is persuaded that the true facts are different from what plaintiff reasonably believed at the time of this action was filed.

Accordingly, Plaintiff respectfully requests the Court to submit on the summary judgment motion heretofore filed by defendants based on what evidentiary material is now before the Court.

THE POWELL LAW FIRM, P.C.

        By: /s/ Riley Powell
        A. Riley Powell, IV (POW029)
        Post Office Drawer 969
        Andalusia, Alabama 36420
        334/ 222-4103
        Attorney for Plaintiff

.

    /s/ Riley Powell
    Of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Tabor R. Novak, Jr., Alan Livingston, and Jack B. Hinton, Jr.

This the 21st day of May, 2007

    /s/ Riley Powell
    OF COUNSEL